**No. 14-55873 [DC 2:11-cv-09916-SJO-SS]**

_____

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

———————————————————

**Charles Nichols,**

*Plaintiff-Appellant*

**v.**

**Edmund Brown, Jr., in his official capacity as the Governor of California
and
Kamala Harris in her official capacity as the Attorney General of California**

*Defendants-Appellees.*

———————————————————

**ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
[DC 2:11-cv-09916-SJO-SS]**

———————————————————

**ADDENDUM**

———————————————————

**Charles Nichols
PO Box 1302
Redondo Beach, CA  90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per**

**ADDENDUM**

**Constitutional Provisions:**

California..................................................................................ADD1

Federal....................................................................................ADD2

**California State Legislation:**

Assembly Bill 144 (2011).........................................................ADD4

Assembly Bill 1527 (2012).......................................................ADD18

Assembly Bill 2510 (2016).......................................................ADD33

**Judicial Council of California Criminal Jury Instructions (CALCRIM 2016):**

CALCRIM 505..........................................................................ADD36

CALCRIM 506..........................................................................ADD42

CALCRIM 507..........................................................................ADD45

CALCRIM 508..........................................................................ADD48

CALCRIM 509..........................................................................ADD51

CALCRIM 2520........................................................................ADD53

CALCRIM 2521........................................................................ADD56

CALCRIM 2522........................................................................ADD60

CALCRIM 2530........................................................................ADD64

1

CALCRIM 3470.................................................................ADD68

CALCRIM 3471.................................................................ADD72

CALCRIM 3472.................................................................ADD74

CALCRIM 3474.................................................................ADD75

CALCRIM 3475.................................................................ADD76

CALCRIM 3476.................................................................ADD78

CALCRIM 3477.................................................................ADD80

**State of California Code Sections:**

California Fish and Game Code section 3004................................ADD82

California Government Code section 20....................................ADD83

California Government Code section 12010.................................ADD84

California Government Code section 12011.................................ADD85

California Government Code section 12510.................................ADD86

California Government Code section 12511.................................ADD87

California Government Code section 12550.................................ADD88

California Penal Code section 171b.......................................ADD89

California Penal Code section 171c.......................................ADD91

California Penal Code section 171d.......................................ADD93

California Penal Code section 171e.......................................ADD94

California Penal Code section 171.5..............................................................ADD95

California Penal Code section 171.7..............................................................ADD97

California Penal Code section 415..................................................................ADD99

California Penal Code section 626.9.............................................................ADD100

California Penal Code section 654................................................................ADD104

California Penal Code section 4502..............................................................ADD105

California Penal Code section 12021.5..........................................................ADD106

California Penal Code section 16025............................................................ADD108

California Penal Code section 16750............................................................ADD109

California Penal Code section 16840............................................................ADD110

California Penal Code section 17030............................................................ADD111

California Penal Code section 24510............................................................ADD112

California Penal Code section 24610............................................................ADD113

California Penal Code section 25300............................................................ADD114

California Penal Code section 25400............................................................ADD115

California Penal Code section 25605............................................................ADD117

California Penal Code section 25610............................................................ADD118

California Penal Code section 25640............................................................ADD119

California Penal Code section 25850............................................................ADD120

California Penal Code section 26040.........................................................ADD122

California Penal Code section 26060.........................................................ADD123

California Penal Code section 26150.........................................................ADD124

California Penal Code section 26155.........................................................ADD125

California Penal Code section 26160.........................................................ADD126

California Penal Code section 26165.........................................................ADD127

California Penal Code section 26170.........................................................ADD128

California Penal Code section 26175.........................................................ADD129

California Penal Code section 26180.........................................................ADD131

California Penal Code section 26185.........................................................ADD132

California Penal Code section 26190.........................................................ADD133

California Penal Code section 26195.........................................................ADD135

California Penal Code section 26200.........................................................ADD136

California Penal Code section 26202.........................................................ADD137

California Penal Code section 26205.........................................................ADD138

California Penal Code section 26210.........................................................ADD139

California Penal Code section 26215.........................................................ADD140

California Penal Code section 26220.........................................................ADD141

California Penal Code section 26225.........................................................ADD143

California Penal Code section 26350...........................................................ADD144

California Penal Code section 26366...........................................................ADD145

California Penal Code section 26400...........................................................ADD146

California Penal Code section 26405...........................................................ADD147

California Penal Code section 29610...........................................................ADD151

California Penal Code section 30000...........................................................ADD152

California Penal Code section 30310...........................................................ADD153

California Penal Code section 30605...........................................................ADD154

California Penal Code section 32625...........................................................ADD155

California Penal Code section 33850...........................................................ADD156

California Penal Code section 33865...........................................................ADD158

Cal. Const. Art. 5, § 1

The supreme executive power of this State is vested in the Governor. The Governor shall see that the law is faithfully executed.

Cal. Const. Art. 5 § 5

(a) Unless the law otherwise provides, the Governor may fill a vacancy in office by appointment until a successor qualifies.

(b) Whenever there is a vacancy in the office of the Superintendent of Public Instruction, the Lieutenant Governor, Secretary of State, Controller, Treasurer, or Attorney General, or on the State Board of Equalization, the Governor shall nominate a person to fill the vacancy who shall take office upon confirmation by a majority of the membership of the Senate and a majority of the membership of the Assembly and who shall hold office for the balance of the unexpired term. In the event the nominee is neither confirmed nor refused confirmation by both the Senate and the Assembly within 90 days of the submission of the nomination, the nominee shall take office as if he or she had been confirmed by a majority of the Senate and Assembly; provided, that if such 90-day period ends during a recess of the Legislature, the period shall be extended until the sixth day following the day on which the Legislature reconvenes.

Cal. Const. Art. 5 § 13

Subject to the powers and duties of the Governor, the Attorney General shall be the chief law officer of the State. It shall be the duty of the Attorney General to see that the laws of the State are uniformly and adequately enforced. The Attorney General shall have direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices, and may require any of said officers to make reports concerning the investigation, detection, prosecution, and punishment of crime in their respective jurisdictions as to the Attorney General may seem advisable. Whenever in the opinion of the Attorney General any law of the State is not being adequately enforced in any county, it shall be the duty of the Attorney General to prosecute any violations of law of which the superior court shall have jurisdiction, and in such cases the Attorney General shall have all the powers of a district attorney. When required by the public interest or directed by

the Governor, the Attorney General shall assist any district attorney in the discharge of the duties of that office.

U.S. Const. amend. II

A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. IV

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. XI

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend. XIV

Note: Article I, section 2, of the Constitution was modified by section 2 of the 14th amendment.

Section 1.
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Section 2.

Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice-President of the United States, Representatives in Congress, the Executive and Judicial officers of a State, or the members of the Legislature thereof, is denied to any of the male inhabitants of such State, being twenty-one years of age,* and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such State.

Section 3.

No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

Section 4.

The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

Section 5.

The Congress shall have the power to enforce, by appropriate legislation, the provisions of this article.

*Changed by section 1 of the 26th amendment.

---

ADD3

**Assembly Bill No. 144**

CHAPTER 725

An act to amend Sections 7574.14 and 7582.2 of the Business and Professions Code, and to amend Sections 16520, 16750, 16850, 25595, and 25605 of, to add Sections 626.92, 16950, 17040, 17295, 17512, and 25590 to, and to add Chapter 6 (commencing with Section 26350) to Division 5 of Title 4 of Part 6 of, the Penal Code, relating to firearms.

[Approved by Governor October 9, 2011. Filed with
Secretary of State October 9, 2011.]

LEGISLATIVE COUNSEL'S DIGEST

AB 144, Portantino. Firearms.

Existing law, subject to certain exceptions, makes it an offense to carry a concealed handgun on the person or in a vehicle, as specified. Existing law provides that firearms carried openly in belt holsters are not concealed within the meaning of those provisions.

This bill would establish an exemption to the offense for transportation of a firearm between certain areas where the firearm may be carried concealed, or loaded, or openly carried unloaded, as specified.

Existing law prohibits, with exceptions, a person from possessing a firearm in a place that the person knows or reasonably should know is a school zone, as defined.

This bill would additionally exempt a security guard authorized to openly carry an unloaded handgun and an honorably retired peace officer authorized to openly carry an unloaded handgun from that prohibition.

Existing law, subject to certain exceptions, makes it an offense to carry a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory.

The bill would, subject to exceptions, make it a misdemeanor to openly carry an unloaded handgun on the person or openly and exposed in a motor vehicle in specified public areas and would make it a misdemeanor with specified penalties to openly carry an exposed handgun in a public place or public street, as specified, if the person at the same time possesses ammunition capable of being discharged from the handgun, and the person is not in lawful possession of the handgun, as specified.

Existing law makes it a misdemeanor for any driver or owner of a motor vehicle to allow a person to bring a loaded firearm into the motor vehicle in a public place, as specified.

This bill would expand the scope of that crime to include allowing a person to bring an open and exposed unloaded handgun into the vehicle, as specified.

ADD4

By creating a new offense, and expanding the scope of existing crimes, this bill would impose a state-mandated local program.

The bill would make conforming and nonsubstantive technical changes.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that no reimbursement is required by this act for a specified reason.

*The people of the State of California do enact as follows:*

SECTION 1.   Section 7574.14 of the Business and Professions Code is amended to read:

7574.14.   This chapter shall not apply to the following:

(a)   An officer or employee of the United States of America, or of this state or a political subdivision thereof, while the officer or employee is engaged in the performance of his or her official duties, including uniformed peace officers employed part time by a public agency pursuant to a written agreement between a chief of police or sheriff and the public agency, provided the part-time employment does not exceed 50 hours in any calendar month.

(b)   A person engaged exclusively in the business of obtaining and furnishing information as to the financial rating of persons.

(c)   A charitable philanthropic society or association incorporated under the laws of this state that is organized and duly maintained for the public good and not for private profit.

(d)   Patrol special police officers appointed by the police commission of any city, county, or city and county under the express terms of its charter who also under the express terms of the charter (1) are subject to suspension or dismissal after a hearing on charges duly filed with the commission after a fair and impartial trial, (2) must be not less than 18 years of age nor more than 40 years of age, (3) must possess physical qualifications prescribed by the commission, and (4) are designated by the police commission as the owners of a certain beat or territory as may be fixed from time to time by the police commission.

(e)   An attorney at law in performing his or her duties as an attorney at law.

(f)   A collection agency or an employee thereof while acting within the scope of his or her employment, while making an investigation incidental to the business of the agency, including an investigation of the location of a debtor or his or her property where the contract with an assignor creditor is for the collection of claims owed or due or asserted to be owed or due or the equivalent thereof.

(g)   Admitted insurers and agents and insurance brokers licensed by the state, performing duties in connection with insurance transacted by them.

(h)  Any bank subject to the jurisdiction of the Commissioner of Financial Institutions of the State of California under Division 1 (commencing with Section 99) of the Financial Code or the Comptroller of Currency of the United States.

(i)  A person engaged solely in the business of securing information about persons or property from public records.

(j)  A peace officer of this state or a political subdivision thereof while the peace officer is employed by a private employer to engage in off-duty employment in accordance with Section 1126 of the Government Code. However, nothing herein shall exempt such a peace officer who either contracts for his or her services or the services of others as a private patrol operator or contracts for his or her services as or is employed as an armed private security officer. For purposes of this subdivision, "armed security officer" means an individual who carries or uses a firearm in the course and scope of that contract or employment.

(k)  A retired peace officer of the state or political subdivision thereof when the retired peace officer is employed by a private employer in employment approved by the chief law enforcement officer of the jurisdiction where the employment takes place, provided that the retired officer is in a uniform of a public law enforcement agency, has registered with the bureau on a form approved by the director, and has met any training requirements or their equivalent as established for security personnel under Section 7583.5. This officer may not carry an unloaded and exposed handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26361) of Chapter 6 of Division 5 of Title 4 of Part 6 of the Penal Code, and may not carry a loaded or concealed firearm unless he or she is exempted under the provisions of Sections 25450 to 25475, inclusive, of the Penal Code or Sections 25900 to 25910, inclusive, of the Penal Code or has met the requirements set forth in subdivision (d) of Section 26030 of the Penal Code. However, nothing herein shall exempt the retired peace officer who contracts for his or her services or the services of others as a private patrol operator.

(l)  A licensed insurance adjuster in performing his or her duties within the scope of his or her license as an insurance adjuster.

(m)  Any savings association subject to the jurisdiction of the Commissioner of Financial Institutions or the Office of Thrift Supervision.

(n)  Any secured creditor engaged in the repossession of the creditor's collateral and any lessor engaged in the repossession of leased property in which it claims an interest.

(o)  A peace officer in his or her official police uniform acting in accordance with subdivisions (c) and (d) of Section 70 of the Penal Code.

(p)  An unarmed, uniformed security person employed exclusively and regularly by a motion picture studio facility employer who does not provide contract security services for other entities or persons in connection with the affairs of that employer only and where there exists an employer-employee relationship if that person at no time carries or uses any deadly weapon, as defined in subdivision (a), in the performance of his or

her duties, which may include, but are not limited to, the following business purposes:

(1) The screening and monitoring access of employees of the same employer.

(2) The screening and monitoring access of prearranged and preauthorized invited guests.

(3) The screening and monitoring of vendors and suppliers.

(4) Patrolling the private property facilities for the safety and welfare of all who have been legitimately authorized to have access to the facility.

(q) An armored contract carrier operating armored vehicles pursuant to the authority of the Department of the California Highway Patrol or the Public Utilities Commission, or an armored vehicle guard employed by an armored contract carrier.

SEC. 2. Section 7582.2 of the Business and Professions Code is amended to read:

7582.2. This chapter does not apply to the following:

(a) A person who does not meet the requirements to be a proprietary private security officer, as defined in Section 7574.1, and is employed exclusively and regularly by any employer who does not provide contract security services for other entities or persons, in connection with the affairs of the employer only and where there exists an employer-employee relationship if that person at no time carries or uses any deadly weapon in the performance of his or her duties. For purposes of this subdivision, "deadly weapon" is defined to include any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm, any knife having a blade longer than five inches, any razor with an unguarded blade and any metal pipe or bar used or intended to be used as a club.

(b) An officer or employee of the United States of America, or of this state or a political subdivision thereof, while the officer or employee is engaged in the performance of his or her official duties, including uniformed peace officers employed part time by a public agency pursuant to a written agreement between a chief of police or sheriff and the public agency, provided the part-time employment does not exceed 50 hours in any calendar month.

(c) A person engaged exclusively in the business of obtaining and furnishing information as to the financial rating of persons.

(d) A charitable philanthropic society or association duly incorporated under the laws of this state that is organized and maintained for the public good and not for private profit.

(e) Patrol special police officers appointed by the police commission of any city, county, or city and county under the express terms of its charter who also under the express terms of the charter (1) are subject to suspension or dismissal after a hearing on charges duly filed with the commission after a fair and impartial trial, (2) must be not less than 18 years of age nor more than 40 years of age, (3) must possess physical qualifications prescribed by the commission, and (4) are designated by the police commission as the

owners of a certain beat or territory as may be fixed from time to time by the police commission.

(f) An attorney at law in performing his or her duties as an attorney at law.

(g) A collection agency or an employee thereof while acting within the scope of his or her employment, while making an investigation incidental to the business of the agency, including an investigation of the location of a debtor or his or her property where the contract with an assignor creditor is for the collection of claims owed or due or asserted to be owed or due or the equivalent thereof.

(h) Admitted insurers and agents and insurance brokers licensed by the state, performing duties in connection with insurance transacted by them.

(i) Any bank subject to the jurisdiction of the Commissioner of Financial Institutions of the State of California under Division 1 (commencing with Section 99) of the Financial Code or the Comptroller of Currency of the United States.

(j) A person engaged solely in the business of securing information about persons or property from public records.

(k) A peace officer of this state or a political subdivision thereof while the peace officer is employed by a private employer to engage in off-duty employment in accordance with Section 1126 of the Government Code. However, nothing herein shall exempt a peace officer who either contracts for his or her services or the services of others as a private patrol operator or contracts for his or her services as or is employed as an armed private security officer. For purposes of this subdivision, "armed security officer" means an individual who carries or uses a firearm in the course and scope of that contract or employment.

(*l*) A retired peace officer of the state or political subdivision thereof when the retired peace officer is employed by a private employer in employment approved by the chief law enforcement officer of the jurisdiction where the employment takes place, provided that the retired officer is in a uniform of a public law enforcement agency, has registered with the bureau on a form approved by the director, and has met any training requirements or their equivalent as established for security personnel under Section 7583.5. This officer may not carry an unloaded and exposed handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26361) of Chapter 6 of Division 5 of Title 4 of Part 6 of the Penal Code, and may not carry a loaded or concealed firearm unless he or she is exempted under the provisions of Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6 of the Penal Code or Sections 25900 to 25910, inclusive, of the Penal Code or has met the requirements set forth in subdivision (d) of Section 26030 of the Penal Code. However, nothing herein shall exempt the retired peace officer who contracts for his or her services or the services of others as a private patrol operator.

(m) A licensed insurance adjuster in performing his or her duties within the scope of his or her license as an insurance adjuster.

(n) Any savings association subject to the jurisdiction of the Commissioner of Financial Institutions or the Office of Thrift Supervision.

(o) Any secured creditor engaged in the repossession of the creditor's collateral and any lessor engaged in the repossession of leased property in which it claims an interest.

(p) A peace officer in his or her official police uniform acting in accordance with subdivisions (c) and (d) of Section 70 of the Penal Code.

(q) An unarmed, uniformed security person employed exclusively and regularly by a motion picture studio facility employer who does not provide contract security services for other entities or persons in connection with the affairs of that employer only and where there exists an employer-employee relationship if that person at no time carries or uses any deadly weapon, as defined in subdivision (a), in the performance of his or her duties, which may include, but are not limited to, the following business purposes:

(1) The screening and monitoring access of employees of the same employer.

(2) The screening and monitoring access of prearranged and preauthorized invited guests.

(3) The screening and monitoring of vendors and suppliers.

(4) Patrolling the private property facilities for the safety and welfare of all who have been legitimately authorized to have access to the facility.

(r) The changes made to this section by the act adding this subdivision during the 2005–06 Regular Session of the Legislature shall apply as follows:

(1) On and after July 1, 2006, to a person hired as a security officer on and after January 1, 2006.

(2) On and after January 1, 2007, to a person hired as a security officer before January 1, 2006.

SEC. 3. Section 626.92 is added to the Penal Code, to read:

626.92. Section 626.9 does not apply to or affect any of the following:

(a) A security guard authorized to openly carry an unloaded handgun pursuant to Chapter 6 (commencing with Section 26350) of Division 5 of Title 4 of Part 6.

(b) An honorably retired peace officer authorized to openly carry an unloaded handgun pursuant to Section 26361.

SEC. 4. Section 16520 of the Penal Code is amended to read:

16520. (a) As used in this part, "firearm" means any device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of any explosion or other form of combustion.

(b) As used in the following provisions, "firearm" includes the frame or receiver of the weapon:

(1) Section 16550.

(2) Section 16730.

(3) Section 16960.

(4) Section 16990.

(5) Section 17070.

(6) Section 17310.

— 7 —                              Ch. 725

(7)  Sections 26500 to 26588, inclusive.
(8)  Sections 26600 to 27140, inclusive.
(9)  Sections 27400 to 28000, inclusive.
(10)  Section 28100.
(11)  Sections 28400 to 28415, inclusive.
(12)  Sections 29010 to 29150, inclusive.
(13)  Sections 29610 to 29750, inclusive.
(14)  Sections 29800 to 29905, inclusive.
(15)  Sections 30150 to 30165, inclusive.
(16)  Section 31615.
(17)  Sections 31705 to 31830, inclusive.
(18)  Sections 34355 to 34370, inclusive.
(19)  Sections 8100, 8101, and 8103 of the Welfare and Institutions Code.
(c)  As used in the following provisions, "firearm" also includes any rocket, rocket propelled projectile launcher, or similar device containing any explosive or incendiary material whether or not the device is designed for emergency or distress signaling purposes:
(1)  Section 16750.
(2)  Subdivision (b) of Section 16840.
(3)  Section 25400.
(4)  Sections 25850 to 26025, inclusive.
(5)  Subdivisions (a), (b), and (c) of Section 26030.
(6)  Sections 26035 to 26055, inclusive.
(d)  As used in the following provisions, "firearm" does not include an unloaded antique firearm:
(1)  Subdivisions (a) and (c) of Section 16730.
(2)  Section 16550.
(3)  Section 16960.
(4)  Section 17310.
(5)  Chapter 6 (commencing with Section 26350) of Division 5 of Title 4.
(6)  Sections 26500 to 26588, inclusive.
(7)  Sections 26700 to 26915, inclusive.
(8)  Section 27510.
(9)  Section 27530.
(10)  Section 27540.
(11)  Section 27545.
(12)  Sections 27555 to 27570, inclusive.
(13)  Sections 29010 to 29150, inclusive.
(e)  As used in Sections 34005 and 34010, "firearm" does not include a destructive device.
(f)  As used in Sections 17280 and 24680, "firearm" has the same meaning as in Section 922 of Title 18 of the United States Code.
(g)  As used in Sections 29010 to 29150, inclusive, "firearm" includes the unfinished frame or receiver of a weapon that can be readily converted to the functional condition of a finished frame or receiver.
SEC. 5.  Section 16750 of the Penal Code is amended to read:

95

ADD10

16750. (a) As used in Section 25400, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully owns the firearm or has the permission of the lawful owner or a person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

(b) As used in Article 2 (commencing with Section 25850), Article 3 (commencing with Section 25900), and Article 4 (commencing with Section 26000) of Chapter 3 of Division 5 of Title 4, and Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully acquired and lawfully owns the firearm or has the permission of the lawful owner or person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

SEC. 6. Section 16850 of the Penal Code is amended to read:

16850. As used in Sections 17740, 23925, 25105, 25205, and 25610, in Article 3 (commencing with Section 25505) of Chapter 2 of Division 5 of Title 4, and in Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, "locked container" means a secure container that is fully enclosed and locked by a padlock, keylock, combination lock, or similar locking device. The term "locked container" does not include the utility or glove compartment of a motor vehicle.

SEC. 7. Section 16950 is added to the Penal Code, to read:

16950. As used in Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, a handgun shall be deemed to be carried openly or exposed if the handgun is not carried concealed within the meaning of Section 25400.

SEC. 8. Section 17040 is added to the Penal Code, to read:

17040. As used in Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, "public place" has the same meaning as in Section 25850.

SEC. 9. Section 17295 is added to the Penal Code, to read:

17295. For purposes of Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, a handgun shall be deemed "unloaded" if it is not "loaded" within the meaning of subdivision (b) of Section 16840.

SEC. 10. Section 17512 is added to the Penal Code, to read:

17512. It is a misdemeanor for a driver of any motor vehicle or the owner of any motor vehicle, whether or not the owner of the vehicle is occupying the vehicle, to knowingly permit any other person to carry into or bring into the vehicle a firearm in violation of Section 26350.

SEC. 11. Section 25590 is added to the Penal Code, to read:

95

25590.  Section 25400 does not apply to, or affect, the transportation of a firearm by a person if done directly between any of the places set forth below:

(a) A place where the person may carry that firearm pursuant to an exemption from the prohibition set forth in subdivision (a) of Section 25400.

(b) A place where that person may carry that firearm pursuant to an exemption from the prohibition set forth in subdivision (a) of Section 25850, or a place where the prohibition set forth in subdivision (a) of Section 25850 does not apply.

(c) A place where that person may carry a firearm pursuant to an exemption from the prohibition set forth in subdivision (a) of Section 26350, or a place where the prohibition set forth in subdivision (a) of Section 26350 does not apply.

SEC. 12.  Section 25595 of the Penal Code is amended to read:

25595.  This article does not prohibit or limit the otherwise lawful carrying or transportation of any handgun in accordance with the provisions listed in Section 16580.

SEC. 13.  Section 25605 of the Penal Code is amended to read:

25605.  (a) Section 25400 and Chapter 6 (commencing with Section 26350) of Division 5 shall not apply to or affect any citizen of the United States or legal resident over the age of 18 years who resides or is temporarily within this state, and who is not within the excepted classes prescribed by Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, who carries, either openly or concealed, anywhere within the citizen's or legal resident's place of residence, place of business, or on private property owned or lawfully possessed by the citizen or legal resident, any handgun.

(b)  No permit or license to purchase, own, possess, keep, or carry, either openly or concealed, shall be required of any citizen of the United States or legal resident over the age of 18 years who resides or is temporarily within this state, and who is not within the excepted classes prescribed by Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, to purchase, own, possess, keep, or carry, either openly or concealed, a handgun within the citizen's or legal resident's place of residence, place of business, or on private property owned or lawfully possessed by the citizen or legal resident.

(c)  Nothing in this section shall be construed as affecting the application of Sections 25850 to 26055, inclusive.

SEC. 14.  Chapter 6 (commencing with Section 26350) is added to Division 5 of Title 4 of Part 6 of the Penal Code, to read:

95

Chapter 6.  Openly Carrying an Unloaded Handgun

Article 1.  Crime of Openly Carrying an Unloaded Handgun

26350.  (a) (1) A person is guilty of openly carrying an unloaded handgun when that person carries upon his or her person an exposed and unloaded handgun outside a vehicle while in or on any of the following:

(A)  A public place or public street in an incorporated city or city and county.

(B)  A public street in a prohibited area of an unincorporated area of a county or city and county.

(C)  A public place in a prohibited area of a county or city and county.

(2)  A person is guilty of openly carrying an unloaded handgun when that person carries an exposed and unloaded handgun inside or on a vehicle, whether or not on his or her person, while in or on any of the following:

(A)  A public place or public street in an incorporated city or city and county.

(B)  A public street in a prohibited area of an unincorporated area of a county or city and county.

(C)  A public place in a prohibited area of a county or city and county.

(b)  (1)  Except as specified in paragraph (2), a violation of this section is a misdemeanor.

(2)  A violation of subparagraph (A) of paragraph (1) of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if both of the following conditions exist:

(A)  The handgun and unexpended ammunition capable of being discharged from that handgun are in the immediate possession of that person.

(B)  The person is not in lawful possession of that handgun.

(c)  (1)  Nothing in this section shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section.

(2)  The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

(d)  Notwithstanding the fact that the term "an unloaded handgun" is used in this section, each handgun shall constitute a distinct and separate offense under this section.

Article 2.  Exemptions

26361.  Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by any peace officer or any honorably retired peace officer if that officer may carry a concealed firearm pursuant to Article 2

(commencing with Section 25450) of Chapter 2, or a loaded firearm pursuant to Article 3 (commencing with Section 25900) of Chapter 3.

26362.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by any person to the extent that person may openly carry a loaded handgun pursuant to Article 4 (commencing with Section 26000) of Chapter 3.

26363.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun as merchandise by a person who is engaged in the business of manufacturing, importing, wholesaling, repairing, or dealing in firearms and who is licensed to engage in that business, or the authorized representative or authorized agent of that person, while engaged in the lawful course of the business.

26364.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a duly authorized military or civil organization, or the members thereof, while parading or while rehearsing or practicing parading, when at the meeting place of the organization.

26365.   Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a member of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while the members are using handguns upon the target ranges or incident to the use of a handgun at that target range.

26366.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a licensed hunter while engaged in hunting or while transporting that handgun when going to or returning from that hunting expedition.

26367.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to transportation of a handgun by a person operating a licensed common carrier, or by an authorized agent or employee thereof, when transported in conformance with applicable federal law.

26368.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a member of an organization chartered by the Congress of the United States or a nonprofit mutual or public benefit corporation organized and recognized as a nonprofit tax-exempt organization by the Internal Revenue Service while on official parade duty or ceremonial occasions of that organization or while rehearsing or practicing for official parade duty or ceremonial occasions.

26369.   Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun within a gun show conducted pursuant to Article 1 (commencing with Section 27200) and Article 2 (commencing with Section 27300) of Chapter 3 of Division 6.

26370.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun within a school zone, as defined in Section 626.9, with the written permission of the school district superintendent, the superintendent's designee, or equivalent school authority.

— 12 —

26371.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun when in accordance with the provisions of Section 171b.

26372.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by any person while engaged in the act of making or attempting to make a lawful arrest.

26373.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to loaning, selling, or transferring that handgun in accordance with Article 1 (commencing with Section 27500) of Chapter 4 of Division 6, or in accordance with any of the exemptions from Section 27545, so long as that handgun is possessed within private property and the possession and carrying is with the permission of the owner or lessee of that private property.

26374.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a person engaged in firearms-related activities, while on the premises of a fixed place of business that is licensed to conduct and conducts, as a regular course of its business, activities related to the sale, making, repair, transfer, pawn, or the use of firearms, or related to firearms training.

26375.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television or video production, or entertainment event, when the participant lawfully uses the handgun as part of that production or event, as part of rehearsing or practicing for participation in that production or event, or while the participant or authorized employee or agent is at that production or event, or rehearsal or practice for that production or event.

26376.   Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to obtaining an identification number or mark assigned for that handgun from the Department of Justice pursuant to Section 23910.

26377.   Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun at any established target range, whether public or private, while the person is using the handgun upon the target range.

26378.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a person when that person is summoned by a peace officer to assist in making arrests or preserving the peace, while the person is actually engaged in assisting that officer.

26379.   Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to any of the following:

(a)  Complying with Section 27560 or 27565, as it pertains to that handgun.

(b)  Section 28000, as it pertains to that handgun.

(c)  Section 27850 or 31725, as it pertains to that handgun.

95

ADD15

**Ch. 725**

(d) Complying with Section 27870 or 27875, as it pertains to that handgun.

(e) Complying with Section 27915, 27920, or 27925, as it pertains to that handgun.

26380. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to, and in the course and scope of, training of or by an individual to become a sworn peace officer as part of a course of study approved by the Commission on Peace Officer Standards and Training.

26381. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to, and in the course and scope of, training of or by an individual to become licensed pursuant to Chapter 4 (commencing with Section 26150) as part of a course of study necessary or authorized by the person authorized to issue the license pursuant to that chapter.

26382. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun incident to and at the request of a sheriff or chief or other head of a municipal police department.

26383. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a person when done within a place of business, a place of residence, or on private property, if done with the permission of a person who, by virtue of subdivision (a) of Section 25605, may carry openly an unloaded handgun within that place of business, place of residence, or on that private property owned or lawfully possessed by that person.

26384. Paragraph (1) of subdivision (a) of Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun if all of the following conditions are satisfied:

(a) The open carrying occurs at an auction or similar event of a nonprofit public benefit or mutual benefit corporation, at which firearms are auctioned or otherwise sold to fund the activities of that corporation or the local chapters of that corporation.

(b) The unloaded handgun is to be auctioned or otherwise sold for that nonprofit public benefit or mutual benefit corporation.

(c) The unloaded handgun is to be delivered by a person licensed pursuant to, and operating in accordance with, Sections 26700 to 26925, inclusive.

26385. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun pursuant to paragraph (3) of subdivision (b) of Section 171c.

26386. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun pursuant to Section 171d.

26387. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun pursuant to subparagraph (F) of paragraph (1) subdivision (c) of Section 171.7.

26388. Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun on publicly owned land, if the possession and use of

95

a handgun is specifically permitted by the managing agency of the land and the person carrying that handgun is in lawful possession of that handgun.

26389. Section 26350 does not apply to, or affect, the carrying of an unloaded handgun if the handgun is carried either in the locked trunk of a motor vehicle or in a locked container.

SEC. 15. No reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution because the only costs that may be incurred by a local agency or school district will be incurred because this act creates a new crime or infraction, eliminates a crime or infraction, or changes the penalty for a crime or infraction, within the meaning of Section 17556 of the Government Code, or changes the definition of a crime within the meaning of Section 6 of Article XIII B of the California Constitution.

O

**Assembly Bill No. 1527**

CHAPTER 700

An act to amend Sections 7574.14 and 7582.2 of the Business and Professions Code, and to amend Sections 626.92, 16520, 16750, 16850, and 17295 of, to add Sections 16505, 26366.5, 26390, and 26391 to, and to add Chapter 7 (commencing with Section 26400) to Division 5 of Title 4 of Part 6 of, the Penal Code, relating to firearms.

[Approved by Governor September 28, 2012. Filed with
Secretary of State September 28, 2012.]

LEGISLATIVE COUNSEL'S DIGEST

AB 1527, Portantino. Firearms.

Existing law prohibits, with exceptions, a person from possessing a firearm in a place that the person knows or reasonably should know is a school zone, as defined.

This bill would, additionally, exempt a security guard authorized to openly carry an unloaded firearm that is not a handgun and an honorably retired peace officer authorized to openly carry an unloaded firearm that is not a handgun from that prohibition.

Existing law, subject to certain exceptions, makes it an offense for a person to carry an exposed and unloaded handgun on his or her person outside a motor vehicle or inside or on a motor vehicle in public areas and public streets, as specified.

This bill would exempt a person from the crime of openly carrying an unloaded handgun if he or she is in compliance with specified provisions relating to carrying a handgun in an airport or the open carrying of an unloaded handgun by a licensed hunter while actually engaged in training a hunting dog or while transporting the handgun while going to or from that training.

This bill would, subject to exceptions, make it a misdemeanor for a person to carry an unloaded firearm that is not a handgun on his or her person outside a motor vehicle in an incorporated city or city and county and would make it a misdemeanor with specified penalties if a person carries an unloaded firearm that is not a handgun outside a motor vehicle in an incorporated city or city and county and the person at the same time possesses ammunition capable of being discharged from the unloaded firearm that is not a handgun, and the person is not in lawful possession of the unloaded firearm that is not a handgun, as specified.

By creating a new offense, and expanding the scope of existing crimes, this bill would impose a state-mandated local program.

The bill would make conforming technical changes.

94

ADD18

This bill would incorporate additional changes to Section 16520 of the Penal Code proposed by SB 1366, that would become operative only if SB 1366 and this bill are both enacted, both bills become effective on or before January 1, 2013, and this bill is enacted last.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that no reimbursement is required by this act for a specified reason.

*The people of the State of California do enact as follows:*

SECTION 1.  Section 7574.14 of the Business and Professions Code is amended to read:

7574.14.  This chapter shall not apply to the following:

(a)  An officer or employee of the United States of America, or of this state or a political subdivision thereof, while the officer or employee is engaged in the performance of his or her official duties, including uniformed peace officers employed part time by a public agency pursuant to a written agreement between a chief of police or sheriff and the public agency, provided the part-time employment does not exceed 50 hours in a calendar month.

(b)  A person engaged exclusively in the business of obtaining and furnishing information as to the financial rating of persons.

(c)  A charitable philanthropic society or association incorporated under the laws of this state that is organized and duly maintained for the public good and not for private profit.

(d)  Patrol special police officers appointed by the police commission of a city, county, or city and county under the express terms of its charter who also under the express terms of the charter (1) are subject to suspension or dismissal after a hearing on charges duly filed with the commission after a fair and impartial trial, (2) must be not less than 18 years of age nor more than 40 years of age, (3) must possess physical qualifications prescribed by the commission, and (4) are designated by the police commission as the owners of a certain beat or territory as may be fixed from time to time by the police commission.

(e)  An attorney at law in performing his or her duties as an attorney at law.

(f)  A collection agency or an employee thereof while acting within the scope of his or her employment, while making an investigation incidental to the business of the agency, including an investigation of the location of a debtor or his or her property where the contract with an assignor creditor is for the collection of claims owed or due or asserted to be owed or due or the equivalent thereof.

(g)  Admitted insurers and agents and insurance brokers licensed by the state, performing duties in connection with insurance transacted by them.

(h)  A bank subject to the jurisdiction of the Commissioner of Financial Institutions of the State of California under Division 1 (commencing with Section 99) of the Financial Code or the Comptroller of Currency of the United States.

(i)  A person engaged solely in the business of securing information about persons or property from public records.

(j)  A peace officer of this state or a political subdivision thereof while the peace officer is employed by a private employer to engage in off-duty employment in accordance with Section 1126 of the Government Code. However, nothing herein shall exempt such a peace officer who either contracts for his or her services or the services of others as a private patrol operator or contracts for his or her services as or is employed as an armed private security officer. For purposes of this subdivision, "armed security officer" means an individual who carries or uses a firearm in the course and scope of that contract or employment.

(k)  A retired peace officer of the state or political subdivision thereof when the retired peace officer is employed by a private employer in employment approved by the chief law enforcement officer of the jurisdiction where the employment takes place, provided that the retired officer is in a uniform of a public law enforcement agency, has registered with the bureau on a form approved by the director, and has met any training requirements or their equivalent as established for security personnel under Section 7583.5. This officer may not carry an unloaded and exposed handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26361) of Chapter 6 of Division 5 of Title 4 of Part 6 of the Penal Code, may not carry an unloaded firearm that is not a handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26405) of Chapter 7 of Division 5 of Title 4 of Part 6 of the Penal Code, and may not carry a loaded or concealed firearm unless he or she is exempted under the provisions of Sections 25450 to 25475, inclusive, of the Penal Code or Sections 25900 to 25910, inclusive, of the Penal Code or has met the requirements set forth in subdivision (d) of Section 26030 of the Penal Code. However, nothing herein shall exempt the retired peace officer who contracts for his or her services or the services of others as a private patrol operator.

(*l*)  A licensed insurance adjuster in performing his or her duties within the scope of his or her license as an insurance adjuster.

(m)  A savings association subject to the jurisdiction of the Commissioner of Financial Institutions or the Office of Thrift Supervision.

(n)  A secured creditor engaged in the repossession of the creditor's collateral and a lessor engaged in the repossession of leased property in which it claims an interest.

(o)  A peace officer in his or her official police uniform acting in accordance with subdivisions (c) and (d) of Section 70 of the Penal Code.

(p)  An unarmed, uniformed security person employed exclusively and regularly by a motion picture studio facility employer who does not provide contract security services for other entities or persons in connection with

the affairs of that employer only and where there exists an employer-employee relationship if that person at no time carries or uses a deadly weapon, as defined in subdivision (a), in the performance of his or her duties, which may include, but are not limited to, the following business purposes:

(1) The screening and monitoring access of employees of the same employer.

(2) The screening and monitoring access of prearranged and preauthorized invited guests.

(3) The screening and monitoring of vendors and suppliers.

(4) Patrolling the private property facilities for the safety and welfare of all who have been legitimately authorized to have access to the facility.

(q) An armored contract carrier operating armored vehicles pursuant to the authority of the Department of the California Highway Patrol or the Public Utilities Commission, or an armored vehicle guard employed by an armored contract carrier.

SEC. 2.   Section 7582.2 of the Business and Professions Code is amended to read:

7582.2.   This chapter does not apply to the following:

(a) A person who does not meet the requirements to be a proprietary private security officer, as defined in Section 7574.01, and is employed exclusively and regularly by an employer who does not provide contract security services for other entities or persons, in connection with the affairs of the employer only and where there exists an employer-employee relationship if that person at no time carries or uses a deadly weapon in the performance of his or her duties. For purposes of this subdivision, "deadly weapon" is defined to include an instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, a dirk, dagger, pistol, revolver, or any other firearm, a knife having a blade longer than five inches, a razor with an unguarded blade, and a metal pipe or bar used or intended to be used as a club.

(b) An officer or employee of the United States of America, or of this state or a political subdivision thereof, while the officer or employee is engaged in the performance of his or her official duties, including uniformed peace officers employed part time by a public agency pursuant to a written agreement between a chief of police or sheriff and the public agency, provided the part-time employment does not exceed 50 hours in any calendar month.

(c) A person engaged exclusively in the business of obtaining and furnishing information as to the financial rating of persons.

(d) A charitable philanthropic society or association duly incorporated under the laws of this state that is organized and maintained for the public good and not for private profit.

(e) Patrol special police officers appointed by the police commission of a city, county, or city and county under the express terms of its charter who also under the express terms of the charter (1) are subject to suspension or dismissal after a hearing on charges duly filed with the commission after a

94

fair and impartial trial, (2) must be not less than 18 years of age nor more than 40 years of age, (3) must possess physical qualifications prescribed by the commission, and (4) are designated by the police commission as the owners of a certain beat or territory as may be fixed from time to time by the police commission.

(f) An attorney at law in performing his or her duties as an attorney at law.

(g) A collection agency or an employee thereof while acting within the scope of his or her employment, while making an investigation incidental to the business of the agency, including an investigation of the location of a debtor or his or her property where the contract with an assignor creditor is for the collection of claims owed or due or asserted to be owed or due or the equivalent thereof.

(h) Admitted insurers and agents and insurance brokers licensed by the state, performing duties in connection with insurance transacted by them.

(i) A bank subject to the jurisdiction of the Commissioner of Financial Institutions of the State of California under Division 1 (commencing with Section 99) of the Financial Code or the Comptroller of the Currency of the United States.

(j) A person engaged solely in the business of securing information about persons or property from public records.

(k) A peace officer of this state or a political subdivision thereof while the peace officer is employed by a private employer to engage in off-duty employment in accordance with Section 1126 of the Government Code. However, nothing herein shall exempt a peace officer who either contracts for his or her services or the services of others as a private patrol operator or contracts for his or her services as or is employed as an armed private security officer. For purposes of this subdivision, "armed security officer" means an individual who carries or uses a firearm in the course and scope of that contract or employment.

(*l*) A retired peace officer of the state or political subdivision thereof when the retired peace officer is employed by a private employer in employment approved by the chief law enforcement officer of the jurisdiction where the employment takes place, provided that the retired officer is in a uniform of a public law enforcement agency, has registered with the bureau on a form approved by the director, and has met any training requirements or their equivalent as established for security personnel under Section 7583.5. This officer may not carry an unloaded and exposed handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26361) of Chapter 6 of Division 5 of Title 4 of Part 6 of the Penal Code, may not carry an unloaded firearm that is not a handgun unless he or she is exempted under the provisions of Article 2 (commencing with Section 26405) of Chapter 7 of Division 5 of Title 4 of Part 6 of the Penal Code, and may not carry a loaded or concealed firearm unless he or she is exempted under the provisions of Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6 of the Penal Code or Sections 25900 to 25910, inclusive, of the Penal Code or has met the requirements

94

set forth in subdivision (d) of Section 26030 of the Penal Code. However, nothing herein shall exempt the retired peace officer who contracts for his or her services or the services of others as a private patrol operator.

(m)  A licensed insurance adjuster in performing his or her duties within the scope of his or her license as an insurance adjuster.

(n)  A savings association subject to the jurisdiction of the Commissioner of Financial Institutions or the Office of Thrift Supervision.

(o)  A secured creditor engaged in the repossession of the creditor's collateral and a lessor engaged in the repossession of leased property in which it claims an interest.

(p)  A peace officer in his or her official police uniform acting in accordance with subdivisions (c) and (d) of Section 70 of the Penal Code.

(q)  An unarmed, uniformed security person employed exclusively and regularly by a motion picture studio facility employer who does not provide contract security services for other entities or persons in connection with the affairs of that employer only and where there exists an employer-employee relationship if that person at no time carries or uses a deadly weapon, as defined in subdivision (a), in the performance of his or her duties, which may include, but are not limited to, the following business purposes:

(1)  The screening and monitoring access of employees of the same employer.

(2)  The screening and monitoring access of prearranged and preauthorized invited guests.

(3)  The screening and monitoring of vendors and suppliers.

(4)  Patrolling the private property facilities for the safety and welfare of all who have been legitimately authorized to have access to the facility.

(r)  The changes made to this section by the act adding this subdivision during the 2005–06 Regular Session of the Legislature shall apply as follows:

(1)  On and after July 1, 2006, to a person hired as a security officer on and after January 1, 2006.

(2)  On and after January 1, 2007, to a person hired as a security officer before January 1, 2006.

SEC. 3.  Section 626.92 of the Penal Code is amended to read:

626.92.  Section 626.9 does not apply to or affect any of the following:

(a)  A security guard authorized to openly carry an unloaded handgun pursuant to Chapter 6 (commencing with Section 26350) of Division 5 of Title 4 of Part 6.

(b)  An honorably retired peace officer authorized to openly carry an unloaded handgun pursuant to Section 26361.

(c)  A security guard authorized to openly carry an unloaded firearm that is not a handgun pursuant to Chapter 7 (commencing with Section 26400) of Division 5 of Title 4 of Part 6.

(d)  An honorably retired peace officer authorized to openly carry an unloaded firearm that is not a handgun pursuant to Section 26405.

SEC. 4.  Section 16505 is added to the Penal Code, to read:

94

**Ch. 700**

16505.  For purposes of Chapter 7 (commencing with Section 26400) of Division 5 of Title 4, a firearm is "encased" when that firearm is enclosed in a case that is expressly made for the purpose of containing a firearm and that is completely zipped, snapped, buckled, tied, or otherwise fastened with no part of that firearm exposed.

SEC. 5.  Section 16520 of the Penal Code is amended to read:

16520.  (a)  As used in this part, "firearm" means a device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of an explosion or other form of combustion.

(b)  As used in the following provisions, "firearm" includes the frame or receiver of the weapon:

(1)  Section 16550.

(2)  Section 16730.

(3)  Section 16960.

(4)  Section 16990.

(5)  Section 17070.

(6)  Section 17310.

(7)  Sections 26500 to 26588, inclusive.

(8)  Sections 26600 to 27140, inclusive.

(9)  Sections 27400 to 28000, inclusive.

(10)  Section 28100.

(11)  Sections 28400 to 28415, inclusive.

(12)  Sections 29010 to 29150, inclusive.

(13)  Sections 29610 to 29750, inclusive.

(14)  Sections 29800 to 29905, inclusive.

(15)  Sections 30150 to 30165, inclusive.

(16)  Section 31615.

(17)  Sections 31705 to 31830, inclusive.

(18)  Sections 34355 to 34370, inclusive.

(19)  Sections 8100, 8101, and 8103 of the Welfare and Institutions Code.

(c)  As used in the following provisions, "firearm" also includes a rocket, rocket propelled projectile launcher, or similar device containing an explosive or incendiary material, whether or not the device is designed for emergency or distress signaling purposes:

(1)  Section 16750.

(2)  Subdivision (b) of Section 16840.

(3)  Section 25400.

(4)  Sections 25850 to 26025, inclusive.

(5)  Subdivisions (a), (b), and (c) of Section 26030.

(6)  Sections 26035 to 26055, inclusive.

(d)  As used in the following provisions, "firearm" does not include an unloaded antique firearm:

(1)  Subdivisions (a) and (c) of Section 16730.

(2)  Section 16550.

(3)  Section 16960.

(4)  Section 17310.

94

ADD24

(5) Chapter 6 (commencing with Section 26350) of Division 5 of Title 4.

(6) Chapter 7 (commencing with Section 26400) of Division 5 of Title 4.

(7) Sections 26500 to 26588, inclusive.

(8) Sections 26700 to 26915, inclusive.

(9) Section 27510.

(10) Section 27530.

(11) Section 27540.

(12) Section 27545.

(13) Sections 27555 to 27570, inclusive.

(14) Sections 29010 to 29150, inclusive.

(e) As used in Sections 34005 and 34010, "firearm" does not include a destructive device.

(f) As used in Sections 17280 and 24680, "firearm" has the same meaning as in Section 922 of Title 18 of the United States Code.

(g) As used in Sections 29010 to 29150, inclusive, "firearm" includes the unfinished frame or receiver of a weapon that can be readily converted to the functional condition of a finished frame or receiver.

SEC. 5.5. Section 16520 of the Penal Code is amended to read:

16520. (a) As used in this part, "firearm" means a device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of an explosion or other form of combustion.

(b) As used in the following provisions, "firearm" includes the frame or receiver of the weapon:

(1) Section 16550.

(2) Section 16730.

(3) Section 16960.

(4) Section 16990.

(5) Section 17070.

(6) Section 17310.

(7) Sections 25250 to 25256, inclusive.

(8) Sections 26500 to 26588, inclusive.

(9) Sections 26600 to 27140, inclusive.

(10) Sections 27400 to 28000, inclusive.

(11) Section 28100.

(12) Sections 28400 to 28415, inclusive.

(13) Sections 29010 to 29150, inclusive.

(14) Sections 29610 to 29750, inclusive.

(15) Sections 29800 to 29905, inclusive.

(16) Sections 30150 to 30165, inclusive.

(17) Section 31615.

(18) Sections 31705 to 31830, inclusive.

(19) Sections 34355 to 34370, inclusive.

(20) Sections 8100, 8101, and 8103 of the Welfare and Institutions Code.

(c) As used in the following provisions, "firearm" also includes a rocket, rocket propelled projectile launcher, or similar device containing an

94

explosive or incendiary material, whether or not the device is designed for emergency or distress signaling purposes:

(1)  Section 16750.

(2)  Subdivision (b) of Section 16840.

(3)  Section 25400.

(4)  Sections 25850 to 26025, inclusive.

(5)  Subdivisions (a), (b), and (c) of Section 26030.

(6)  Sections 26035 to 26055, inclusive.

(d)  As used in the following provisions, "firearm" does not include an unloaded antique firearm:

(1)  Subdivisions (a) and (c) of Section 16730.

(2)  Section 16550.

(3)  Section 16960.

(4)  Section 17310.

(5)  Sections 25250 to 25256, inclusive.

(6)  Chapter 6 (commencing with Section 26350) of Division 5 of Title 4.

(7)  Chapter 7 (commencing with Section 26400) of Division 5 of Title 4.

(8)  Sections 26500 to 26588, inclusive.

(9)  Sections 26700 to 26915, inclusive.

(10)  Section 27510.

(11)  Section 27530.

(12)  Section 27540.

(13)  Section 27545.

(14)  Sections 27555 to 27570, inclusive.

(15)  Sections 29010 to 29150, inclusive.

(e)  As used in Sections 34005 and 34010, "firearm" does not include a destructive device.

(f)  As used in Sections 17280 and 24680, "firearm" has the same meaning as in Section 922 of Title 18 of the United States Code.

(g)  As used in Sections 29010 to 29150, inclusive, "firearm" includes the unfinished frame or receiver of a weapon that can be readily converted to the functional condition of a finished frame or receiver.

SEC. 6.   Section 16750 of the Penal Code is amended to read:

16750.  (a)  As used in Section 25400, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully owns the firearm or has the permission of the lawful owner or a person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

(b)  As used in Article 2 (commencing with Section 25850), Article 3 (commencing with Section 25900), and Article 4 (commencing with Section 26000) of Chapter 3 of Division 5 of Title 4, Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, and Chapter 7 (commencing with Section 26400) of Division 5 of Title 4, "lawful possession of the firearm"

means that the person who has possession or custody of the firearm either lawfully acquired and lawfully owns the firearm or has the permission of the lawful owner or person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

SEC. 7.   Section 16850 of the Penal Code is amended to read:

16850.   As used in Sections 17740, 23925, 25105, 25205, and 25610, in Article 3 (commencing with Section 25505) of Chapter 2 of Division 5 of Title 4, in Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, and in Chapter 7 (commencing with Section 26400) of Division 5 of Title 4, "locked container" means a secure container that is fully enclosed and locked by a padlock, keylock, combination lock, or similar locking device. The term "locked container" does not include the utility or glove compartment of a motor vehicle.

SEC. 8.   Section 17295 of the Penal Code is amended to read:

17295.   (a)   For purposes of Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, a handgun shall be deemed "unloaded" if it is not "loaded" within the meaning of subdivision (b) of Section 16840.

(b)   For purposes of Chapter 7 (commencing with Section 26400) of Division 5 of Title 4, a firearm that is not a handgun shall be deemed "unloaded" if it is not "loaded" within the meaning of subdivision (b) of Section 16840.

SEC. 9.   Section 26366.5 is added to the Penal Code, to read:

26366.5.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a licensed hunter while actually engaged in training a dog for the purpose of using the dog in hunting that is not prohibited by law, or while transporting the firearm while going to or returning from that training.

SEC. 10.   Section 26390 is added to the Penal Code, to read:

26390.   Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun in any of the following circumstances:

(a)   The open carrying of an unloaded handgun that is regulated pursuant to Chapter 1 (commencing with Section 18710) of Division 5 of Title 2 by a person who holds a permit issued pursuant to Article 3 (commencing with Section 18900) of that chapter, if the carrying of that handgun is conducted in accordance with the terms and conditions of the permit.

(b)   The open carrying of an unloaded handgun that is regulated pursuant to Chapter 2 (commencing with Section 30500) of Division 10 by a person who holds a permit issued pursuant to Section 31005, if the carrying of that handgun is conducted in accordance with the terms and conditions of the permit.

(c)   The open carrying of an unloaded handgun that is regulated pursuant to Chapter 6 (commencing with Section 32610) of Division 10 by a person who holds a permit issued pursuant to Section 32650, if the carrying is conducted in accordance with the terms and conditions of the permit.

94

(d)  The open carrying of an unloaded handgun that is regulated pursuant to Article 2 (commencing with Section 33300) of Chapter 8 of Division 10 by a person who holds a permit issued pursuant to Section 33300, if the carrying of that handgun is conducted in accordance with the terms and conditions of the permit.

SEC. 11.  Section 26391 is added to the Penal Code, to read:

26391.  Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun when done in accordance with the provisions of subdivision (d) of Section 171.5.

SEC. 12.  Chapter 7 (commencing with Section 26400) is added to Division 5 of Title 4 of Part 6 of the Penal Code, to read:

## CHAPTER 7.  CARRYING AN UNLOADED FIREARM THAT IS NOT A HANDGUN IN AN INCORPORATED CITY OR CITY AND COUNTY

### Article 1.  Crime of Carrying an Unloaded Firearm that is not a Handgun in an Incorporated City or City and County

26400.  (a)  A person is guilty of carrying an unloaded firearm that is not a handgun in an incorporated city or city and county when that person carries upon his or her person an unloaded firearm that is not a handgun outside a vehicle while in the incorporated city or city and county.

(b)  (1)  Except as specified in paragraph (2), a violation of this section is a misdemeanor.

(2)  A violation of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if the firearm and unexpended ammunition capable of being discharged from that firearm are in the immediate possession of the person and the person is not in lawful possession of that firearm.

(c)  (1)  Nothing in this section shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section.

(2)  The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

(d)  Notwithstanding the fact that the term "an unloaded firearm that is not a handgun" is used in this section, each individual firearm shall constitute a distinct and separate offense under this section.

### Article 2.  Exemptions

26405.  Section 26400 does not apply to, or affect, the carrying of an unloaded firearm that is not a handgun in any of the following circumstances:

94

(a) By a person when done within a place of business, a place of residence, or on private property, if that person, by virtue of subdivision (a) of Section 25605, may carry a firearm within that place of business, place of residence, or on that private property owned or lawfully possessed by that person.

(b) By a person when done within a place of business, a place of residence, or on private property, if done with the permission of a person who, by virtue of subdivision (a) of Section 25605, may carry a firearm within that place of business, place of residence, or on that private property owned or lawfully possessed by that person.

(c) When the firearm is either in a locked container or encased and it is being transported directly between places where a person is not prohibited from possessing that firearm and the course of travel shall include only those deviations between authorized locations as are reasonably necessary under the circumstances.

(d) If the person possessing the firearm reasonably believes that he or she is in grave danger because of circumstances forming the basis of a current restraining order issued by a court against another person or persons who has or have been found to pose a threat to his or her life or safety. This paragraph may not apply when the circumstances involve a mutual restraining order issued pursuant to Division 10 (commencing with Section 6200) of the Family Code absent a factual finding of a specific threat to the person's life or safety. Upon a trial for violating subdivision (a), the trier of fact shall determine whether the defendant was acting out of a reasonable belief that he or she was in grave danger.

(e) By a peace officer or an honorably retired peace officer if that officer may carry a concealed firearm pursuant to Article 2 (commencing with Section 25450) of Chapter 2, or a loaded firearm pursuant to Article 3 (commencing with Section 25900) of Chapter 3.

(f) By a person to the extent that person may openly carry a loaded firearm that is not a handgun pursuant to Article 4 (commencing with Section 26000) of Chapter 3.

(g) As merchandise by a person who is engaged in the business of manufacturing, importing, wholesaling, repairing, or dealing in firearms and who is licensed to engage in that business, or the authorized representative or authorized agent of that person, while engaged in the lawful course of the business.

(h) By a duly authorized military or civil organization, or the members thereof, while parading or while rehearsing or practicing parading, when at the meeting place of the organization.

(i) By a member of a club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while the members are using handguns upon the target ranges or incident to the use of a firearm that is not a handgun at that target range.

(j) By a licensed hunter while engaged in hunting or while transporting that firearm when going to or returning from that hunting expedition.

94

**Ch. 700**

(k) Incident to transportation of a handgun by a person operating a licensed common carrier, or by an authorized agent or employee thereof, when transported in conformance with applicable federal law.

(*l*) By a member of an organization chartered by the Congress of the United States or a nonprofit mutual or public benefit corporation organized and recognized as a nonprofit tax-exempt organization by the Internal Revenue Service while on official parade duty or ceremonial occasions of that organization or while rehearsing or practicing for official parade duty or ceremonial occasions.

(m) Within a gun show conducted pursuant to Article 1 (commencing with Section 27200) and Article 2 (commencing with Section 27300) of Chapter 3 of Division 6.

(n) Within a school zone, as defined in Section 626.9, with the written permission of the school district superintendent, the superintendent's designee, or equivalent school authority.

(o) When in accordance with the provisions of Section 171b.

(p) By a person while engaged in the act of making or attempting to make a lawful arrest.

(q) By a person engaged in firearms-related activities, while on the premises of a fixed place of business that is licensed to conduct and conducts, as a regular course of its business, activities related to the sale, making, repair, transfer, pawn, or the use of firearms, or related to firearms training.

(r) By an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television or video production, or entertainment event, when the participant lawfully uses that firearm as part of that production or event, as part of rehearsing or practicing for participation in that production or event, or while the participant or authorized employee or agent is at that production or event, or rehearsal or practice for that production or event.

(s) Incident to obtaining an identification number or mark assigned for that firearm from the Department of Justice pursuant to Section 23910.

(t) At an established public target range while the person is using that firearm upon that target range.

(u) By a person when that person is summoned by a peace officer to assist in making arrests or preserving the peace, while the person is actually engaged in assisting that officer.

(v) Incident to any of the following:

(1) Complying with Section 27560 or 27565, as it pertains to that firearm.

(2) Section 28000, as it pertains to that firearm.

(3) Section 27850 or 31725, as it pertains to that firearm.

(4) Complying with Section 27870 or 27875, as it pertains to that firearm.

(5) Complying with Section 27915, 27920, or 27925, as it pertains to that firearm.

(w) Incident to, and in the course and scope of, training of, or by an individual to become a sworn peace officer as part of a course of study approved by the Commission on Peace Officer Standards and Training.

94

(x) Incident to, and in the course and scope of, training of, or by an individual to become licensed pursuant to Chapter 4 (commencing with Section 26150) as part of a course of study necessary or authorized by the person authorized to issue the license pursuant to that chapter.

(y) Incident to and at the request of a sheriff, chief, or other head of a municipal police department.

(z) If all of the following conditions are satisfied:

(1) The open carrying occurs at an auction or similar event of a nonprofit public benefit or mutual benefit corporation at which firearms are auctioned or otherwise sold to fund the activities of that corporation or the local chapters of that corporation.

(2) The unloaded firearm that is not a handgun is to be auctioned or otherwise sold for that nonprofit public benefit or mutual benefit corporation.

(3) The unloaded firearm that is not a handgun is to be delivered by a person licensed pursuant to, and operating in accordance with, Sections 26700 to 26925, inclusive.

(aa) Pursuant to paragraph (3) of subdivision (b) of Section 171c.

(ab) Pursuant to Section 171d.

(ac) Pursuant to subparagraph (F) of paragraph (1) of subdivision (c) of Section 171.7.

(ad) On publicly owned land, if the possession and use of unloaded firearm that is not a handgun is specifically permitted by the managing agency of the land and the person carrying that firearm is in lawful possession of that firearm.

(ae) By any of the following:

(1) The carrying of an unloaded firearm that is not a handgun that is regulated pursuant to Chapter 1 (commencing with Section 18710) of Division 5 of Title 2 by a person who holds a permit issued pursuant to Article 3 (commencing with Section 18900) of that chapter, if the carrying of that firearm is conducted in accordance with the terms and conditions of the permit.

(2) The carrying of an unloaded firearm that is not a handgun that is regulated pursuant to Chapter 2 (commencing with Section 30500) of Division 10 by a person who holds a permit issued pursuant to Section 31005, if the carrying of that firearm is conducted in accordance with the terms and conditions of the permit.

(3) The carrying of an unloaded firearm that is not a handgun that is regulated pursuant to Chapter 6 (commencing with Section 32610) of Division 10 by a person who holds a permit issued pursuant to Section 32650, if the carrying of that firearm is conducted in accordance with the terms and conditions of the permit.

(4) The carrying of an unloaded firearm that is not a handgun that is regulated pursuant to Article 2 (commencing with Section 33300) of Chapter 8 of Division 10 by a person who holds a permit issued pursuant to Section 33300, if the carrying of that firearm is conducted in accordance with the terms and conditions of the permit.

(af)  By a licensed hunter while actually engaged in training a dog for the purpose of using the dog in hunting that is not prohibited by law, or while transporting the firearm while going to or returning from that training.

(ag)  Pursuant to the provisions of subdivision (d) of Section 171.5.

(ah)  By a person who is engaged in the business of manufacturing ammunition and who is licensed to engage in that business, or the authorized representative or authorized agent of that person, while the firearm is being used in the lawful course and scope of the licensee's activities as a person licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and regulations issued pursuant thereto.

(ai)  On the navigable waters of this state that are held in public trust, if the possession and use of an unloaded firearm that is not a handgun is not prohibited by the managing agency thereof and the person carrying the firearm is in lawful possession of the firearm.

SEC. 13.  Section 5.5 of this bill incorporates amendments to Section 16520 of the Penal Code proposed by both this bill and Senate Bill 1366. It shall only become operative if (1) both bills are enacted and become effective on or before January 1, 2013, (2) each bill amends Section 16520 of the Penal Code, and (3) this bill is enacted after Senate Bill 1366, in which case Section 5 of this bill shall not become operative.

SEC. 14.  No reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution because the only costs that may be incurred by a local agency or school district will be incurred because this act creates a new crime or infraction, eliminates a crime or infraction, or changes the penalty for a crime or infraction, within the meaning of Section 17556 of the Government Code, or changes the definition of a crime within the meaning of Section 6 of Article XIII B of the California Constitution.

O



STATE OF CALIFORNIA
LEGISLATIVE COUNSEL BUREAU
AUTHENTICATED
ELECTRONIC LEGAL MATERIAL

## Assembly Bill No. 2510

### CHAPTER 645

An act to amend Section 26175 of the Penal Code, relating to firearms.

[Approved by Governor September 26, 2016. Filed with
Secretary of State September 26, 2016.]

LEGISLATIVE COUNSEL'S DIGEST

AB 2510, Linder. Firearms: license to carry concealed: uniform license.

Existing law authorizes the sheriff of a county or a chief or other head of a municipal police department of a city or a city and county to issue a license to carry a concealed firearm upon proof that the person applying for the license is of good moral character, that good cause exists for the issuance, that the applicant satisfies specified residency requirements, and that the applicant has completed a course of specified training.

Existing law requires that licenses and applications for licenses be uniform throughout the state and be submitted upon forms prescribed by the Attorney General.

This bill would require the Attorney General to develop a uniform license that may be used as indicia of proof of licensure throughout the state. The bill would require the Attorney General to approve the use of licenses issued by local agencies that contain specified information, including a recent photograph of the applicant. The bill would require the Attorney General to retain exemplars of approved licenses and maintain a list of agencies issuing local licenses. The bill would create a committee comprised of representatives from the California State Sheriffs' Association, California Police Chiefs Association, and the Department of Justice to review and revise the uniform licenses, as specified.

*The people of the State of California do enact as follows:*

SECTION 1.   Section 26175 of the Penal Code is amended to read:

26175.   (a) (1) Applications for licenses and applications for amendments to licenses under this article shall be uniform throughout the state, upon forms to be prescribed by the Attorney General.

(2)  The Attorney General shall convene a committee composed of one representative of the California State Sheriffs' Association, one representative of the California Police Chiefs Association, and one representative of the Department of Justice to review, and, as deemed appropriate, revise the standard application form for licenses. The committee shall meet for this purpose if two of the committee's members deem that necessary.

96

(3) (A) The Attorney General shall develop a uniform license that may be used as indicia of proof of licensure throughout the state.

(B) The Attorney General shall approve the use of licenses issued by local agencies that contain all the information required in subdivision (i), including a recent photograph of the applicant, and are deemed to be in substantial compliance with standards developed by the committee described in subparagraph (C), if developed, as they relate to the physical dimensions and general appearance of the licenses. The Attorney General shall retain exemplars of approved licenses and shall maintain a list of agencies issuing local licenses. Approved licenses may be used as indicia of proof of licensure under this chapter in lieu of the uniform license developed by the Attorney General.

(C) A committee composed of two representatives of the California State Sheriffs' Association, two representatives of the California Police Chiefs Association, and one representative of the Department of Justice shall convene to review and revise, as the committee deems appropriate, the design standard for licenses issued by local agencies that may be used as indicia of proof of licensure throughout the state, provided that the design standard meets the requirements of subparagraph (B). The committee shall meet for this purpose if two of the committee's members deem it necessary.

(b) The application shall include a section summarizing the requirements of state law that result in the automatic denial of a license.

(c) The standard application form for licenses described in subdivision (a) shall require information from the applicant, including, but not limited to, the name, occupation, residence, and business address of the applicant, the applicant's age, height, weight, color of eyes and hair, and reason for desiring a license to carry the weapon.

(d) Applications for licenses shall be filed in writing and signed by the applicant.

(e) Applications for amendments to licenses shall be filed in writing and signed by the applicant, and shall state what type of amendment is sought pursuant to Section 26215 and the reason for desiring the amendment.

(f) The forms shall contain a provision whereby the applicant attests to the truth of statements contained in the application.

(g) An applicant shall not be required to complete any additional application or form for a license, or to provide any information other than that necessary to complete the standard application form described in subdivision (a), except to clarify or interpret information provided by the applicant on the standard application form.

(h) The standard application form described in subdivision (a) is deemed to be a local form expressly exempt from the requirements of the Administrative Procedure Act (Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code).

(i) Any license issued upon the application shall set forth the licensee's name, occupation, residence and business address, the licensee's age, height, weight, color of eyes and hair, and the reason for desiring a license to carry the weapon, and shall, in addition, contain a description of the weapon or

96

**Ch. 645**

weapons authorized to be carried, giving the name of the manufacturer, the serial number, and the caliber. The license issued to the licensee may be laminated.

O

96

ADD35

# B.   JUSTIFICATIONS AND EXCUSES

## 505.  Justifiable Homicide: Self-Defense or Defense of Another

---

The defendant is not guilty of (murder/ [or] manslaughter/ attempted murder/ [or] attempted voluntary manslaughter) if (he/she) was justified in (killing/attempting to kill) someone in (self-defense/ [or] defense of another). The defendant acted in lawful (self-defense/ [or] defense of another) if:

1.  **The defendant reasonably believed that (he/she/ [or] someone else/ [or] _____ <insert name or description of third party>) was in imminent danger of being killed or suffering great bodily injury [or was in imminent danger of being (raped/maimed/robbed/ _____ <insert other forcible and atrocious crime>)];**

2.  **The defendant reasonably believed that the immediate use of deadly force was necessary to defend against that danger;**

   **AND**

3.  **The defendant used no more force than was reasonably necessary to defend against that danger.**

Belief in future harm is not sufficient, no matter how great or how likely the harm is believed to be. The defendant must have believed there was imminent danger of death or great bodily injury to (himself/herself/ [or] someone else). Defendant's belief must have been reasonable and (he/she) must have acted only because of that belief. The defendant is only entitled to use that amount of force that a reasonable person would believe is necessary in the same situation. If the defendant used more force than was reasonable, the [attempted] killing was not justified.

When deciding whether the defendant's beliefs were reasonable, consider all the circumstances as they were known to and appeared to the defendant and consider what a reasonable person in a similar situation with similar knowledge would have believed. If the defendant's beliefs were reasonable, the danger does not need to have actually existed.

[The defendant's belief that (he/she/ [or] someone else) was threatened may be reasonable even if (he/she) relied on information that was not true. However, the defendant must actually and reasonably have believed that the information was true.]

[If you find that _____ <insert name of decedent/victim>

ADD36

threatened or harmed the defendant [or others] in the past, you may consider that information in deciding whether the defendant's conduct and beliefs were reasonable.]

[If you find that the defendant knew that _____ <*insert name of decedent/victim*> had threatened or harmed others in the past, you may consider that information in deciding whether the defendant's conduct and beliefs were reasonable.]

[Someone who has been threatened or harmed by a person in the past, is justified in acting more quickly or taking greater self-defense measures against that person.]

[If you find that the defendant received a threat from someone else that (he/she) reasonably associated with _____ <*insert name of decedent/victim*>, you may consider that threat in deciding whether the defendant was justified in acting in (self-defense/ [or] defense of another).]

[A defendant is not required to retreat. He or she is entitled to stand his or her ground and defend himself or herself and, if reasonably necessary, to pursue an assailant until the danger of (death/great bodily injury/ _____ <*insert forcible and atrocious crime*>) has passed. This is so even if safety could have been achieved by retreating.]

[*Great bodily injury* means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm.]

The People have the burden of proving beyond a reasonable doubt that the [attempted] killing was not justified. If the People have not met this burden, you must find the defendant not guilty of (murder/ [or] manslaughter/ attempted murder/ [or] attempted voluntary manslaughter).

---

*New January 2006; Revised February 2012, August 2012*

## BENCH NOTES

*Instructional Duty*

The court has a **sua sponte** duty to instruct on self-defense when "it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case." (*People v. Breverman* (1998) 19 Cal.4th 142, 157 [77 Cal.Rtpr.2d 870, 960 P.2d 1094] [addressing duty to instruct on voluntary manslaughter as lesser included offense, but also discussing duty to instruct on defenses generally]; see also *People v. Lemus* (1988) 203 Cal.App.3d 470, 478 [249 Cal.Rptr. 897] [if substantial evidence of self-defense exists, court must instruct sua sponte and let jury decide credibility of witnesses].)

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**HOMICIDE**                                                    **CALCRIM No. 505**

If there is substantial evidence of self-defense that is inconsistent with the defendant's testimony, the court must ascertain whether the defendant wants an instruction on self-defense. (*People v. Breverman, supra,* 19 Cal.4th at p. 156.) The court is then required to give the instruction if the defendant so requests. (*People v. Elize* (1999) 71 Cal.App.4th 605, 611–615 [84 Cal.Rptr.2d 35].)

On defense request and when supported by sufficient evidence, the court must instruct that the jury may consider the effect of "antecedent threats and assaults against the defendant on the reasonableness of defendant's conduct." (*People v. Garvin* (2003) 110 Cal.App.4th 484, 488 [1 Cal.Rptr.3d 774].) The court must also instruct that the jury may consider previous threats or assaults by the aggressor against someone else or threats received by the defendant from a third party that the defendant reasonably associated with the aggressor. (See *People v. Pena* (1984) 151 Cal.App.3d 462, 475 [198 Cal.Rptr. 819]; *People v. Minifie* (1996) 13 Cal.4th 1055, 1065, 1068 [56 Cal.Rptr.2d 133, 920 P.2d 1337].)

Forcible and atrocious crimes are generally those crimes whose character and manner reasonably create a fear of death or serious bodily harm. (*People v. Ceballos* (1974) 12 Cal.3d 470, 479 [116 Cal.Rptr. 233, 526 P.2d 241].) The following crimes have been deemed forcible and atrocious as a matter of law: murder, mayhem, rape, and robbery. (*Id.* at p. 478.) If the defendant is asserting that he or she was resisting the commission of one of these felonies or another specific felony, the court should include the bracketed language at the end of element 1 and select "raped," "maimed," or "robbed," or insert another appropriate forcible and atrocious crime. In all other cases involving death or great bodily injury, the court should use element 1 without the bracketed language.

**Related Instructions**

CALCRIM Nos. 506–511, Justifiable and Excusable Homicides.

CALCRIM Nos. 3470–3477, Defense Instructions: Defense of Self, Another, Property.

CALCRIM No. 571, *Voluntary Manslaughter: Imperfect Self-Defense Defense or Imperfect Defense of Another—Lesser Included Offense*.

## AUTHORITY

- Justifiable Homicide.   Pen. Code, §§ 197–199.
- Fear.   Pen. Code, § 198.
- Lawful Resistance.   Pen. Code, §§ 692–694.
- Burden of Proof.   Pen. Code, § 189.5; *People v. Banks* (1976) 67 Cal.App.3d 379, 383–384 [137 Cal.Rptr. 652].
- Elements.   *People v. Humphrey* (1996) 13 Cal.4th 1073, 1082 [56 Cal.Rptr.2d 142, 921 P.2d 1].
- Forcible and Atrocious Crimes.   *People v. Ceballos* (1974) 12 Cal.3d 470, 478–479 [116 Cal.Rptr. 233, 526 P.2d 241].
- Imminence.   *People v. Aris* (1989) 215 Cal.App.3d 1178, 1187 [264 Cal.Rptr.

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**CALCRIM No. 505**                                                    **HOMICIDE**

167], overruled on other grounds in *People v. Humphrey* (1996) 13 Cal.4th
1073, 1089 [56 Cal.Rptr.2d 142].

- No Duty to Retreat.    *People v. Hughes* (1951) 107 Cal.App.2d 487, 493 [237
  P.2d 64]; *People v. Hatchett* (1942) 56 Cal.App.2d 20, 22 [132 P.2d 51].

- Reasonable Belief.    *People v. Humphrey* (1996) 13 Cal.4th 1073, 1082 [56
  Cal.Rptr.2d 142, 921 P.2d 1]; *People v. Clark* (1982) 130 Cal.App.3d 371, 377
  [181 Cal.Rptr. 682].

- Must Act Under Influence of Fear Alone.    Pen. Code, § 198.

- This Instruction Upheld.    *People v. Lopez* (2011) 199 Cal.App.4th 1297, 1306
  [132 Cal.Rptr.3d 248]; *People v. Genovese* (2008) 168 Cal.App.4th 817, 832
  [85 Cal.Rptr.3d 664].

### Secondary Sources

1 Witkin & Epstein, California Criminal Law (3d ed. 2000) Defenses, §§ 64–77.

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73,
*Defenses and Justifications,* §§ 73.11, 73.12 (Matthew Bender).

4 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 85,
*Submission to Jury and Verdict,* § 85.04[1][c] (Matthew Bender).

6 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 142,
*Crimes Against the Person,* § 142.01[1][b] (Matthew Bender).

## COMMENTARY

Penal Code section 197, subdivision 1 provides that self-defense may be used in
response to threats of death or great bodily injury, or to resist the commission of a
felony. (Pen. Code, § 197, subd. 1.) However, in *People v. Ceballos* (1974) 12
Cal.3d 470, 477–479 [116 Cal.Rptr. 233, 526 P.2d 241], the court held that
although the latter part of section 197 appears to apply when a person resists the
commission of any felony, it should be read in light of common law principles that
require the felony to be "some atrocious crime attempted to be committed by
force." (*Id.* at p. 478.) This instruction is therefore written to provide that self-
defense may be used in response to threats of great bodily injury or death or to
resist the commission of forcible and atrocious crimes.

## RELATED ISSUES

### Imperfect Self-Defense

Most courts hold that an instruction on imperfect self-defense is required in every
case in which a court instructs on perfect self-defense. If there is substantial
evidence of a defendant's belief in the need for self-defense, there will *always* be
substantial evidence to support an imperfect self-defense instruction because the
reasonableness of that belief will always be at issue. (*People v. Ceja* (1994) 26
Cal.App.4th 78, 85–86 [31 Cal.Rptr.2d 475], overruled on other grounds in *People
v. Blakeley* (2000) 23 Cal.4th 82, 91 [96 Cal.Rptr.2d 451, 999 P.2d 675]; *People v.
De Leon* (1992) 10 Cal.App.4th 815, 824 [12 Cal.Rptr.2d 825].) The court in
*People v. Rodriguez* disagreed, however, and found that an imperfect self-defense

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637,
www.lexisnexis.com/bookstore, for public and internal court use

instruction was not required sua sponte on the facts of the case where defendant's version of the crime "could only lead to an acquittal based on justifiable homicide," and when the prosecutor's version could only lead to a conviction of first degree murder. (*People v. Rodriguez* (1992) 53 Cal.App.4th 1250, 1275 [62 Cal.Rptr.2d 345]; see also *People v. Williams* (1997) 4 Cal.4th 354, 362 [14 Cal.Rptr.2d 441, 841 P.2d 961] [in rape prosecution, no mistake-of-fact instruction was required when two sides gave wholly divergent accounts with no middle ground to support a mistake-of-fact instruction].)

### No Defense for Initial Aggressor

An aggressor whose victim fights back in self-defense may not invoke the doctrine of self-defense against the victim's legally justified acts. (*In re Christian S.* (1994) 7 Cal.4th 768, 773, fn. 1 [30 Cal.Rptr.2d 33, 872 P.2d 574].) If the aggressor attempts to break off the fight and communicates this to the victim, but the victim continues to attack, the aggressor may use self-defense against the victim to the same extent as if he or she had not been the initial aggressor. (Pen. Code, § 197, subd. 3; *People v. Trevino* (1988) 200 Cal.App.3d 874, 879 [246 Cal.Rptr. 357]; see CALCRIM No. 3471, *Right to Self-Defense: Mutual Combat or Initial Aggressor*.) In addition, if the victim responds with a sudden escalation of force, the aggressor may legally defend against the use of force. (*People v. Quach* (2004) 116 Cal.App.4th 294, 301–302 [10 Cal.Rptr.3d 196]; see CALCRIM No. 3471, *Right to Self-Defense: Mutual Combat or Initial Aggressor*.)

### Transferred Intent Applies

"[T]he doctrine of self-defense is available to insulate one from criminal responsibility where his act, justifiably in self-defense, inadvertently results in the injury of an innocent bystander." (*People v. Mathews* (1979) 91 Cal.App.3d 1018, 1024 [154 Cal.Rptr. 628]; see also *People v. Curtis* (1994) 30 Cal.App.4th 1337, 1357 [37 Cal.Rptr.2d 304].) There is no sua sponte duty to instruct on this principle, although such an instruction must be given on request when substantial evidence supports it. (*People v. Mathews, supra,* 91 Cal.App.3d at p. 1025; see also CALCRIM No. 562, *Transferred Intent*.)

### Definition of "Imminent"

In *People v. Aris* (1989) 215 Cal.App.3d 1178, 1187 [264 Cal.Rptr. 167], overruled on other grounds in *People v. Humphrey* (1996) 13 Cal.4th 1073, 1089 [56 Cal.Rptr.2d 142, 921 P.2d 1], the jury requested clarification of the term "imminent." In response, the trial court instructed:

> "Imminent peril," as used in these instructions, means that the peril must have existed or appeared to the defendant to have existed at the very time the fatal shot was fired. In other words, the peril must appear to the defendant as immediate and present and not prospective or even in the near future. An imminent peril is one that, from appearances, must be instantly dealt with.

*(Ibid.)*

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**CALCRIM No. 505**                                                       HOMICIDE

The Court of Appeal agreed with this definition of "imminent." (*Id.* at pp. 1187–1190 [citing *People v. Scoggins* (1869) 37 Cal. 676, 683–684].)

**Reasonable Person Standard Not Modified by Evidence of Mental Impairment**

In *People v. Jefferson* (2004) 119 Cal.App.4th 508, 519 [14 Cal.Rptr.3d 473], the court rejected the argument that the reasonable person standard for self-defense should be the standard of a mentally ill person like the defendant. "The common law does not take account of a person's mental capacity when determining whether he has acted as the reasonable person would have acted. The law holds 'the mentally deranged or insane defendant accountable for his negligence as if the person were a normal, prudent person.' (Prosser & Keeton, Torts (5th ed. 1984) § 32, p. 177.)" (*Ibid.*; see also Rest.2d Torts, § 283B.)

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## 506. Justifiable Homicide: Defending Against Harm to Person Within Home or on Property

---

**The defendant is not guilty of (murder/ [or] manslaughter/ attempted murder/ [or] attempted voluntary manslaughter) if (he/she) (killed/attempted to kill) to defend (himself/herself) [or any other person] in the defendant's home. Such (a/an) [attempted] killing is justified, and therefore not unlawful, if:**

1. **The defendant reasonably believed that (he/she) was defending a home against _____ <insert name of decedent>, who (intended to or tried to commit _____ <insert forcible and atrocious crime>/ [or] violently[[,] [or] riotously[,]/ [or] tumultuously] tried to enter that home intending to commit an act of violence against someone inside);**

2. **The defendant reasonably believed that the danger was imminent;**

3. **The defendant reasonably believed that the use of deadly force was necessary to defend against the danger;**

**AND**

4. **The defendant used no more force than was reasonably necessary to defend against the danger.**

**Belief in future harm is not sufficient, no matter how great or how likely the harm is believed to be. The defendant must have believed there was imminent danger of violence to (himself/herself/ [or] someone else). Defendant's belief must have been reasonable and (he/she) must have acted only because of that belief. The defendant is only entitled to use that amount of force that a reasonable person would believe is necessary in the same situation. If the defendant used more force than was reasonable, then the [attempted] killing was not justified.**

**When deciding whether the defendant's beliefs were reasonable, consider all the circumstances as they were known to and appeared to the defendant and consider what a reasonable person in a similar situation with similar knowledge would have believed. If the defendant's beliefs were reasonable, the danger does not need to have actually existed.**

**[A defendant is not required to retreat. He or she is entitled to stand his or her ground and defend himself or herself and, if reasonably necessary, to pursue an assailant until the danger of (death/bodily injury/ _____ <insert forcible and atrocious crime>) has passed. This is so even if safety could have been achieved by retreating.]**

ADD42

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**CALCRIM No. 506**                                    HOMICIDE

**The People have the burden of proving beyond a reasonable doubt that
the [attempted] killing was not justified. If the People have not met this
burden, you must find the defendant not guilty of [attempted] (murder/
[or] manslaughter).**

---

*New January 2006*

## BENCH NOTES

### Instructional Duty

The court has a **sua sponte** duty to give defense instructions supported by
substantial evidence and not inconsistent with the defendant's theory of the case.
(See *People v. Baker* (1999) 74 Cal.App.4th 243, 252 [87 Cal.Rptr.2d 803]; *People
v. Barton* (1995) 12 Cal.4th 186, 195 [47 Cal.Rptr.2d 569, 906 P.2d 531]; *People v.
Slater* (1943) 60 Cal.App.2d 358, 367–368 [140 P.2d 846] [error to refuse
instruction based on Pen. Code, § 197, subd. 2 when substantial evidence supported
inference that victim intended to enter the habitation].)

Penal Code section 197, subdivision 2 provides that "defense of habitation" may be
used to resist someone who "intends or endeavors, by violence or surprise, to
commit a felony . . . ." (Pen. Code, § 197, subd. 2.) However, in *People v.
Ceballos* (1974) 12 Cal.3d 470, 477–479 [116 Cal.Rptr. 233, 526 P.2d 241], the
court held that the felony feared must be "some atrocious crime attempted to be
committed by force." (*Id.* at p. 478.) Forcible and atrocious crimes are those crimes
whose character and manner reasonably create a fear of death or serious bodily
harm. (*People v. Ceballos, supra,* 12 Cal.3d at p. 479.) The following crimes have
been deemed forcible and atrocious as a matter of law: murder, mayhem, rape, and
robbery. (*Id.* at p. 478.) *Ceballos* specifically held that burglaries which "do not
reasonably create a fear of great bodily harm" are not sufficient "cause for exaction
of human life." (*Id.* at p. 479.) Thus, although the statute refers to "defense of
habitation," *Ceballos* requires that a person be at risk of great bodily harm or an
atrocious felony in order to justify homicide. *(Ibid.)* The instruction has been
drafted accordingly.

If the defendant is asserting that he or she was resisting the commission of a
forcible and atrocious crime, give the first option in element 1 and insert the name
of the crime. If there is substantial evidence that the defendant was resisting a
violent entry into a residence for the general purpose of committing violence
against someone inside, give the second option in element 1. (See Pen. Code,
§ 197, subd. 2.) The court may give the bracketed words "riotously" and
"tumultuously" at its discretion.

### Related Instructions

CALCRIM No. 3477, *Presumption That Resident Was Reasonably Afraid of Death
or Great Bodily Injury.*

ADD43

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637,
www.lexisnexis.com/bookstore, for public and internal court use

# AUTHORITY

- Instructional Requirements.   Pen. Code, § 197, subd. 2.

- Actual and Reasonable Fear.   See Pen. Code, § 198; see *People v. Curtis* (1994) 30 Cal.App.4th 1337, 1361 [37 Cal.Rptr.2d 304].

- Burden of Proof.   Pen. Code, § 189.5.

- Fear of Imminent Harm.   *People v. Humphrey* (1996) 13 Cal.4th 1073, 1082 [56 Cal.Rtpr.2d 146, 921 P.2d 1]; *People v. Lucas* (1958) 160 Cal.App.2d 305, 310 [324 P.2d 933].

- Forcible and Atrocious Crimes.   *People v. Ceballos* (1974) 12 Cal.3d 470, 478–479 [116 Cal.Rptr. 233, 526 P.2d 241].

- No Duty to Retreat.   *People v. Hughes* (1951) 107 Cal.App.2d 487, 493 [237 P.2d 64]; *People v. Hatchett* (1942) 56 Cal.App.2d 20, 22 [132 P.2d 51].

### *Secondary Sources*

1 Witkin & Epstein, California Criminal Law (3d ed. 2000) Defenses, § 78.

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* § 73.13 (Matthew Bender).

4 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 85, *Submission to Jury and Verdict,* § 85.04[1][c] (Matthew Bender).

6 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 142, *Crimes Against the Person,* § 142.01[1][b] (Matthew Bender).

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## 507. Justifiable Homicide: By Public Officer

---

The defendant is not guilty of (murder/ [or] manslaughter/ attempted murder/ [or] attempted voluntary manslaughter) if (he/she) (attempted to kill/killed) someone while (acting as a public officer/obeying a public officer's command for aid and assistance). Such (a/an) [attempted] killing is justified, and therefore not unlawful, if:

1. The defendant was (a public officer/obeying a public officer's command for aid and assistance);

2. The [attempted] killing was committed while (taking back into custody a convicted felon [or felons] who had escaped from prison or confinement[,]/ arresting a person [or persons] charged with a felony who (was/were) resisting arrest or fleeing from justice[,]/ overcoming actual resistance to some legal process[,]/ [or] while performing any [other] legal duty);

3. The [attempted] killing was necessary to accomplish (one of those/that) lawful purpose[s];

AND

4. The defendant had probable cause to believe that (_____ *<insert name of decedent>* posed a threat of death or great bodily injury, either to the defendant or to others/[or] that _____ *<insert name of decedent>* had committed (_____ *<insert forcible and atrocious crime>*/_____ *<insert crime decedent was suspected of committing, e.g.,* burglary>), and that crime threatened the defendant or others with death or great bodily injury)]. *<See Bench Note discussing this element.>*

A person has *probable cause* to believe that someone poses a threat of death or great bodily injury when facts known to the person would persuade someone of reasonable caution that the other person is going to cause death or great bodily injury to another.

[An officer or employee of _____ *<insert name of state or local government agency that employs public officer>* is a *public officer*.]

*Great bodily injury* means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm.

The People have the burden of proving beyond a reasonable doubt that the [attempted] killing was not justified. If the People have not met this burden, you must find the defendant not guilty of [attempted] (murder/ [or] manslaughter).

---

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**HOMICIDE**                                                   **CALCRIM No. 507**

*New January 2006; Revised April 2011, February 2012, August 2012*

## BENCH NOTES

### Instructional Duty

The court has a **sua sponte** duty to instruct on justifiable homicide when "it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case." (See *People v. Breverman* (1998) 19 Cal.4th 142, 156 [77 Cal.Rptr.2d 870, 960 P.2d 1094] [addressing sua sponte duty to instruct on self-defense].)

In element 2, select the phrase appropriate for the facts of the case.

It is unclear whether the officer must always have probable cause to believe that the victim poses a threat of future harm or if it is sufficient if the officer has probable cause to believe that the victim committed a forcible and atrocious crime. In *Tennessee v. Garner* (1985) 471 U.S. 1, 3, 11 [105 S.Ct. 1694, 85 L.Ed.2d 1], the Supreme Court held that, under the Fourth Amendment, deadly force may not be used to prevent the escape of an apparently unarmed suspected felon unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. "*Garner* necessarily limits the scope of justification for homicide under section 197, subdivision 4, and other similar statutes from the date of that decision." (*People v. Martin* (1985) 168 Cal.App.3d 1111, 1124 [214 Cal.Rptr. 873].) In a footnote, *Garner*, *supra*, 471 U.S. 1, 16, fn. 15, noted that California law permits a killing in either situation, that is, when the suspect has committed an atrocious crime or when the suspect poses a threat of future harm. (See also *Long Beach Police Officers Assn v. City of Long Beach* (1976) 61 Cal.App.3d 364, 371–375 [132 Cal.Rptr. 348] [also stating the rule as "either" but quoting police regulations, which require that the officer always believe there is a risk of future harm.]) The committee has provided both options, but see *People v. Ceballos* (1974) 12 Cal.3d 470, 478–479 [116 Cal.Rptr. 233, 526 P.2d 241]. The court should review relevant case law before giving the bracketed language.

As with a peace officer, the jury must determine whether the defendant was a public officer. (*People v. Brown* (1988) 46 Cal.3d 432, 444–445 [250 Cal.Rptr. 604, 758 P.2d 1135].) The court may instruct the jury in the appropriate definition of "public officer" from the statute (e.g., "a Garden Grove Regular Police Officer and a Garden Grove Reserve Police Officer are public officers"). *(Ibid.)* However, the court may not instruct the jury that the defendant was a public officer as a matter of law (e.g., "Officer Reed was a public officer"). *(Ibid.)*

### Related Instructions

CALCRIM No. 508, *Justifiable Homicide: Citizen Arrest (Non-Peace Officer)*.

CALCRIM No. 509, *Justifiable Homicide: Non-Peace Officer Preserving the Peace*.

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## AUTHORITY

- Justifiable Homicide by Public Officer. Pen. Code, §§ 196, 199.

- Burden of Proof. Pen. Code, § 189.5; *People v. Frye* (1992) 7 Cal.App.4th 1148, 1154–1155 [10 Cal.Rptr.2d 217]; *People v. Banks* (1976) 67 Cal.App.3d 379, 383–384 [137 Cal.Rptr. 652].

- Public Officer. See Pen. Code, §§ 831(a) [custodial officer], 831.4 [sheriff's or police security officer], 831.5 [custodial officer], 831.6 [transportation officer], 3089 [county parole officer]; *In re Frederick B.* (1987) 192 Cal.App.3d 79, 89–90 [237 Cal.Rptr. 338], disapproved on other grounds in *In re Randy G.* (2001) 26 Cal.4th 556, 567 fn. 2 [110 Cal.Rptr.2d 516, 28 P.3d 239] ["public officers" is broader category than "peace officers"]; see also Pen. Code, § 836.5(a) [authority to arrest without warrant].

- Felony Must Pose Threat of Death or Great Bodily Injury. *Kortum v. Alkire* (1977) 69 Cal.App.3d 325, 332–333 [138 Cal.Rptr. 26].

### Secondary Sources

1 Witkin & Epstein, California Criminal Law (3d ed. 2000) Defenses, §§ 82, 85, 243.

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* § 73.15[1], [2] (Matthew Bender).

4 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 85, *Submission to Jury and Verdict,* § 85.04[1][c] (Matthew Bender).

6 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 142, *Crimes Against the Person,* § 142.01[1][b] (Matthew Bender).

## RELATED ISSUES

### Killing Committed in Obedience to Judgment

A homicide is also justifiable when committed by a public officer "in obedience to any judgment of a competent court." (Pen. Code, § 196, subd. 1.) There are no reported cases construing this subdivision. This provision appears to apply exclusively to lawful executions.

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## 508. Justifiable Homicide: Citizen Arrest (Non-Peace Officer)

---

**The defendant is not guilty of (murder/ [or] manslaughter/ attempted murder/ [or] attempted voluntary manslaughter) if (he/she) (killed/attempted to kill) someone while trying to arrest him or her for a violent felony. Such (a/an) [attempted] killing is justified, and therefore not unlawful, if:**

1. **The defendant committed the [attempted] killing while lawfully trying to arrest or detain** _____ *<insert name of decedent>* **for committing (the crime of** _____ *<insert forcible and atrocious crime, i.e., felony* **that threatened death or great bodily injury>/**_____ *<insert crime decedent was suspected of committing, e.g.,* **burglary>, and that crime threatened the defendant or others with death or great bodily injury);**

2. _____ *<insert name of decedent>* **actually committed (the crime of** _____ *<insert forcible and atrocious crime, i.e., felony that threatened death or great bodily injury>/* _____ *<insert crime decedent was suspected of committing, e.g.,* **burglary>, and that crime threatened the defendant or others with death or great bodily injury);**

3. **The defendant had reason to believe that** _____ *<insert name of decedent>* **had committed (the crime of** _____ *<insert forcible and atrocious crime, i.e., felony that threatened death or great bodily injury>/* _____ *<insert crime decedent was suspected of committing, e.g.,* **burglary>, and that crime threatened the defendant or others with death or great bodily injury);**

[4. **The defendant had reason to believe that** _____ *<insert name of decedent>* **posed a threat of death or great bodily injury, either to the defendant or to others];**

**AND**

5. **The [attempted] killing was necessary to prevent** _____**'s** *<insert name of decedent>* **escape.**

**A person has *reason to believe* that someone [poses a threat of death or great bodily injury or] committed (the crime of** _____ *<insert forcible and atrocious crime, i.e., felony that threatened death or great bodily injury>* / _____ *<insert crime decedent was suspected of committing, e.g., burglary>***, and that crime threatened the defendant or others with death or great bodily injury) when facts known to the person would persuade someone of reasonable caution to have (that/ those) belief[s].**

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**CALCRIM No. 508** HOMICIDE

*Great bodily injury* **means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm.**

**The People have the burden of proving beyond a reasonable doubt that the [attempted] killing was not justified. If the People have not met this burden, you must find the defendant not guilty of [attempted] (murder/ [or] manslaughter).**

---

*New January 2006; Revised April 2011, February 2012*

## BENCH NOTES

### *Instructional Duty*

The court has a **sua sponte** duty to instruct on justifiable homicide when "it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case." (See *People v. Breverman* (1998) 19 Cal.4th 142, 156 [77 Cal.Rptr.2d 870, 960 P.2d 1094] [addressing sua sponte duty to instruct on self-defense].)

It is unclear whether the defendant must always have probable cause to believe that the victim poses a threat of future harm or if it is sufficient if the defendant knows that the victim committed a forcible and atrocious crime. In *Tennessee v. Garner* (1985) 471 U.S. 1, 3, 11 [105 S.Ct. 1694, 85 L.Ed.2d 1], the Supreme Court held that, under the Fourth Amendment, deadly force may not be used by a law enforcement officer to prevent the escape of an apparently unarmed suspected felon unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. "*Garner* necessarily limits the scope of justification for homicide under section 197, subdivision 4, and other similar statutes from the date of that decision." (*People v. Martin* (1985) 168 Cal.App.3d 1111, 1124 [214 Cal.Rptr. 873].) In a footnote, *Garner, supra*, 471 U.S. 1, 16, fn. 15, noted that California law permits a killing in either situation, that is either when the suspect has committed an atrocious crime or when the suspect poses a threat of future harm. (See also *Long Beach Police Officers Assn v. City of Long Beach* (1976) 61 Cal.App.3d 364, 371–375 [132 Cal.Rptr. 348] [also stating the rule as "either" but quoting police regulations, which require that the officer always believe there is a risk of future harm].) The committee has provided both options. See *People v. Ceballos* (1974) 12 Cal.3d 470, 478–479 [116 Cal.Rptr. 233, 526 P.2d 241]. The court should review relevant case law before giving bracketed element 4.

### *Related Instructions*

CALCRIM No. 507, *Justifiable Homicide: By Public Officer*.

CALCRIM No. 509, *Justifiable Homicide: Non-Peace Officer Preserving the Peace*.

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**HOMICIDE**

CALCRIM **No. 508**

## AUTHORITY

- Justifiable Homicide to Preserve the Peace.   Pen. Code, §§ 197, subd. 4, 199.

- Lawful Resistance to Commission of Offense.   Pen. Code, §§ 692–694.

- Private Persons, Authority to Arrest.   Pen. Code, § 837.

- Burden of Proof.   Pen. Code, § 189.5; *People v. Frye* (1992) 7 Cal.App.4th 1148, 1154–1155 [10 Cal.Rptr.2d 217].

- Felony Must Threaten Death or Great Bodily Injury.   *People v. Piorkowski* (1974) 41 Cal.App.3d 324, 328–329 [115 Cal.Rptr. 830].

### Secondary Sources

1 Witkin & Epstein, California Criminal Law (3d ed. 2000) Defenses, §§ 80–86

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* § 73.15[1], [3] (Matthew Bender).

4 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 85, *Submission to Jury and Verdict,* § 85.04[1][c] (Matthew Bender).

6 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 142, *Crimes Against the Person,* § 142.01[1][b] (Matthew Bender).

## RELATED ISSUES

### Felony Must Actually Be Committed

A private citizen may use deadly force to apprehend a fleeing felon only if the suspect in fact committed the felony and the person using deadly force had reasonable cause to believe so. (*People v. Lillard* (1912) 18 Cal.App. 343, 345 [123 P. 221].)

### Felony Committed Must Threaten Death or Great Bodily Injury

Deadly force is permissible to apprehend a felon if "the felony committed is one which threatens death or great bodily injury . . . ." (*People v. Piorkowski* (1974) 41 Cal.App.3d 324, 328–329 [115 Cal.Rptr. 830]).

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

### 509.  Justifiable Homicide: Non-Peace Officer Preserving the Peace

---

**The defendant is not guilty of (murder/ [or] manslaughter/ attempted murder/ [or] attempted voluntary manslaughter) if (he/she) (killed/attempted to kill) someone while preserving the peace. Such (a/ an) [attempted] killing is justified, and therefore not unlawful, if:**

  1. **The defendant committed the [attempted] killing while lawfully (suppressing a riot/keeping and preserving the peace);**

  2. **The defendant had probable cause to believe that _____ _<insert name of decedent>_ posed a threat of serious physical harm, either to the defendant or someone else;**

  **AND**

  3. **The [attempted] killing was necessary to lawfully (suppress a riot/keep and preserve the peace).**

**A person has _probable cause_ to believe that someone poses a threat of serious physical harm when facts known to the person would persuade someone of reasonable caution that the other person is going to cause serious physical harm to another.**

**[A _riot_ occurs when two or more people, acting together and without legal authority, disturb the public peace by use of force or violence or by threat to use force or violence with the immediate ability to carry out those threats.]**

**[A disturbance of the public peace may happen in any place of confinement. _____ _<insert name of detention facility>_ is a place of confinement.]**

**The People have the burden of proving beyond a reasonable doubt that the [attempted] killing was not justified. If the People have not met this burden, you must find the defendant not guilty of [attempted] (murder/ [or] manslaughter).**

---

_New January 2006_

### BENCH NOTES

_Instructional Duty_

The court has a **sua sponte** duty to instruct on justifiable homicide when "it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case." (See _People v. Breverman_ (1998) 19 Cal.4th 142,

ADD51

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**HOMICIDE**                                                 **CALCRIM No. 509**

156 [77 Cal.Rptr.2d 870, 960 P.2d 1094] [addressing sua sponte duty to instruct on self-defense].)

*Related Instructions*

CALCRIM No. 507, *Justifiable Homicide: By Public Officer*.

CALCRIM No. 508, *Justifiable Homicide: Citizen Arrest (Non-Peace Officer)*.

## AUTHORITY

- Justifiable Homicide to Preserve the Peace.  Pen. Code, §§ 197, subd. 4, 199.

- Lawful Resistance to the Commission of an Offense.  Pen. Code, §§ 692–694.

- Riot Defined.  Pen. Code, § 404(a).

- Burden of Proof.  Pen. Code, § 189.5; *People v. Frye* (1992) 7 Cal.App.4th 1148, 1154–1155 [10 Cal.Rptr.2d 217].

*Secondary Sources*

1 Witkin & Epstein, California Criminal Law (3d ed. 2000) Defenses, §§ 80–86.

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* § 73.14 (Matthew Bender).

4 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 85, *Submission to Jury and Verdict,* § 85.04[1][c] (Matthew Bender).

6 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 142, *Crimes Against the Person,* § 142.01[1][b] (Matthew Bender).

## RELATED ISSUES

*Person Using Force Must Fear Imminent Death or Bodily Injury*

"Deadly force may not be used to prevent the escape of an apparently unarmed suspected felon unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." (*Tennessee v. Garner* (1985) 471 U.S. 1, 3, 11 [105 S.Ct. 1694, 85 L.Ed.2d 1].) "*Garner* necessarily limits the scope of justification for homicide under section 197, subdivision 4, and other similar statutes from the date of that decision." (*People v. Martin* (1985) 168 Cal.App.3d 1111, 1124 [214 Cal.Rptr. 873].)

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## C.   CARRYING A FIREARM

### (i)   Concealed

### 2520.  Carrying Concealed Firearm on Person (Pen. Code, § 25400(a)(2))

---

The defendant is charged [in Count _____] with unlawfully carrying a concealed firearm on (his/her) person [in violation of Penal Code section 25400(a)(2)].

To prove that the defendant is guilty of this crime, the People must prove that:

1.  The defendant carried on (his/her) person a firearm capable of being concealed on the person;

2.  The defendant knew that (he/she) was carrying a firearm;

AND

3.  It was substantially concealed on the defendant's person.

[A *firearm capable of being concealed on the person* is any device designed to be used as a weapon, from which a projectile is expelled or discharged through a barrel by the force of an explosion or other form of combustion and that has a barrel less than 16 inches in length. [A *firearm capable of being concealed on the person* also includes any device that has a barrel 16 inches or more in length that is designed to be interchanged with a barrel less than 16 inches in length.] [A *firearm* also includes any rocket, rocket-propelled projectile launcher, or similar device containing any explosive or incendiary material, whether or not the device is designed for emergency or distress signaling purposes.]]

[The term *firearm capable of being concealed on the person* is defined in another instruction.]

[A firearm does not need to be in working order if it was designed to shoot and appears capable of shooting.]

[Firearms carried openly in belt holsters are not concealed.]

*<Defense: Statutory Exemption>*

[The defendant did not unlawfully carry a concealed firearm if _____ *<insert defense from Pen. Code, § 25600, 25605, 25525, 25510, or 25450>*. The People have the burden of proving beyond a reasonable doubt that the defendant unlawfully carried a concealed firearm. If the People have not met this burden, you must find the

AD153

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**CALCRIM No. 2520**  WEAPONS

**defendant not guilty of this crime.]**

---

*New January 2006; Revised February 2012*

## BENCH NOTES

### Instructional Duty

The court has a **sua sponte** duty to give this instruction defining the elements of the crime. If the defendant is charged with any of the sentencing factors in Penal Code section 25400(c), the court must also give the appropriate instruction from CALCRIM Nos. 2540–2546. (*People v. Hall* (1998) 67 Cal.App.4th 128, 135 [79 Cal.Rptr.2d 690].)

The court should give the bracketed definition of "firearm capable of being concealed on the person" unless the court has already given the definition in other instructions. In such cases, the court may give the bracketed sentence stating that the term is defined elsewhere.

Penal Code section 25400(a) prohibits carrying a concealed "pistol, revolver, or other firearm capable of being concealed upon the person." Penal Code section 16530 provides a single definition for this class of weapons. Thus, the committee has chosen to use solely the all-inclusive phrase "firearm capable of being concealed on the person."

### Defenses—Instructional Duty

Exemptions and a justification for carrying a concealed firearm are stated in Penal Code sections 25600, 25605, 25525, 25510, and 25450. If sufficient evidence has been presented to raise a reasonable doubt about the existence of a legal basis for the defendant's actions, the court has a **sua sponte** duty to give the bracketed instruction on the defense. (See *People v. Mower* (2002) 28 Cal.4th 457, 478–481 [122 Cal.Rptr.2d 326, 49 P.3d 1067] [discussing affirmative defenses generally and the burden of proof].) Insert the appropriate language in the bracketed paragraph that begins, "The defendant did not unlawfully . . . ."

### Related Instructions

CALCRIM No. 2540, *Carrying Firearm: Specified Convictions*.

CALCRIM No. 2541, *Carrying Firearm: Stolen Firearm*.

CALCRIM No. 2542, *Carrying Firearm: Active Participant in Criminal Street Gang*.

CALCRIM No. 2543, *Carrying Firearm: Not in Lawful Possession*.

CALCRIM No. 2544, *Carrying Firearm: Possession of Firearm Prohibited Due to Conviction, Court Order, or Mental Illness*.

CALCRIM No. 2545, *Carrying Firearm: Not Registered Owner*.

CALCRIM No. 2546, *Carrying Concealed Firearm: Not Registered Owner and Weapon Loaded*.

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## AUTHORITY

- Elements.   Pen. Code, § 25400(a)(2).

- Firearm Defined.   Pen. Code, § 16520.

- Knowledge Required.   *People v. Jurado* (1972) 25 Cal.App.3d 1027, 1030–1031 [102 Cal.Rptr. 498]; *People v. Rubalcava* (2000) 23 Cal.4th 322, 331–332 [96 Cal.Rptr.2d 735, 1 P.3d 52].

- Concealment Required.   *People v. Nelson* (1960) 185 Cal.App.2d 578, 580–581 [8 Cal.Rptr. 288].

- Factors in Pen. Code, § 25400(c) Sentencing Factors, Not Elements.   *People v. Hall* (1998) 67 Cal.App.4th 128, 135 [79 Cal.Rptr.2d 690].

- Justifications and Exemptions.   Pen. Code, §§ 25600, 25605, 25525, 25510, 25450.

- Need Not Be Operable.   *People v. Marroquin* (1989) 210 Cal.App.3d 77, 82 [258 Cal.Rptr. 290].

- Substantial Concealment.   *People v. Wharton* (1992) 5 Cal.App.4th 72, 75 [6 Cal.Rptr.2d 673] [interpreting now-repealed Pen. Code, § 12020(a)(4)]; *People v. Fuentes* (1976) 64 Cal.App.3d 953, 955 [134 Cal.Rptr. 885] [same].

- Statute Is Not Unconstitutionally Vague.   *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1355 [83 Cal.Rptr.2d 619].

### *Secondary Sources*

2 Witkin & Epstein, California Criminal Law (3d ed. 2000) Crimes Against Public Peace and Welfare, §§ 154–159.

6 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 144, *Crimes Against Order,* § 144.01[1][d] (Matthew Bender).

## LESSER INCLUDED OFFENSES

If the defendant is charged with one of the sentencing factors that makes this offense a felony, then the misdemeanor offense is a lesser included offense. The statute defines as a misdemeanor all violations of the statute not covered by the specified sentencing factors. (Pen. Code, § 25400(c)(7).) The court must provide the jury with a verdict form on which the jury will indicate if the sentencing factor has been proved. If the jury finds that the sentencing factor has not been proved, then the offense should be set at a misdemeanor.

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637,
www.lexisnexis.com/bookstore, for public and internal court use

## 2521.  Carrying Concealed Firearm Within Vehicle (Pen. Code, § 25400(a)(1))

---

**The defendant is charged [in Count _____] with unlawfully carrying a concealed firearm within a vehicle [in violation of Penal Code section 25400].**

**To prove that the defendant is guilty of this crime, the People must prove that:**

> **1.  The defendant carried within a vehicle a firearm capable of being concealed on the person;**
>
> **2.  The defendant knew the firearm was in the vehicle;**
>
> **3.  The firearm was substantially concealed within the vehicle;**
>
> **AND**
>
> **4.  The vehicle was under the defendant's control or direction.**

**[A *firearm capable of being concealed on the person* is any device designed to be used as a weapon, from which a projectile is expelled or discharged through a barrel by the force of an explosion or other form of combustion and that has a barrel less than 16 inches in length. [A *firearm capable of being concealed on the person* also includes any device that has a barrel 16 inches or more in length that is designed to be interchanged with a barrel less than 16 inches in length.] [A *firearm* also includes any rocket, rocket-propelled projectile launcher, or similar device containing any explosive or incendiary material, whether or not the device is designed for emergency or distress signaling purposes.]]**

**[The term *firearm capable of being concealed on the person* is defined in another instruction.]**

**[A firearm does not need to be in working order if it was designed to shoot and appears capable of shooting.]**

**[Firearms carried openly in belt holsters are not concealed.]**

*<Defense: Statutory Exemption>*

**[The defendant did not unlawfully carry a concealed firearm with in a vehicle if _____ *<insert defense from Pen. Code, § 25600, 25605, 25525, 25510, or 25450>*. The People have the burden of proving beyond a reasonable doubt that the defendant unlawfully carried a concealed firearm within a vehicle. If the People have not met this burden, you must find the defendant not guilty of this crime.]**

---

*New January 2006; Revised February 2012*

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

# BENCH NOTES

### Instructional Duty

The court has a **sua sponte** duty to give this instruction defining the elements of the crime. If the defendant is charged with any of the sentencing factors in Penal Code section 25400(c), the court must also give the appropriate instruction from CALCRIM Nos. 2540–2546. (*People v. Hall* (1998) 67 Cal.App.4th 128, 135 [79 Cal.Rptr.2d 690].)

The court should give the bracketed definition of "firearm capable of being concealed on the person" unless the court has already given the definition in other instructions. In such cases, the court may give the bracketed sentence stating that the term is defined elsewhere.

Penal Code section 25400(a) prohibits carrying a concealed "pistol, revolver, or other firearm capable of being concealed upon the person." Penal Code section 16530 provides a single definition for this class of weapons. Thus, the committee has chosen to use solely the all-inclusive phrase "firearm capable of being concealed on the person."

### Defenses—Instructional Duty

Exemptions and a justification for carrying a concealed firearm are stated in Penal Code sections 25600, 25605, 25525, 25510, and 25450. If sufficient evidence has been presented to raise a reasonable doubt about the existence of a legal basis for the defendant's actions, the court has a **sua sponte** duty to give the bracketed instruction on the defense. (See *People v. Mower* (2002) 28 Cal.4th 457, 478–481 [122 Cal.Rptr.2d 326, 49 P.3d 1067] [discussing affirmative defenses generally and the burden of proof].) Insert the appropriate language in the bracketed paragraph that begins, "The defendant did not unlawfully . . . ."

### Related Instructions

CALCRIM No. 2540, *Carrying Firearm: Specified Convictions*.

CALCRIM No. 2541, *Carrying Firearm: Stolen Firearm*.

CALCRIM No. 2542, *Carrying Firearm: Active Participant in Criminal Street Gang*.

CALCRIM No. 2543, *Carrying Firearm: Not in Lawful Possession*.

CALCRIM No. 2544, *Carrying Firearm: Possession of Firearm Prohibited Due to Conviction, Court Order, or Mental Illness*.

CALCRIM No. 2545, *Carrying Firearm: Not Registered Owner*.

CALCRIM No. 2546, *Carrying Concealed Firearm: Not Registered Owner and Weapon Loaded*.

# AUTHORITY

- Elements.   Pen. Code, § 25400(a)(1)
- Firearm Defined.   Pen. Code, § 16520.
- Knowledge Required.   *People v. Jurado* (1972) 25 Cal.App.3d 1027,

**CALCRIM No. 2521**                                          WEAPONS

1030–1031 [102 Cal.Rptr. 498]; *People v. Rubalcava* (2000) 23 Cal.4th 322, 331–332 [96 Cal.Rptr.2d 735, 1 P.3d 52].

- Concealment Required.  *People v. Nelson* (1960) 185 Cal.App.2d 578, 580–581 [8 Cal.Rptr. 288].

- Factors in Pen. Code, § 25400(c) Sentencing Factors, Not Elements.  *People v. Hall* (1998) 67 Cal.App.4th 128, 135 [79 Cal.Rptr.2d 690].

- Justifications and Exemptions.   Pen. Code, §§ 25600, 25605, 25525, 25510, 25450.

- Need Not Be Operable.  *People v. Marroquin* (1989) 210 Cal.App.3d 77, 82 [258 Cal.Rptr. 290].

- Substantial Concealment.  *People v. Wharton* (1992) 5 Cal.App.4th 72, 75 [6 Cal.Rptr.2d 673] [interpreting now-repealed Pen. Code, § 12020(a)(4)]; *People v. Fuentes* (1976) 64 Cal.App.3d 953, 955 [134 Cal.Rptr. 885] [same].

- Statute Is Not Unconstitutionally Vague.  *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1355 [83 Cal.Rptr.2d 619].

### Secondary Sources

2 Witkin & Epstein, California Criminal Law (3d ed. 2000) Crimes Against Public Peace and Welfare, §§ 154–159.

6 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 144, *Crimes Against Order,* § 144.01[1][d] (Matthew Bender).

## LESSER INCLUDED OFFENSES

If the defendant is charged with one of the sentencing factors that makes this offense a felony, then the misdemeanor offense is a lesser included offense. The statute defines as a misdemeanor all violations of the statute not covered by the specified sentencing factors. (Pen. Code, § 25400(c)(7).) The court must provide the jury with a verdict form on which the jury will indicate if the sentencing factor has been proved. If the jury finds that the sentencing factor has not been proved, then the offense should be set at a misdemeanor.

## RELATED ISSUES

### Gun in Unlocked Carrying Case Is Concealed

"If a firearm is transported in a vehicle in such a manner as to be invisible unless its carrying case is opened, it is concealed in the ordinary and usual meaning of the term." (*People v. Hodges* (1999) 70 Cal.App.4th 1348, 1355 [83 Cal.Rptr.2d 619].) Thus, carrying a firearm in an unlocked case in a vehicle violates Penal Code section 25400(a)(1). *(Ibid.)* However, Penal Code section 25525 makes it lawful to transport a firearm in a vehicle if it is in a *locked* case.

### Not Necessary for Defendant to Possess or Control the Firearm

"The statute does not require that the defendant have the exclusive possession and control of the firearm." (*People v. Davis* (1958) 157 Cal.App.2d 33, 36 [320 P.2d 88].) The court in *People v. Davis, supra,* upheld the conviction where the

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**WEAPONS**                                          **CALCRIM No. 2521**

defendant owned and controlled the vehicle and knew of the presence of the firearm below the seat, even though the weapon was placed there by someone else and belonged to someone else. *(Ibid.)*

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## 2522.  Carrying Concealed Firearm: Caused to Be Carried Within Vehicle (Pen. Code, § 25400(a)(3))

---

**The defendant is charged [in Count _____] with unlawfully causing a firearm to be carried concealed within a vehicle [in violation of Penal Code section 25400].**

**To prove that the defendant is guilty of this crime, the People must prove that:**

> **1.  The defendant caused a firearm capable of being concealed on the person to be concealed while it was carried within a vehicle;**
>
> **2.  The defendant knew that (he/she) caused the firearm to be concealed in the vehicle;**
>
> **3.  The firearm was substantially concealed within the vehicle;**
>
> **AND**
>
> **4.  The defendant was in the vehicle during the time the firearm was concealed there.**

**[A *firearm capable of being concealed on the person* is any device designed to be used as a weapon, from which a projectile is expelled or discharged through a barrel by the force of an explosion or other form of combustion and that has a barrel less than 16 inches in length. [A *firearm capable of being concealed on the person* also includes any device that has a barrel 16 inches or more in length that is designed to be interchanged with a barrel less than 16 inches in length.] [A *firearm* also includes any rocket, rocket-propelled projectile launcher, or similar device containing any explosive or incendiary material, whether or not the device is designed for emergency or distress signaling purposes.]]**

**[The term *firearm capable of being concealed on the person* is defined in another instruction.]**

**[A firearm does not need to be in working order if it was designed to shoot and appears capable of shooting.]**

**[Firearms carried openly in belt holsters are not concealed.]**

**[The People do not need to prove that the defendant initially brought the firearm into the vehicle.]**

*<Defense: Statutory Exemption>*

**[The defendant did not unlawfully cause a firearm to be carried concealed within a vehicle if _____ *<insert defense from Pen. Code, § 25600, 25605, 25525, 25510, or 25450>***.** **The People have the burden of proving beyond a reasonable doubt that the defendant**

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

　　　　　　　　　　　　　　　　　　　　　　　**CALCRIM No. 2522**

**unlawfully caused a firearm to be carried concealed within a vehicle. If the People have not met this burden, you must find the defendant not guilty of this crime.]**

---

*New January 2006; Revised February 2012*

## BENCH NOTES

### Instructional Duty

The court has a **sua sponte** duty to give this instruction defining the elements of the crime. If the defendant is charged with any of the sentencing factors in Penal Code section 25400(c), the court must also give the appropriate instruction from CALCRIM Nos. 2540–2546. (*People v. Hall* (1998) 67 Cal.App.4th 128, 135 [79 Cal.Rptr.2d 690].)

The court should give the bracketed definition of "firearm capable of being concealed on the person" unless the court has already given the definition in other instructions. In such cases, the court may give the bracketed sentence stating that the term is defined elsewhere.

Penal Code section 25400(a) prohibits carrying a concealed "pistol, revolver, or other firearm capable of being concealed upon the person." Penal Code section 16530 provides a single definition for this class of weapons. Thus, the committee has chosen to use solely the all-inclusive phrase "firearm capable of being concealed on the person."

### Defenses—Instructional Duty

Exemptions and a justification for carrying a concealed firearm are stated in Penal Code sections 25600, 25605, 25525, 25510, and 25450. If the defense presents sufficient evidence to raise a reasonable doubt about the existence of a legal basis for the defendant's actions, the court has a **sua sponte** duty to give the bracketed instruction on the defense. (See *People v. Mower* (2002) 28 Cal.4th 457, 478–481 [122 Cal.Rptr.2d 326, 49 P.3d 1067] [discussing affirmative defenses generally and the burden of proof].) Insert the appropriate language in the bracketed paragraph that begins, "The defendant did not unlawfully . . . ."

### Related Instructions

CALCRIM No. 2540, *Carrying Firearm: Specified Convictions*.

CALCRIM No. 2541, *Carrying Firearm: Stolen Firearm*.

CALCRIM No. 2542, *Carrying Firearm: Active Participant in Criminal Street Gang*.

CALCRIM No. 2543, *Carrying Firearm: Not in Lawful Possession*.

CALCRIM No. 2544, *Carrying Firearm: Possession of Firearm Prohibited Due to Conviction, Court Order, or Mental Illness*.

CALCRIM No. 2545, *Carrying Firearm: Not Registered Owner*.

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**CALCRIM No. 2522**                                        WEAPONS

CALCRIM No. 2546, *Carrying Concealed Firearm: Not Registered Owner and Weapon Loaded*.

## AUTHORITY

- Elements.   Pen. Code, § 25400(a)(3).

- Firearm Defined.   Pen. Code, § 16520.

- Knowledge Required.   *People v. Jurado* (1972) 25 Cal.App.3d 1027, 1030–1031 [102 Cal.Rptr. 498]; *People v. Rubalcava* (2000) 23 Cal.4th 322, 331–332 [96 Cal.Rptr.2d 735, 1 P.3d 52].

- Concealment Required.   *People v. Nelson* (1960) 185 Cal.App.2d 578, 580–581 [8 Cal.Rptr. 288].

- Factors in Pen. Code, § 25400(c) Sentencing Factors, Not Elements.   *People v. Hall* (1998) 67 Cal.App.4th 128, 135 [79 Cal.Rptr.2d 690].

- Justifications and Exemptions.   §§ 25600, 25605, 25525, 25510, 25450.

- Need Not Be Operable.   *People v. Marroquin* (1989) 210 Cal.App.3d 77, 82 [258 Cal.Rptr. 290].

- Substantial Concealment.   *People v. Wharton* (1992) 5 Cal.App.4th 72, 75 [6 Cal.Rptr.2d 673] [interpreting now-repealed Pen. Code, § 12020(a)(4)]; *People v. Fuentes* (1976) 64 Cal.App.3d 953, 955 [134 Cal.Rptr. 885] [same].

- Statute Is Not Unconstitutionally Vague.   *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1355 [83 Cal.Rptr.2d 619].

### Secondary Sources

2 Witkin & Epstein, California Criminal Law (3d ed. 2000) Crimes Against Public Peace and Welfare, §§ 154–159.

6 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 144, *Crimes Against Order,* § 144.01[1][d] (Matthew Bender).

## LESSER INCLUDED OFFENSES

If the defendant is charged with one of the sentencing factors that makes this offense a felony, then the misdemeanor offense is a lesser included offense. The statute defines as a misdemeanor all violations of the statute not covered by the specified sentencing factors. (Pen. Code, § 25400(c)(7).) The court must provide the jury with a verdict form on which the jury will indicate if the sentencing factor has been proved. If the jury finds that the sentencing factor has not been proved, then the offense should be set at a misdemeanor.

## RELATED ISSUES

### Defendant Need Not Bring Firearm Into Car

"Appellant caused the gun to be carried concealed in a vehicle in which he was an occupant, by concealing the gun between the seats. His conduct fits the language and purpose of the statute. The prosecution was not required to prove that appellant

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**WEAPONS**                                                    **CALCRIM No. 2522**

initially brought the gun into the car." (*People v. Padilla* (2002) 98 Cal.App.4th
127, 134 [119 Cal.Rptr.2d 457].)

## 2523–2529. Reserved for Future Use

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637,
www.lexisnexis.com/bookstore, for public and internal court use

## (ii) Loaded

## 2530. Carrying Loaded Firearm (Pen. Code, § 25850(a))

---

**The defendant is charged [in Count _____] with unlawfully carrying a loaded firearm (on (his/her) person/in a vehicle) [in violation of Penal Code section 25850(a)].**

**To prove that the defendant is guilty of this crime, the People must prove that:**

1. **The defendant carried a loaded firearm (on (his/her) person/in a vehicle);**

2. **The defendant knew that (he/she) was carrying a firearm;**

**AND**

3. **At that time, the defendant was in a public place or on a public street in (an incorporated city/in an unincorporated area where it was unlawful to discharge a firearm).**

**[A *firearm* is any device designed to be used as a weapon, from which a projectile is expelled or discharged through a barrel by the force of any explosion or other form of combustion. [A *firearm* also includes any rocket, rocket-propelled projectile launcher, or similar device containing any explosive or incendiary material, whether or not the device is designed for emergency or distress signaling purposes.]]**

**[The term *firearm* is defined in another instruction.]**

**As used here, a firearm is *loaded* if there is an unexpended cartridge or shell in the firing chamber or in either a magazine or clip attached to the firearm. An *unexpended cartridge or shell* consists of a case that holds a charge of powder and a bullet or shot. [A *muzzle-loader firearm is loaded* when it is capped or primed and has a powder charge and ball or shot in the barrel or cylinder.]**

**[A firearm does not need to be in working order if it was designed to shoot and appears capable of shooting.]**

**[_____ <insert location> is (an incorporated city/in an unincorporated area where it is unlawful to discharge a firearm).]**

*<Defense: Statutory Exemption>*

**[The defendant did not unlawfully carry a loaded firearm if _____ <insert defense from Pen Code, §§ 25900, 26000 et seq.>. The People have the burden of proving beyond a reasonable doubt that the defendant unlawfully carried a loaded firearm. If the People have**

AD064

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**WEAPONS**                                          **CALCRIM No. 2530**

**not met this burden, you must find the defendant not guilty of this crime.]**

_____

*New January 2006; Revised February 2012*

## BENCH NOTES

### *Instructional Duty*

The court has a **sua sponte** duty to give this instruction defining the elements of the crime. If the defendant is charged with any of the sentencing factors in Penal Code section 25850, the court must also give the appropriate instruction from CALCRIM Nos. 2540–2546. (See *People v. Hall* (1998) 67 Cal.App.4th 128, 135 [79 Cal.Rptr.2d 690].)

The court should give the bracketed definition of "firearm" unless the court has already given the definition in other instructions. In such cases, the court may give the bracketed sentence stating that the term is defined elsewhere.

### *Defenses—Instructional Duty*

If the defense presents sufficient evidence to raise a reasonable doubt about the existence of a legal basis for the defendant's actions, the court has a **sua sponte** duty to give the bracketed instruction on the defense. (See *People v. Mower* (2002) 28 Cal.4th 457, 478–481 [122 Cal.Rptr.2d 326, 49 P.3d 1067] [discussing affirmative defenses generally and the burden of proof].) Insert the appropriate language in the bracketed paragraph that begins, "The defendant did not unlawfully . . . ."

### *Related Instructions*

CALCRIM No. 2540, *Carrying Firearm: Specified Convictions*.

CALCRIM No. 2541, *Carrying Firearm: Stolen Firearm*.

CALCRIM No. 2542, *Carrying Firearm: Active Participant in Criminal Street Gang*.

CALCRIM No. 2543, *Carrying Firearm: Not in Lawful Possession*.

CALCRIM No. 2544, *Carrying Firearm: Possession of Firearm Prohibited Due to Conviction, Court Order, or Mental Illness*.

CALCRIM No. 2545, *Carrying Firearm: Not Registered Owner*.

CALCRIM No. 2546, *Carrying Concealed Firearm: Not Registered Owner and Weapon Loaded*.

## AUTHORITY

- Elements.    Pen. Code, § 25850(a).

- Firearm Defined.    Pen. Code, § 16520.

- Knowledge of Presence of Weapon Required.    See *People v. Rubalcava* (2000) 23 Cal.4th 322, 331–332 [96 Cal.Rptr.2d 735, 1 P.3d 52]; *People v. Dillard*

AD965

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

(1984) 154 Cal.App.3d 261, 267 [201 Cal.Rptr. 136].

- Knowledge Firearm Loaded Not Required.  *People v. Dillard* (1984) 154 Cal.App.3d 261, 266 [201 Cal.Rptr. 136]; *People v. Harrison* (1969) 1 Cal.App.3d 115, 120 [81 Cal.Rptr. 396].

- Factors in Pen. Code, § 25400(c) Sentencing Factors, Not Elements.  *People v. Hall* (1998) 67 Cal.App.4th 128, 135 [79 Cal.Rptr.2d 690].

- Justifications and Exemptions.  Pen. Code, § 25900, 26000 et seq.

- Need Not Be Operable.  *People v. Taylor* (1984) 151 Cal.App.3d 432, 437 [199 Cal.Rptr. 6].

- "Loaded" Firearm.  *People v. Clark* (1996) 45 Cal.App.4th 1147, 1153 [53 Cal.Rptr.2d 99].

- Must Be in Incorporated City or Prohibited Area of Unincorporated Territory.  *People v. Knight* (2004) 121 Cal.App.4th 1568, 1575 [18 Cal.Rptr.3d 384].

### Secondary Sources

2 Witkin & Epstein, California Criminal Law (3d ed. 2000) Crimes Against Public Peace and Welfare, §§ 185–186.

6 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 144, *Crimes Against Order,* § 144.01[1][d], [f] (Matthew Bender).

## LESSER INCLUDED OFFENSES

If the defendant is charged with one of the sentencing factors that makes this offense a felony, then the misdemeanor offense is a lesser included offense. The statute defines as a misdemeanor all violations of the statute not covered by the specified sentencing factors. (Pen. Code, § 25850(c)(7).) The court must provide the jury with a verdict form on which the jury will indicate if the sentencing factor has been proved. If the jury finds that the sentencing factor has not been proved, then the offense should be set at a misdemeanor.

## RELATED ISSUES

### Loaded Firearm

"Under the commonly understood meaning of the term 'loaded,' a firearm is 'loaded' when a shell or cartridge has been placed into a position from which it can be fired; the shotgun is not 'loaded' if the shell or cartridge is stored elsewhere and not yet placed in a firing position." (*People v. Clark* (1996) 45 Cal.App.4th 1147, 1153 [53 Cal.Rptr.2d 99].)

### Location—Court May Take Judicial Notice

"The location of local streets within city boundaries is properly a matter of judicial notice [citation omitted], as is the fact that a particular jurisdiction is an

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**WEAPONS**                                        **CALCRIM No. 2530**

incorporated city." (*People v. Vega* (1971) 18 Cal.App.3d 954, 958 [96 Cal.Rptr. 391] [footnote and citation omitted].)

***Taser***

"[A] Taser is a firearm and can be a loaded firearm within [now-repealed] section 12031." (*People v. Heffner* (1977) 70 Cal.App.3d 643, 652 [139 Cal.Rptr. 45].)

## 2531–2539.   Reserved for Future Use

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## D. SELF-DEFENSE AND DEFENSE OF ANOTHER

### 3470. Right to Self-Defense or Defense of Another (Non-Homicide)

---

**Self-defense is a defense to** _____ *<insert list of pertinent crimes charged>*. **The defendant is not guilty of (that/those crime[s]) if (he/she) used force against the other person in lawful (self-defense/ [or] defense of another). The defendant acted in lawful (self-defense/ [or] defense of another) if:**

1. **The defendant reasonably believed that (he/she/ [or] someone else/ [or]** _____ *<insert name of third party>*) **was in imminent danger of suffering bodily injury [or was in imminent danger of being touched unlawfully];**

2. **The defendant reasonably believed that the immediate use of force was necessary to defend against that danger;**

   **AND**

3. **The defendant used no more force than was reasonably necessary to defend against that danger.**

**Belief in future harm is not sufficient, no matter how great or how likely the harm is believed to be. The defendant must have believed there was (imminent danger of bodily injury to (himself/herself/ [or] someone else)/[or] an imminent danger that (he/she/[or] someone else) would be touched unlawfully). Defendant's belief must have been reasonable and (he/she) must have acted because of that belief. The defendant is only entitled to use that amount of force that a reasonable person would believe is necessary in the same situation. If the defendant used more force than was reasonable, the defendant did not act in lawful (self-defense/ [or] defense of another).**

**When deciding whether the defendant's beliefs were reasonable, consider all the circumstances as they were known to and appeared to the defendant and consider what a reasonable person in a similar situation with similar knowledge would have believed. If the defendant's beliefs were reasonable, the danger does not need to have actually existed.**

**[The slightest touching can be unlawful if it is done in a rude or angry way. Making contact with another person, including through his or her clothing, is enough. The touching does not have to cause pain or injury of any kind.]**

**[The defendant's belief that (he/she/ [or] someone else) was threatened**

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**CALCRIM No. 3470**                              DEFENSES AND INSANITY

**may be reasonable even if (he/she) relied on information that was not true. However, the defendant must actually and reasonably have believed that the information was true.]**

**[If you find that _____ <insert name of victim> threatened or harmed the defendant [or others] in the past, you may consider that information in deciding whether the defendant's conduct and beliefs were reasonable.]**

**[If you find that the defendant knew that _____ <insert name of victim> had threatened or harmed others in the past, you may consider that information in deciding whether the defendant's conduct and beliefs were reasonable.]**

**[Someone who has been threatened or harmed by a person in the past is justified in acting more quickly or taking greater self-defense measures against that person.]**

**[If you find that the defendant received a threat from someone else that (he/she) reasonably associated with _____ <insert name of victim>, you may consider that threat in deciding whether the defendant was justified in acting in (self-defense/ [or] defense of another).]**

**[A defendant is not required to retreat. He or she is entitled to stand his or her ground and defend himself or herself and, if reasonably necessary, to pursue an assailant until the danger of (death/bodily injury/_____ <insert crime>) has passed. This is so even if safety could have been achieved by retreating.]**

**The People have the burden of proving beyond a reasonable doubt that the defendant did not act in lawful (self-defense/ [or] defense of another). If the People have not met this burden, you must find the defendant not guilty of _____ <insert crime(s) charged>.**

_____

*New January 2006; Revised June 2007; April 2008, August 2009, February 2012, August 2012*

## BENCH NOTES

*Instructional Duty*

The court must instruct on a defense when the defendant requests it and there is substantial evidence supporting the defense. The court has a **sua sponte** duty to instruct on a defense if there is substantial evidence supporting it and either the defendant is relying on it or it is not inconsistent with the defendant's theory of the case. When the court concludes that the defense is supported by substantial evidence and is inconsistent with the defendant's theory of the case, however, it should ascertain whether defendant wishes instruction on this alternate theory. (*People v. Gonzales* (1999) 74 Cal.App.4th 382, 389–390 [88 Cal.Rptr.2d 111];

ADD069

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

*People v. Breverman* (1998) 19 Cal.4th 142, 157 [77 Cal.Rptr.2d 870, 960 P.2d 1094].)

Substantial evidence means evidence of a defense, which, if believed, would be sufficient for a reasonable jury to find a reasonable doubt as to the defendant's guilt. (*People v. Salas* (2006) 37 Cal.4th 967, 982–983 [38 Cal.Rptr.3d 624, 127 P.3d 40].)

On defense request and when supported by sufficient evidence, the court must instruct that the jury may consider the effect of "antecedent threats and assaults against the defendant on the reasonableness of defendant's conduct." (*People v. Garvin* (2003) 110 Cal.App.4th 484, 488 [1 Cal.Rptr.3d 774].) The court must also instruct that the jury may consider previous threats or assaults by the aggressor against someone else or threats received by the defendant from a third party that the defendant reasonably associated with the aggressor. (See *People v. Pena* (1984) 151 Cal.App.3d 462, 475 [198 Cal.Rptr. 819]; *People v. Minifie* (1996) 13 Cal.4th 1055, 1065, 1068 [56 Cal.Rptr.2d 133, 920 P.2d 1337]; see also CALCRIM No. 505, *Justifiable Homicide: Self-Defense or Defense of Another*.)

### Related Instructions

CALCRIM No. 505, *Justifiable Homicide: Self-Defense or Defense of Another*.

CALCRIM Nos. 3471–3477, Defense Instructions: Defense of Self, Another, Property.

CALCRIM No. 851, *Testimony on Intimate Partner Battering and Its Effects: Offered by the Defense*.

CALCRIM No. 2514, *Possession of Firearm by Person Prohibited by Statute: Self-Defense*.

## AUTHORITY

- Instructional Requirements.   *People v. Moody* (1943) 62 Cal.App.2d 18 [143 P.2d 978]; *People v. Myers* (1998) 61 Cal.App.4th 328, 335, 336 [71 Cal.Rptr.2d 518].

- Lawful Resistance.   Pen. Code, §§ 692, 693, 694; Civ. Code, § 50; see also *People v. Myers* (1998) 61 Cal.App.4th 328, 335 [71 Cal.Rptr.2d 518].

- Burden of Proof.   Pen. Code, § 189.5; *People v. Banks* (1976) 67 Cal.App.3d 379, 383–384 [137 Cal.Rptr. 652].

- Elements.   *People v. Humphrey* (1996) 13 Cal.4th 1073, 1082 [56 Cal.Rptr.2d 142, 921 P.2d 1].

- Imminence.   *People v. Aris* (1989) 215 Cal.App.3d 1178, 1187 [264 Cal.Rptr. 167] (overruled on other grounds in *People v. Humphrey* (1996) 13 Cal.4th 1073, 1089 [56 Cal.Rptr.2d 142, 921 P.2d 1]).

- No Duty to Retreat.   *People v. Hughes* (1951) 107 Cal.App.2d 487, 494 [237 P.2d 64]; *People v. Hatchett* (1942) 56 Cal.App.2d 20, 22 [132 P.2d 51].

- Temporary Possession of Firearm by Felon in Self-Defense.   *People v. King*

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**CALCRIM No. 3470**                                **DEFENSES AND INSANITY**

(1978) 22 Cal.3d 12, 24 [148 Cal.Rptr. 409, 582 P.2d 1000].

- Duty to Retreat Limited to Felon in Possession Cases. *People v. Rhodes* (2005) 129 Cal.App.4th 1339, 1343–1346 [29 Cal.Rptr.3d 226].

- Inmate Self-Defense. *People v. Saavedra* (2007) 156 Cal.App.4th 561 [67 Cal.Rptr.3d 403].

- Reasonable Belief. *People v. Humphrey* (1996) 13 Cal.4th 1073, 1082 [56 Cal.Rptr.2d 142, 921 P.2d 1]; *People v. Clark* (1982) 130 Cal.App.3d 371, 377 [181 Cal.Rptr. 682].

*Secondary Sources*

1 Witkin & Epstein, California Criminal Law (3d ed. 2000) Defenses, §§ 65, 66, 69, 70.

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* §§ 73.11, 73.12 (Matthew Bender).

6 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 124, *Jurisdiction and Disposition Hearings,* § 124.04 (Matthew Bender).

# RELATED ISSUES

### *Brandishing Weapon in Defense of Another*

The defense of others is a defense to a charge of brandishing a weapon under Penal Code section 417(a)(2). (*People v. Kirk* (1986) 192 Cal.App.3d Supp. 15, 19 [238 Cal.Rptr. 42].)

### *Reasonable Person Standard Not Modified by Evidence of Mental Impairment*

In *People v. Jefferson* (2004) 119 Cal.App.4th 508, 519 [14 Cal.Rptr.3d 473], the court rejected the argument that the reasonable person standard for self-defense should be the standard of a mentally ill person like the defendant. "The common law does not take account of a person's mental capacity when determining whether he has acted as the reasonable person would have acted. The law holds 'the mentally deranged or insane defendant accountable for his negligence as if the person were a normal, prudent person.' (Prosser & Keeton, Torts (5th ed. 1984) § 32, p. 177.)" (*Ibid.*; see also Rest.2d Torts, § 283B.)

See also the Related Issues section of CALCRIM No. 505, *Justifiable Homicide: Self-Defense or Defense of Another.*

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## 3471. Right to Self-Defense: Mutual Combat or Initial Aggressor

---

**A person who (engages in mutual combat/ [or who] starts a fight) has a right to self-defense only if:**

> **1. (He/She) actually and in good faith tried to stop fighting;**

> **[AND]**

> **2. (He/She) indicated, by word or by conduct, to (his/her) opponent, in a way that a reasonable person would understand, that (he/she) wanted to stop fighting and that (he/she) had stopped fighting(;/.)**

> *<Give element 3 in cases of mutual combat.>*

> **[AND**

> **3. (He/She) gave (his/her) opponent a chance to stop fighting.]**

**If the defendant meets these requirements, (he/she) then had a right to self-defense if the opponent continued to fight.**

**[However, if the defendant used only non-deadly force, and the opponent responded with such sudden and deadly force that the defendant could not withdraw from the fight, then the defendant had the right to defend (himself/herself) with deadly force and was not required to try to stop fighting(,/ or) communicate the desire to stop to the opponent[, or give the opponent a chance to stop fighting].]**

**[A fight is *mutual combat* when it began or continued by mutual consent or agreement. That agreement may be expressly stated or implied and must occur before the claim to self-defense arose.]**

---

*New January 2006; Revised April 2008, December 2008, April 2011, February 2013*

### BENCH NOTES

***Instructional Duty***

The court must instruct on a defense when the defendant requests it and there is substantial evidence supporting the defense. The court has a **sua sponte** duty to instruct on a defense if there is substantial evidence supporting it and either the defendant is relying on it or it is not inconsistent with the defendant's theory of the case.

Give CALCRIM No. 3470, *Right to Self-Defense or Defense of Another (Non-Homicide)*, together with this instruction.

When the court concludes that the defense is supported by substantial evidence and

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

is inconsistent with the defendant's theory of the case, however, it should ascertain whether defendant wishes instruction on this alternate theory. (*People v. Gonzales* (1999) 74 Cal.App.4th 382, 389–390 [88 Cal.Rptr.2d 111]; *People v. Breverman* (1998) 19 Cal.4th 142, 157 [77 Cal.Rptr.2d 870, 960 P.2d 1094].)

Substantial evidence means evidence of a defense, which, if believed, would be sufficient for a reasonable jury to find a reasonable doubt as to the defendant's guilt. (*People v. Salas* (2006) 37 Cal.4th 967, 982–983 [38 Cal.Rptr.3d 624, 127 P.3d 40].)

Give bracketed element 3 if the person claiming self-defense was engaged in mutual combat.

If the defendant started the fight using non-deadly force and the opponent suddenly escalates to deadly force, the defendant may defend himself or herself using deadly force. (See *People v. Quach* (2004) 116 Cal.App.4th 294, 301–302 [10 Cal.Rptr.3d 196]; *People v. Sawyer* (1967) 256 Cal.App.2d 66, 75 [63 Cal.Rptr. 749]; *People v. Hecker* (1895) 109 Cal. 451, 464 [42 P. 307].) In such cases, give the bracketed sentence that begins with "However, if the defendant . . .".

If the defendant was the initial aggressor and is charged with homicide, always give CALCRIM No. 505, *Justifiable Homicide: Self-Defense or Defense of Another*, in conjunction with this instruction.

# AUTHORITY

- Instructional Requirements.   See Pen. Code, § 197, subd. 3; *People v. Button* (1895) 106 Cal. 628, 633 [39 P. 1073]; *People v. Crandell* (1988) 46 Cal.3d 833, 871–872 [251 Cal.Rptr. 227, 760 P.2d 423]; *People v. Sawyer* (1967) 256 Cal.App.2d 66, 75 [63 Cal.Rptr. 749].

- Escalation to Deadly Force.   *People v. Quach* (2004) 116 Cal.App.4th 294, 301–302 [10 Cal.Rptr.3d 196]; *People v. Sawyer* (1967) 256 Cal.App.2d 66, 75 [63 Cal.Rptr. 749]; *People v. Hecker* (1895) 109 Cal. 451, 464 [42 P. 307]; *People v. Anderson* (1922) 57 Cal.App. 721, 727 [208 P. 204].

- Definition of Mutual Combat.   *People v. Ross* (2007) 155 Cal.App.4th 1033, 1045 [66 Cal.Rptr.3d 438].

### *Secondary Sources*

1 Witkin & Epstein, California. Criminal Law (3d ed. 2000) Defenses, § 75.

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* § 73.11[2][a] (Matthew Bender).

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## 3472. Right to Self-Defense: May Not Be Contrived

---

**A person does not have the right to self-defense if he or she provokes a fight or quarrel with the intent to create an excuse to use force.**

---

*New January 2006; Revised February 2016*

## BENCH NOTES

### Instructional Duty

The court may give this instruction on request when supported by the evidence. (*People v. Olguin* (1995) 31 Cal.App.4th 1355, 1381 [37 Cal.Rptr.2d 596].) The California Supreme Court has held that language in CALJIC No. 5.55, which is similar to this instruction, correctly states California law on self-defense and imperfect self-defense. (*People v. Enraca* (2012) 53 Cal.4th 735, 761–762 [269 P.3d 543]; *People v. Hinshaw* (1924) 194 Cal. 1, 26 [227 P. 156]). However, a Court of Appeal has held that this instruction does not accurately state California law where a defendant uses force intending only to provoke a fistfight and the victim responds with deadly force. (*People v. Ramirez* (2015) 233 Cal.App.4th 940, 952 [183 Cal.Rptr.3d 267]). The court should modify this instruction if necessary.

## AUTHORITY

*   Instructional Requirements.   *People v. Olguin* (1995) 31 Cal.App.4th 1355, 1381 [37 Cal.Rptr.2d 596]; *Fraguglia v. Sala* (1936) 17 Cal.App.2d 738, 743–744 [62 P.2d 783]; *People v. Hinshaw* (1924) 194 Cal. 1, 26 [227 P. 156].

### Secondary Sources

1 Witkin & Epstein, California Criminal Law (4th ed. 2012) Defenses, §§ 75, 78.

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* § 73.11[2][a] (Matthew Bender).

## 3473   Reserved for Future Use

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## 3474. Danger No Longer Exists or Attacker Disabled

---

**The right to use force in (self-defense/ [or] defense of another) continues only as long as the danger exists or reasonably appears to exist. [When the attacker (withdraws/ [or] no longer appears capable of inflicting any injury), then the right to use force ends.]**

---

*New January 2006*

## BENCH NOTES

### Instructional Duty

The court may give this instruction on request when supported by the evidence. (See *People v. Martin* (1980) 101 Cal.App.3d 1000, 1010 [162 Cal.Rptr. 133].)

## AUTHORITY

• Instructional Requirements. See *People v. Keys* (1944) 62 Cal.App.2d 903, 916 [145 P.2d 589]; *People v. Perez* (1970) 12 Cal.App.3d 232, 236 [90 Cal.Rptr. 521].

### Secondary Sources

1 Witkin & Epstein, California Criminal Law (3d ed. 2000) Defenses, § 76.

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* § 73.11[1][b] (Matthew Bender).

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## 3475. Right to Eject Trespasser From Real Property

---

**The (owner/lawful occupant) of a (home/property) may request that a trespasser leave the (home/property). If the trespasser does not leave within a reasonable time and it would appear to a reasonable person that the trespasser poses a threat to (the (home/property)/ [or] the (owner/ [or] occupants), the (owner/lawful occupant) may use reasonable force to make the trespasser leave.**

***Reasonable force*** **means the amount of force that a reasonable person in the same situation would believe is necessary to make the trespasser leave.**

**[If the trespasser resists, the (owner/lawful occupant) may increase the amount of force he or she uses in proportion to the force used by the trespasser and the threat the trespasser poses to the property.]**

**When deciding whether the defendant used reasonable force, consider all the circumstances as they were known to and appeared to the defendant and consider what a reasonable person in a similar situation with similar knowledge would have believed. If the defendant's beliefs were reasonable, the danger does not need to have actually existed.**

**The People have the burden of proving beyond a reasonable doubt that the defendant used more force than was reasonable. If the People have not met this burden, you must find the defendant not guilty of _____ <insert crime>.**

---

*New January 2006; Revised April 2008*

## BENCH NOTES

### Instructional Duty

The court must instruct on a defense when the defendant requests it and there is substantial evidence supporting the defense. The court has a **sua sponte** duty to instruct on a defense if there is substantial evidence supporting it and either the defendant is relying on it or it is not inconsistent with the defendant's theory of the case.

When the court concludes that the defense is supported by substantial evidence and is inconsistent with the defendant's theory of the case, however, it should ascertain whether defendant wishes instruction on this alternate theory. (*People v. Gonzales* (1999) 74 Cal.App.4th 382, 389–390 [88 Cal.Rptr.2d 111]; *People v. Breverman* (1998) 19 Cal.4th 142, 157 [77 Cal.Rptr.2d 870, 960 P.2d 1094].)

Substantial evidence means evidence of a defense, which, if believed, would be sufficient for a reasonable jury to find a reasonable doubt as to the defendant's

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**CALCRIM No. 3475**                                    DEFENSES AND INSANITY

guilt. (*People v. Salas* (2006) 37 Cal.4th 967, 982–983 [38 Cal.Rptr.3d 624, 127 P.3d 40].)

### Related Instructions

CALCRIM No. 3476, *Right to Defend Real or Personal Property*.

CALCRIM No. 3477, *Presumption That Resident Was Reasonably Afraid of Death or Great Bodily Injury*.

CALCRIM No. 506, *Justifiable Homicide: Defending Against Harm to Person Within Home or on Property*.

## AUTHORITY

- Instructional Requirements.   See *People v. Corlett* (1944) 67 Cal.App.2d 33, 51–52 [153 P.2d 595]; *People v. Teixeira* (1899) 123 Cal. 297, 298–299 [55 P. 988]; Civ. Code, § 50.

- Burden of Proof.   See *Boyer v. Waples* (1962) 206 Cal.App.2d 725, 727 [24 Cal.Rptr. 192] [civil action].

### Secondary Sources

1 Witkin & Epstein, California Criminal Law (3d ed. 2000) Defenses, § 78.

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* §§ 73.11[1], 73.13[2] (Matthew Bender).

## RELATED ISSUES

### Negating Self-Defense Claim

The right to defend one's home may negate a defendant's claim of imperfect self-defense, as held in *People v. Watie* (2002) 100 Cal.App.4th 866, 878 [124 Cal.Rptr.2d 258]:

> [T]he right of a victim to defend himself and his property is a relevant consideration in determining whether a defendant may prevail when he seeks to negate malice aforethought by asserting the affirmative defense of imperfect self-defense . . . [¶] . . . If [the victim] had a right to use force to defend himself in his home, then defendant had no right of self-defense, imperfect, or otherwise.

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

## 3476. Right to Defend Real or Personal Property

---

**The owner [or possessor] of (real/ [or] personal) property may use reasonable force to protect that property from imminent harm. [A person may also use reasonable force to protect the property of a (family member/guest/master/servant/ward) from immediate harm.]**

***Reasonable force* means the amount of force that a reasonable person in the same situation would believe is necessary to protect the property from imminent harm.**

**When deciding whether the defendant used reasonable force, consider all the circumstances as they were known to and appeared to the defendant and consider what a reasonable person in a similar situation with similar knowledge would have believed. If the defendant's beliefs were reasonable, the danger does not need to have actually existed.**

**The People have the burden of proving beyond a reasonable doubt that the defendant used more force than was reasonable to protect property from imminent harm. If the People have not met this burden, you must find the defendant not guilty of _____ *<insert crime>*.**

---

*New January 2006; Revised April 2008*

## BENCH NOTES

*Instructional Duty*

The court must instruct on a defense when the defendant requests it and there is substantial evidence supporting the defense. The court has a **sua sponte** duty to instruct on a defense if there is substantial evidence supporting it and either the defendant is relying on it or it is not inconsistent with the defendant's theory of the case.

When the court concludes that the defense is supported by substantial evidence and is inconsistent with the defendant's theory of the case, however, it should ascertain whether defendant wishes instruction on this alternate theory. (*People v. Gonzales* (1999) 74 Cal.App.4th 382, 389–390 [88 Cal.Rptr.2d 111]; *People v. Breverman* (1998) 19 Cal.4th 142, 157 [77 Cal.Rptr.2d 870, 960 P.2d 1094].)

Substantial evidence means evidence of a defense, which, if believed, would be sufficient for a reasonable jury to find a reasonable doubt as to the defendant's guilt. (*People v. Salas* (2006) 37 Cal.4th 967, 982–983 [38 Cal.Rptr.3d 624, 127 P.3d 40].)

*Related Instructions*

CALCRIM No. 3475, *Right to Eject Trespasser From Real Property*.

CALCRIM No. 3477, *Presumption That Resident Was Reasonably Afraid of Death or Great Bodily Injury*.

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**CALCRIM No. 3476**                                 **DEFENSES AND INSANITY**

CALCRIM No. 506, *Justifiable Homicide: Defending Against Harm to Person Within Home or on Property*.

## AUTHORITY

- Instructional Requirements.   See Civ. Code, § 50; *Boyer v. Waples* (1962) 206 Cal.App.2d 725, 727 [24 Cal.Rptr. 192].

- Burden of Proof.   See *Boyer v. Waples* (1962) 206 Cal.App.2d 725, 727 [24 Cal.Rptr. 192] [civil action].

### *Secondary Sources*

1 Witkin & Epstein, California Criminal Law (3d ed. 2000) Defenses, § 78.

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* § 73.13 (Matthew Bender).

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

### 3477. Presumption That Resident Was Reasonably Afraid of Death or Great Bodily Injury (Pen. Code, § 198.5)

---

**The law presumes that the defendant reasonably feared imminent death or great bodily injury to (himself/herself)[, or to a member of (his/her) family or household,] if:**

   1. **An intruder unlawfully and forcibly (entered/ [or] was entering) the defendant's home;**

   2. **The defendant knew [or reasonably believed] that an intruder unlawfully and forcibly (entered/ [or] was entering) the defendant's home;**

   3. **The intruder was not a member of the defendant's household or family;**

   **AND**

   4. **The defendant used force intended to or likely to cause death or great bodily injury to the intruder inside the home.**

**[*Great bodily injury* means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm.]**

**The People have the burden of overcoming this presumption. This means that the People must prove that the defendant did not have a reasonable fear of imminent death or injury to (himself/herself)[, or to a member of his or her family or household,] when (he/she) used force against the intruder. If the People have not met this burden, you must find the defendant reasonably feared death or injury to (himself/herself)[, or to a member of his or her family or household].**

---

*New January 2006*

## BENCH NOTES

*Instructional Duty*

The court has a **sua sponte** duty to instruct on presumptions relevant to the issues of the case. (See *People v. Hood* (1969) 1 Cal.3d 444, 449 [82 Cal.Rptr. 618, 462 P.2d 370]; but see *People v. Silvey* (1997) 58 Cal.App.4th 1320, 1327 [68 Cal.Rptr.2d 681] [presumption not relevant because defendant was not a resident]; *People v. Owen* (1991) 226 Cal.App.3d 996, 1005 [277 Cal.Rptr. 341] [jury was otherwise adequately instructed on pertinent law].)

## AUTHORITY

- Instructional Requirements. Pen. Code, § 198.5; *People v. Brown* (1992) 6 Cal.App.4th 1489, 1494–1495 [8 Cal.Rptr.2d 513].

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**CALCRIM No. 3477**                                     DEFENSES AND INSANITY

- Rebuttable Presumptions Affecting Burden of Proof.   Evid. Code, §§ 601, 604, 606.

*Secondary Sources*

1 Witkin & Epstein, California Criminal Law (3d ed. 2000) Defenses, § 73.

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* §§ 73.11[1], 73.13 (Matthew Bender).

**3478–3499.   Reserved for Future Use**

This version provided by LexisNexis® Matthew Bender®, Official Publisher, 800-533-1637, www.lexisnexis.com/bookstore, for public and internal court use

**State of California**

**FISH AND GAME CODE**

**Section  3004**

---

3004.   (a)  It is unlawful for a person, other than the owner, person in possession of the premises, or a person having the express permission of the owner or person in possession of the premises, while within 150 yards of an occupied dwelling house, residence, or other building, or within 150 yards of a barn or other outbuilding used in connection with an occupied dwelling house, residence, or other building, to either hunt or discharge a firearm or other deadly weapon while hunting. The 150-yard area is a "safety zone."

  (b)  It is unlawful for a person to intentionally discharge a firearm or release an arrow or crossbow bolt over or across a public road or other established way open to the public in an unsafe and reckless manner.

  (Amended by Stats. 2015, Ch. 154, Sec. 60.  (AB 1527)  Effective January 1, 2016.)

ADD82

**State of California**

**GOVERNMENT CODE**

**Section 20**

---

20.  "City" includes "city and county" and "incorporated town," but does not include "unincorporated town" or "village."

(Enacted by Stats. 1943, Ch. 134.)

ADD83

**State of California**

**GOVERNMENT CODE**

**Section 12010**

---

12010.   The Governor shall supervise the official conduct of all executive and ministerial officers.

(Added by Stats. 1945, Ch. 111.)

**State of California**

**GOVERNMENT CODE**

**Section 12011**

---

12011.  The Governor shall see that all offices are filled and their duties performed. If default occurs, he shall apply such remedy as the law allows. If the remedy is imperfect, he shall so advise the Legislature at its next session.

(Added by Stats. 1945, Ch. 111.)

ADD85

**State of California**

**GOVERNMENT CODE**

**Section 12510**

---

12510. The Attorney General is head of the Department of Justice.

(Added by Stats. 1945, Ch. 111.)

ADD86

**State of California**

**GOVERNMENT CODE**

**Section 12511**

---

12511.  The Attorney General has charge, as attorney, of all legal matters in which the State is interested, except the business of The Regents of the University of California and of such other boards or officers as are by law authorized to employ attorneys.

(Added by Stats. 1945, Ch. 111.)

**State of California**

**GOVERNMENT CODE**

**Section 12550**

---

12550. The Attorney General has direct supervision over the district attorneys of the several counties of the State and may require of them written reports as to the condition of public business entrusted to their charge.

When he deems it advisable or necessary in the public interest, or when directed to do so by the Governor, he shall assist any district attorney in the discharge of his duties, and may, where he deems it necessary, take full charge of any investigation or prosecution of violations of law of which the superior court has jurisdiction. In this respect he has all the powers of a district attorney, including the power to issue or cause to be issued subpenas or other process.

(Added by Stats. 1945, Ch. 111.)

ADD88

**State of California**

**PENAL CODE**

**Section  171b**

---

171b.  (a)  Any person who brings or possesses within any state or local public building or at any meeting required to be open to the public pursuant to Chapter 9 (commencing with Section 54950) of Part 1 of Division 2 of Title 5 of, or Article 9 (commencing with Section 11120) of Chapter 1 of Part 1 of Division 3 of Title 2 of, the Government Code, any of the following is guilty of a public offense punishable by imprisonment in a county jail for not more than one year, or in the state prison:

(1)  Any firearm.

(2)  Any deadly weapon described in Section 17235 or in any provision listed in Section 16590.

(3)  Any knife with a blade length in excess of four inches, the blade of which is fixed or is capable of being fixed in an unguarded position by the use of one or two hands.

(4)  Any unauthorized tear gas weapon.

(5)  Any taser or stun gun, as defined in Section 244.5.

(6)  Any instrument that expels a metallic projectile, such as a BB or pellet, through the force of air pressure, $CO_2$ pressure, or spring action, or any spot marker gun or paint gun.

(b)  Subdivision (a) shall not apply to, or affect, any of the following:

(1)  A person who possesses weapons in, or transports weapons into, a court of law to be used as evidence.

(2)  (A)  A duly appointed peace officer as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, a retired peace officer with authorization to carry concealed weapons as described in Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6, a full-time paid peace officer of another state or the federal government who is carrying out official duties while in California, or any person summoned by any of these officers to assist in making arrests or preserving the peace while he or she is actually engaged in assisting the officer.

(B)  Notwithstanding subparagraph (A), subdivision (a) shall apply to any person who brings or possesses any weapon specified therein within any courtroom if he or she is a party to an action pending before the court.

(3)  A person holding a valid license to carry the firearm pursuant to Chapter 4 (commencing with Section 26150) of Division 5 of Title 4 of Part 6.

(4)  A person who has permission to possess that weapon granted in writing by a duly authorized official who is in charge of the security of the state or local government building.

ADD89

(5) A person who lawfully resides in, lawfully owns, or is in lawful possession of, that building with respect to those portions of the building that are not owned or leased by the state or local government.

(6) A person licensed or registered in accordance with, and acting within the course and scope of, Chapter 11.5 (commencing with Section 7512) or Chapter 11.6 (commencing with Section 7590) of Division 3 of the Business and Professions Code who has been hired by the owner or manager of the building if the person has permission pursuant to paragraph (5).

(7) (A) A person who, for the purpose of sale or trade, brings any weapon that may otherwise be lawfully transferred, into a gun show conducted pursuant to Article 1 (commencing with Section 27200) and Article 2 (commencing with Section 27300) of Chapter 3 of Division 6 of Title 4 of Part 6.

(B) A person who, for purposes of an authorized public exhibition, brings any weapon that may otherwise be lawfully possessed, into a gun show conducted pursuant to Article 1 (commencing with Section 27200) and Article 2 (commencing with Section 27300) of Chapter 3 of Division 6 of Title 4 of Part 6.

(c) As used in this section, "state or local public building" means a building that meets all of the following criteria:

(1) It is a building or part of a building owned or leased by the state or local government, if state or local public employees are regularly present for the purposes of performing their official duties. A state or local public building includes, but is not limited to, a building that contains a courtroom.

(2) It is not a building or facility, or a part thereof, that is referred to in Section 171c, 171d, 626.9, 626.95, or 626.10 of this code, or in Section 18544 of the Elections Code.

(3) It is a building not regularly used, and not intended to be used, by state or local employees as a place of residence.

(Amended by Stats. 2010, Ch. 178, Sec. 45. (SB 1115) Effective January 1, 2011. Operative January 1, 2012, by Sec. 107 of Ch. 178.)

ADD90

**State of California**

**PENAL CODE**

**Section 171c**

---

171c.  (a)  (1)  Any person who brings a loaded firearm into, or possesses a loaded firearm within, the State Capitol, any legislative office, any office of the Governor or other constitutional officer, or any hearing room in which any committee of the Senate or Assembly is conducting a hearing, or upon the grounds of the State Capitol, which is bounded by 10th, L, 15th, and N Streets in the City of Sacramento, shall be punished by imprisonment in a county jail for a period of not more than one year, a fine of not more than one thousand dollars ($1,000), or both such imprisonment and fine, or by imprisonment pursuant to subdivision (h) of Section 1170.

(2)  Any person who brings or possesses, within the State Capitol, any legislative office, any hearing room in which any committee of the Senate or Assembly is conducting a hearing, the Legislative Office Building at 1020 N Street in the City of Sacramento, or upon the grounds of the State Capitol, which is bounded by 10th, L, 15th, and N Streets in the City of Sacramento, any of the following, is guilty of a misdemeanor punishable by imprisonment in a county jail for a period not to exceed one year, or by a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment, if the area is posted with a statement providing reasonable notice that prosecution may result from possession of any of these items:

(A)  Any firearm.

(B)  Any deadly weapon described in Section 21510 or in any provision listed in Section 16590.

(C)  Any knife with a blade length in excess of four inches, the blade of which is fixed or is capable of being fixed in an unguarded position by the use of one or two hands.

(D)  Any unauthorized tear gas weapon.

(E)  Any stun gun, as defined in Section 244.5.

(F)  Any instrument that expels a metallic projectile, such as a BB or pellet, through the force of air pressure, $CO_2$ pressure, or spring action, or any spot marker gun or paint gun.

(G)  Any ammunition as defined in Sections 16150 and 16650.

(H)  Any explosive as defined in Section 12000 of the Health and Safety Code.

(b)  Subdivision (a) shall not apply to, or affect, any of the following:

(1)  A duly appointed peace officer as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, a retired peace officer with authorization to carry concealed weapons as described in Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6, a full-time paid peace officer of another state or the federal government who is carrying out official duties while in California,

ADD91

or any person summoned by any of these officers to assist in making arrests or preserving the peace while he or she is actually engaged in assisting the officer.

(2) A person holding a valid license to carry the firearm pursuant to Chapter 4 (commencing with Section 26150) of Division 5 of Title 4 of Part 6, and who has permission granted by the Chief Sergeants at Arms of the State Assembly and the State Senate to possess a concealed weapon upon the premises described in subdivision (a).

(3) A person who has permission granted by the Chief Sergeants at Arms of the State Assembly and the State Senate to possess a weapon upon the premises described in subdivision (a).

(c) (1) Nothing in this section shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of Title 4 of Part 6 of this code, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section.

(2) The provisions of this section are cumulative, and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

(Amended by Stats. 2013, Ch. 76, Sec. 145.5. (AB 383) Effective January 1, 2014.)

ADD92

**State of California**

**PENAL CODE**

**Section 171d**

---

171d.  Any person, except a duly appointed peace officer as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, a full-time paid peace officer of another state or the federal government who is carrying out official duties while in California, any person summoned by that officer to assist in making arrests or preserving the peace while he or she is actually engaged in assisting the officer, a member of the military forces of this state or of the United States engaged in the performance of his or her duties, a person holding a valid license to carry the firearm pursuant to Chapter 4 (commencing with Section 26150) of Division 5 of Title 4 of Part 6, the Governor or a member of his or her immediate family or a person acting with his or her permission with respect to the Governor's Mansion or any other residence of the Governor, any other constitutional officer or a member of his or her immediate family or a person acting with his or her permission with respect to the officer's residence, or a Member of the Legislature or a member of his or her immediate family or a person acting with his or her permission with respect to the Member's residence, shall be punished by imprisonment in a county jail for not more than one year, by fine of not more than one thousand dollars ($1,000), or by both the fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170, if he or she does any of the following:

  (a)  Brings a loaded firearm into, or possesses a loaded firearm within, the Governor's Mansion, or any other residence of the Governor, the residence of any other constitutional officer, or the residence of any Member of the Legislature.

  (b)  Brings a loaded firearm upon, or possesses a loaded firearm upon, the grounds of the Governor's Mansion or any other residence of the Governor, the residence of any other constitutional officer, or the residence of any Member of the Legislature.

  (Amended (as amended by Stats. 2010, Ch. 178) by Stats. 2011, Ch. 15, Sec. 270.  (AB 109)  Effective April 4, 2011.  Amending action operative October 1, 2011, by Sec. 636 of Ch. 15, as amended by Stats. 2011, Ch. 39, Sec. 68.  Amended version operative January 1, 2012, pursuant to Stats. 2010, Ch. 178, Sec. 107.)

ADD93

**State of California**

**PENAL CODE**

**Section 171e**

---

171e.   A firearm shall be deemed loaded for the purposes of Sections 171c and 171d whenever both the firearm and unexpended ammunition capable of being discharged from such firearm are in the immediate possession of the same person.

   In order to determine whether or not a firearm is loaded for the purpose of enforcing Section 171c or 171d, peace officers are authorized to examine any firearm carried by anyone on his person or in a vehicle while in any place or on the grounds of any place in or on which the possession of a loaded firearm is prohibited by Section 171c or 171d. Refusal to allow a peace officer to inspect a firearm pursuant to the provisions of this section constitutes probable cause for arrest for violation of Section 171c or 171d.

   (Added by Stats. 1967, Ch. 960.)

ADD94

**State of California**

**PENAL CODE**

**Section 171.5**

---

171.5.  (a)  For purposes of this section:

(1)  "Airport" means an airport, with a secured area, that regularly serves an air carrier holding a certificate issued by the United States Secretary of Transportation.

(2)  "Passenger vessel terminal" means only that portion of a harbor or port facility, as described in Section 105.105(a)(2) of Title 33 of the Code of Federal Regulations, with a secured area that regularly serves scheduled commuter or passenger operations.

(3)  "Sterile area" means a portion of an airport defined in the airport security program to which access generally is controlled through the screening of persons and property, as specified in Section 1540.5 of Title 49 of the Code of Federal Regulations, or a portion of any passenger vessel terminal to which, pursuant to the requirements set forth in Sections 105.255(a)(1), 105.255(c)(1), and 105.260(a) of Title 33 of the Code of Federal Regulations, access is generally controlled in a manner consistent with the passenger vessel terminal's security plan and the MARSEC level in effect at the time.

(b)  It is unlawful for any person to knowingly possess, within any sterile area of an airport or a passenger vessel terminal, any of the items listed in subdivision (c).

(c)  The following items are unlawful to possess as provided in subdivision (b):

(1)  Any firearm.

(2)  Any knife with a blade length in excess of four inches, the blade of which is fixed, or is capable of being fixed, in an unguarded position by the use of one or two hands.

(3)  Any box cutter or straight razor.

(4)  Any metal military practice hand grenade.

(5)  Any metal replica hand grenade.

(6)  Any plastic replica hand grenade.

(7)  Any imitation firearm as defined in Section 417.4.

(8)  Any frame, receiver, barrel, or magazine of a firearm.

(9)  Any unauthorized tear gas weapon.

(10)  Any taser or stun gun, as defined in Section 244.5.

(11)  Any instrument that expels a metallic projectile, such as a BB or pellet, through the force of air pressure, $CO_2$ pressure, or spring action, or any spot marker gun or paint gun.

(12)  Any ammunition as defined in Section 16150.

(d)  Subdivision (b) shall not apply to, or affect, any of the following:

(1)  A duly appointed peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, a retired peace officer with authorization to carry

ADD95

concealed weapons as described in Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6, a full-time paid peace officer of another state or the federal government who is carrying out official duties while in California, or any person summoned by any of these officers to assist in making arrests or preserving the peace while he or she is actually engaged in assisting the officer.

(2)  A person who has authorization to possess a weapon specified in subdivision (c), granted in writing by an airport security coordinator who is designated as specified in Section 1542.3 of Title 49 of the Code of Federal Regulations, and who is responsible for the security of the airport.

(3)  A person, including an employee of a licensed contract guard service, who has authorization to possess a weapon specified in subdivision (c) granted in writing by a person discharging the duties of Facility Security Officer or Company Security Officer pursuant to an approved United States Coast Guard facility security plan, and who is responsible for the security of the passenger vessel terminal.

(e)  A violation of this section is punishable by imprisonment in a county jail for a period not exceeding six months, or by a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.

(f)  The provisions of this section are cumulative, and shall not be construed as restricting the application of any other law. However, an act or omission that is punishable in different ways by this and any other provision of law shall not be punished under more than one provision.

(g)  Nothing in this section is intended to affect existing state or federal law regarding the transportation of firearms on airplanes in checked luggage, or the possession of the items listed in subdivision (c) in areas that are not "sterile areas."

(Amended by Stats. 2010, Ch. 178, Sec. 48.  (SB 1115)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 107 of Ch. 178.)

ADD96

**State of California**

**PENAL CODE**

**Section 171.7**

---

171.7.  (a)  For purposes of this section:

(1)  "Public transit facility" means any land, building, or equipment, or any interest therein, including any station on a public transportation route, to which access is controlled in a manner consistent with the public transit authority's security plan, whether or not the operation thereof produces revenue, that has as its primary purpose the operation of a public transit system or the providing of services to the passengers of a public transit system. A public transit system includes the vehicles used in the system, including, but not limited to, motor vehicles, streetcars, trackless trolleys, buses, light rail systems, rapid transit systems, subways, trains, or jitneys, that transport members of the public for hire.

(2)  "Sterile area" means any portion of a public transit facility that is generally controlled in a manner consistent with the public transit authority's security plan.

(3)  "Firearm" has the same meaning as specified in subdivision (a) of Section 16520.

(b)  It is unlawful for any person to knowingly possess within any sterile area of a public transit facility any of the following, if the sterile area is posted with a statement providing reasonable notice that prosecution may result from possession of these items:

(1)  Any firearm.

(2)  Any imitation firearm as defined in Section 417.4.

(3)  Any instrument that expels a metallic projectile, such as a BB or pellet, through the force of air pressure, $CO_2$ pressure, or spring action, or any spot marker gun or paint gun.

(4)  Any metal military practice hand grenade.

(5)  Any metal replica hand grenade.

(6)  Any plastic replica hand grenade.

(7)  Any unauthorized tear gas weapon.

(8)  Any undetectable knife, as described in Section 17290.

(c)  (1)  Subdivision (b) shall not apply to, or affect, any of the following:

(A)  A duly appointed peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2.

(B)  A retired peace officer with authorization to carry concealed weapons as described in Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6.

(C)  A full-time paid peace officer of another state or the federal government who is carrying out official duties while in California.

ADD97

(D)  A qualified law enforcement officer of another state or the federal government, as permitted under the Law Enforcement Officers Safety Act pursuant to Section 926B or 926C of Title 18 of the United States Code.

(E)  Any person summoned by any of the officers listed in subparagraphs (A) to (C), inclusive, to assist in making arrests or preserving the peace while he or she is actually engaged in assisting the officer.

(F)  A person who is responsible for the security of the public transit system and who has been authorized by the public transit authority's security coordinator, in writing, to possess a weapon specified in subdivision (b).

(2)  Paragraph (1) of subdivision (b) does not apply to or affect a person who is exempt from the prohibition against carrying a handgun pursuant to Section 25400 if the carrying of that handgun is in accordance with the terms and conditions of the exemption specified in Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6 or Sections 25615 to 25655, inclusive.

(3)  Paragraph (7) of subdivision (b) shall not apply to or affect the possession of a tear gas weapon when possession is permitted pursuant to Division 11 (commencing with Section 22810) of Title 3 of Part 6.

(d)  A violation of this section is punishable by imprisonment in a county jail for a period not exceeding six months, or by a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.

(e)  The provisions of this section are cumulative, and shall not be construed as restricting the application of any other law. However, an act or omission that is punishable in different ways by this and any other provision of law shall not be punished under more than one provision.

(f)  This section does not prevent prosecution under any other provision of law that may provide a greater punishment.

(g)  This section shall be interpreted so as to be consistent with Section 926A of Title 18 of the United States Code.

(Amended by Stats. 2011, Ch. 285, Sec. 11.  (AB 1402)  Effective January 1, 2012.)

ADD98

**State of California**

**PENAL CODE**

**Section 415**

---

415. Any of the following persons shall be punished by imprisonment in the county jail for a period of not more than 90 days, a fine of not more than four hundred dollars ($400), or both such imprisonment and fine:

(1) Any person who unlawfully fights in a public place or challenges another person in a public place to fight.

(2) Any person who maliciously and willfully disturbs another person by loud and unreasonable noise.

(3) Any person who uses offensive words in a public place which are inherently likely to provoke an immediate violent reaction.

(Amended by Stats. 1983, Ch. 1092, Sec. 283. Effective September 27, 1983. Operative January 1, 1984, by Sec. 427 of Ch. 1092.)

ADD99

**State of California**

**PENAL CODE**

**Section  626.9**

---

626.9.  (a)  This section shall be known, and may be cited, as the Gun-Free School Zone Act of 1995.

(b)  Any person who possesses a firearm in a place that the person knows, or reasonably should know, is a school zone, as defined in paragraph (1) of subdivision (e), unless it is with the written permission of the school district superintendent, his or her designee, or equivalent school authority, shall be punished as specified in subdivision (f).

(c)  Subdivision (b) does not apply to the possession of a firearm under any of the following circumstances:

(1)  Within a place of residence or place of business or on private property, if the place of residence, place of business, or private property is not part of the school grounds and the possession of the firearm is otherwise lawful.

(2)  When the firearm is an unloaded pistol, revolver, or other firearm capable of being concealed on the person and is in a locked container or within the locked trunk of a motor vehicle.

This section does not prohibit or limit the otherwise lawful transportation of any other firearm, other than a pistol, revolver, or other firearm capable of being concealed on the person, in accordance with state law.

(3)  When the person possessing the firearm reasonably believes that he or she is in grave danger because of circumstances forming the basis of a current restraining order issued by a court against another person or persons who has or have been found to pose a threat to his or her life or safety. This subdivision may not apply when the circumstances involve a mutual restraining order issued pursuant to Division 10 (commencing with Section 6200) of the Family Code absent a factual finding of a specific threat to the person's life or safety. Upon a trial for violating subdivision (b), the trier of a fact shall determine whether the defendant was acting out of a reasonable belief that he or she was in grave danger.

(4)  When the person is exempt from the prohibition against carrying a concealed firearm pursuant to Section 25615, 25625, 25630, or 25645.

(5)  When the person holds a valid license to carry the firearm pursuant to Chapter 4 (commencing with Section 26150) of Division 5 of Title 4 of Part 6, who is carrying that firearm in an area that is not in, or on the grounds of, a public or private school providing instruction in kindergarten or grades 1 to 12, inclusive, but within a distance of 1,000 feet from the grounds of the public or private school.

ADD100

(d)  Except as provided in subdivision (b), it shall be unlawful for any person, with reckless disregard for the safety of another, to discharge, or attempt to discharge, a firearm in a school zone, as defined in paragraph (1) of subdivision (e).

The prohibition contained in this subdivision does not apply to the discharge of a firearm to the extent that the conditions of paragraph (1) of subdivision (c) are satisfied.

(e)  As used in this section, the following definitions shall apply:

(1)  "Concealed firearm" has the same meaning as that term is given in Sections 25400 and 25610.

(2)  "Firearm" has the same meaning as that term is given in subdivisions (a) to (d), inclusive, of Section 16520.

(3)  "Locked container" has the same meaning as that term is given in Section 16850.

(4)  "School zone" means an area in, or on the grounds of, a public or private school providing instruction in kindergarten or grades 1 to 12, inclusive, or within a distance of 1,000 feet from the grounds of the public or private school.

(f)  (1)  Any person who violates subdivision (b) by possessing a firearm in, or on the grounds of, a public or private school providing instruction in kindergarten or grades 1 to 12, inclusive, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or five years.

(2)  Any person who violates subdivision (b) by possessing a firearm within a distance of 1,000 feet from the grounds of a public or private school providing instruction in kindergarten or grades 1 to 12, inclusive, shall be punished as follows:

(A)  By imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or five years, if any of the following circumstances apply:

(i)  If the person previously has been convicted of any felony, or of any crime made punishable by any provision listed in Section 16580.

(ii)  If the person is within a class of persons prohibited from possessing or acquiring a firearm pursuant to Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of Title 4 of Part 6 of this code or Section 8100 or 8103 of the Welfare and Institutions Code.

(iii)  If the firearm is any pistol, revolver, or other firearm capable of being concealed upon the person and the offense is punished as a felony pursuant to Section 25400.

(B)  By imprisonment in a county jail for not more than one year or by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or five years, in all cases other than those specified in subparagraph (A).

(3)  Any person who violates subdivision (d) shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for three, five, or seven years.

(g)  (1)  Every person convicted under this section for a misdemeanor violation of subdivision (b) who has been convicted previously of a misdemeanor offense enumerated in Section 23515 shall be punished by imprisonment in a county jail for not less than three months, or if probation is granted or if the execution or imposition of sentence is suspended, it shall be a condition thereof that he or she be imprisoned in a county jail for not less than three months.

ADD101

(2)  Every person convicted under this section of a felony violation of subdivision (b) or (d) who has been convicted previously of a misdemeanor offense enumerated in Section 23515, if probation is granted or if the execution of sentence is suspended, it shall be a condition thereof that he or she be imprisoned in a county jail for not less than three months.

(3)  Every person convicted under this section for a felony violation of subdivision (b) or (d) who has been convicted previously of any felony, or of any crime made punishable by any provision listed in Section 16580, if probation is granted or if the execution or imposition of sentence is suspended, it shall be a condition thereof that he or she be imprisoned in a county jail for not less than three months.

(4)  The court shall apply the three-month minimum sentence specified in this subdivision, except in unusual cases where the interests of justice would best be served by granting probation or suspending the execution or imposition of sentence without the minimum imprisonment required in this subdivision or by granting probation or suspending the execution or imposition of sentence with conditions other than those set forth in this subdivision, in which case the court shall specify on the record and shall enter on the minutes the circumstances indicating that the interests of justice would best be served by this disposition.

(h)  Notwithstanding Section 25605, any person who brings or possesses a loaded firearm upon the grounds of a campus of, or buildings owned or operated for student housing, teaching, research, or administration by, a public or private university or college, that are contiguous or are clearly marked university property, unless it is with the written permission of the university or college president, his or her designee, or equivalent university or college authority, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years. Notwithstanding subdivision (k), a university or college shall post a prominent notice at primary entrances on noncontiguous property stating that firearms are prohibited on that property pursuant to this subdivision.

(i)  Notwithstanding Section 25605, any person who brings or possesses a firearm upon the grounds of a campus of, or buildings owned or operated for student housing, teaching, research, or administration by, a public or private university or college, that are contiguous or are clearly marked university property, unless it is with the written permission of the university or college president, his or her designee, or equivalent university or college authority, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for one, two, or three years. Notwithstanding subdivision (k), a university or college shall post a prominent notice at primary entrances on noncontiguous property stating that firearms are prohibited on that property pursuant to this subdivision.

(j)  For purposes of this section, a firearm shall be deemed to be loaded when there is an unexpended cartridge or shell, consisting of a case that holds a charge of powder and a bullet or shot, in, or attached in any manner to, the firearm, including, but not limited to, in the firing chamber, magazine, or clip thereof attached to the firearm. A muzzle-loader firearm shall be deemed to be loaded when it is capped or primed and has a powder charge and ball or shot in the barrel or cylinder.

(k)  This section does not require that notice be posted regarding the proscribed conduct.

(*l*)  This section does not apply to a duly appointed peace officer as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, a full-time paid peace officer of another state or the federal government who is carrying out official duties while in California, any person summoned by any of these officers to assist in making arrests or preserving the peace while he or she is actually engaged in assisting the officer, a member of the military forces of this state or of the United States who is engaged in the performance of his or her duties, or an armored vehicle guard, engaged in the performance of his or her duties, as defined in subdivision (d) of Section 7582.1 of the Business and Professions Code.

(m)  This section does not apply to a security guard authorized to carry a loaded firearm pursuant to Article 4 (commencing with Section 26000) of Chapter 3 of Division 5 of Title 4 of Part 6.

(n)  This section does not apply to an existing shooting range at a public or private school or university or college campus.

(o)  This section does not apply to an honorably retired peace officer authorized to carry a concealed or loaded firearm pursuant to any of the following:

(1)  Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6.

(2)  Section 25650.

(3)  Sections 25900 to 25910, inclusive.

(4)  Section 26020.

(5)  Paragraph (2) of subdivision (c) of Section 26300.

(p)  This section does not apply to a peace officer appointed pursuant to Section 830.6 who is authorized to carry a firearm by the appointing agency.

(Amended by Stats. 2015, Ch. 766, Sec. 1.  (SB 707)  Effective January 1, 2016.)

ADD103

**State of California**

**PENAL CODE**

**Section  654**

---

654.   (a)  An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

   (b)  Notwithstanding subdivision (a), a defendant sentenced pursuant to subdivision (a) shall not be granted probation if any of the provisions that would otherwise apply to the defendant prohibits the granting of probation.

   (Amended by Stats. 1997, Ch. 410, Sec. 1.  Effective January 1, 1998.)

**State of California**

**PENAL CODE**

**Section 4502**

---

4502.  (a)  Every person who, while at or confined in any penal institution, while being conveyed to or from any penal institution, or while under the custody of officials, officers, or employees of any penal institution, possesses or carries upon his or her person or has under his or her custody or control any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, or metal knuckles, any explosive substance, or fixed ammunition, any dirk or dagger or sharp instrument, any pistol, revolver, or other firearm, or any tear gas or tear gas weapon, is guilty of a felony and shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years, to be served consecutively.

 (b)  Every person who, while at or confined in any penal institution, while being conveyed to or from any penal institution, or while under the custody of officials, officers, or employees of any penal institution, manufactures or attempts to manufacture any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, or metal knuckles, any explosive substance, or fixed ammunition, any dirk or dagger or sharp instrument, any pistol, revolver, or other firearm, or any tear gas or tear gas weapon, is guilty of a felony and shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months, or two or three years, to be served consecutively.

 (c)  For purposes of this section, "penal institution" means the state prison, a prison road camp, prison forestry camp, or other prison camp or farm, or a county jail or county road camp.

 (Amended by Stats. 2011, Ch. 15, Sec. 485.  (AB 109)  Effective April 4, 2011.  Operative October 1, 2011, by Sec. 636 of Ch. 15, as amended by Stats. 2011, Ch. 39, Sec. 68.)

**State of California**

**PENAL CODE**

**Section 12021.5**

---

12021.5.  (a)  Every person who carries a loaded or unloaded firearm on his or her person, or in a vehicle, during the commission or attempted commission of any street gang crimes described in subdivision (a) or (b) of Section 186.22, shall, upon conviction of the felony or attempted felony, be punished by an additional term of imprisonment in the state prison for one, two, or three years. The court shall select the sentence enhancement which, in the court's discretion, best serves the interests of justice and shall state the reasons for its choice on the record at the time of sentence, in accordance with the provisions of subdivision (d) of Section 1170.1.

(b)  Every person who carries a loaded or unloaded firearm together with a detachable shotgun magazine, a detachable pistol magazine, a detachable magazine, or a belt-feeding device on his or her person, or in a vehicle, during the commission or attempted commission of any street gang crimes described in subdivision (a) or (b) of Section 186.22, shall, upon conviction of the felony or attempted felony, be punished by an additional term of imprisonment in the state prison for two, three, or four years. The court shall select the sentence enhancement which, in the court's discretion, best serves the interests of justice and shall state the reasons for its choice on the record at the time of sentence, in accordance with the provisions of subdivision (d) of Section 1170.1.

(c)  As used in this section, the following definitions shall apply:

(1)  "Detachable magazine" means a device that is designed or redesigned to do all of the following:

(A)  To be attached to a rifle that is designed or redesigned to fire ammunition.

(B)  To be attached to, and detached from, a rifle that is designed or redesigned to fire ammunition.

(C)  To feed ammunition continuously and directly into the loading mechanism of a rifle that is designed or redesigned to fire ammunition.

(2)  "Detachable pistol magazine" means a device that is designed or redesigned to do all of the following:

(A)  To be attached to a semiautomatic firearm that is not a rifle or shotgun that is designed or redesigned to fire ammunition.

(B)  To be attached to, and detached from, a firearm that is not a rifle or shotgun that is designed or redesigned to fire ammunition.

(C)  To feed ammunition continuously and directly into the loading mechanism of a firearm that is not a rifle or a shotgun that is designed or redesigned to fire ammunition.

ADD106

(3) "Detachable shotgun magazine" means a device that is designed or redesigned to do all of the following:

(A) To be attached to a firearm that is designed or redesigned to fire a fixed shotgun shell through a smooth or rifled bore.

(B) To be attached to, and detached from, a firearm that is designed or redesigned to fire a fixed shotgun shell through a smooth bore.

(C) To feed fixed shotgun shells continuously and directly into the loading mechanism of a firearm that is designed or redesigned to fire a fixed shotgun shell.

(4) "Belt-feeding device" means a device that is designed or redesigned to continuously feed ammunition into the loading mechanism of a machinegun or a semiautomatic firearm.

(5) "Rifle" shall have the same meaning as specified in paragraph (20) of subdivision (c) of Section 12020 until January 1, 2012, and, on or after that date, Section 17090.

(6) "Shotgun" shall have the same meaning as specified in paragraph (21) of subdivision (c) of Section 12020 until January 1, 2012, and, on or after that date, Section 17190.

(d) This section shall remain in effect only until January 1, 2017, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2017, deletes or extends that date.

(Amended (as added by Stats. 2011, Ch. 361, Sec. 13) by Stats. 2013, Ch. 508, Sec. 11. (SB 463) Effective January 1, 2014. Repealed as of January 1, 2017, by its own provisions. See later operative version, as amended by Sec. 12 of Ch. 508.)

ADD107

**State of California**

**PENAL CODE**

**Section  16025**

---

16025.   (a)  A judicial decision determining the constitutionality of a previously existing provision is relevant in determining the constitutionality of any provision of this part, of Title 2 (commencing with Section 12001) of Part 4, or any other provision of the Deadly Weapons Recodification Act of 2010, which restates and continues that previously existing provision.

(b)  However, in enacting the Deadly Weapons Recodification Act of 2010, the Legislature has not evaluated the constitutionality of any provision affected by the act, or the correctness of any judicial decision determining the constitutionality of any provision affected by the act.

(c)  The Deadly Weapons Recodification Act of 2010 is not intended to, and does not, reflect any determination of the constitutionality of any provision affected by the act.

(Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

**State of California**

**PENAL CODE**

**Section  16750**

---

16750.  (a)  As used in Section 25400, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully owns the firearm or has the permission of the lawful owner or a person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

   (b)  As used in Article 2 (commencing with Section 25850), Article 3 (commencing with Section 25900), and Article 4 (commencing with Section 26000) of Chapter 3 of Division 5 of Title 4, Chapter 6 (commencing with Section 26350) of Division 5 of Title 4, and Chapter 7 (commencing with Section 26400) of Division 5 of Title 4, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully acquired and lawfully owns the firearm or has the permission of the lawful owner or person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

   (Amended by Stats. 2012, Ch. 700, Sec. 6.  (AB 1527)  Effective January 1, 2013.)

**State of California**

**PENAL CODE**

**Section 16840**

---

16840. (a) As used in Section 25800, a firearm shall be deemed to be "loaded" whenever both the firearm and the unexpended ammunition capable of being discharged from the firearm are in the immediate possession of the same person.

(b) As used in Chapter 2 (commencing with Section 25100) of Division 4 of Title 4, in subparagraph (A) of paragraph (6) of subdivision (c) of Section 25400, and in Sections 25850 to 26055, inclusive,

(1) A firearm shall be deemed to be "loaded" when there is an unexpended cartridge or shell, consisting of a case that holds a charge of powder and a bullet or shot, in, or attached in any manner to, the firearm, including, but not limited to, in the firing chamber, magazine, or clip thereof attached to the firearm.

(2) Notwithstanding paragraph (1), a muzzle-loader firearm shall be deemed to be loaded when it is capped or primed and has a powder charge and ball or shot in the barrel or cylinder.

(Added by Stats. 2010, Ch. 711, Sec. 6. (SB 1080) Effective January 1, 2011. Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD110

**State of California**

**PENAL CODE**

**Section 17030**

---

17030. As used in this part, "prohibited area" means any place where it is unlawful to discharge a weapon.

(Added by Stats. 2010, Ch. 711, Sec. 6. (SB 1080) Effective January 1, 2011. Operative January 1, 2012, by Sec. 10 of Ch. 711.)

**State of California**

**PENAL CODE**

**Section  24510**

---

24510.   Except as provided in Chapter 1 (commencing with Section 17700) of Division 2 of Title 2, any person in this state who manufactures or causes to be manufactured, imports into the state, keeps for sale, or offers or exposes for sale, or who gives, lends, or possesses any firearm not immediately recognizable as a firearm is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170.

   (Amended by Stats. 2012, Ch. 43, Sec. 101.  (SB 1023)  Effective June 27, 2012.)

ADD112

**State of California**

**PENAL CODE**

**Section 24610**

---

24610.   Except as provided in Chapter 1 (commencing with Section 17700) of Division 2 of Title 2, any person in this state who manufactures or causes to be manufactured, imports into the state, keeps for sale, or offers or exposes for sale, or who gives, lends, or possesses any undetectable firearm is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170.

(Amended by Stats. 2012, Ch. 43, Sec. 102.  (SB 1023)  Effective June 27, 2012.)

**State of California**

**PENAL CODE**

**Section  25300**

_____

25300.   (a)  A person commits criminal possession of a firearm when the person carries a firearm in a public place or on any public street while masked so as to hide the person's identity.

(b)  Criminal possession of a firearm is punishable by imprisonment pursuant to subdivision (h) of Section 1170 or by imprisonment in a county jail not to exceed one year.

(c)  Subdivision (a) does not apply to any of the following:

(1)  A peace officer in performance of the officer's duties.

(2)  A full-time paid peace officer of another state or the federal government who is carrying out official duties while in this state.

(3)  Any person summoned by any of the officers enumerated in paragraph (1) or (2) to assist in making an arrest or preserving the peace while that person is actually engaged in assisting that officer.

(4)  The possession of an unloaded firearm or a firearm loaded with blank ammunition by an authorized participant in, or while rehearsing for, a motion picture, television, video production, entertainment event, entertainment activity, or lawfully organized and conducted activity when the participant lawfully uses the firearm as part of that production, event, or activity.

(5)  The possession of a firearm by a licensed hunter while actually engaged in lawful hunting, or while going directly to or returning directly from the hunting expedition.

(Amended by Stats. 2011, Ch. 15, Sec. 542.  (AB 109)  Effective April 4, 2011.  Amending action operative October 1, 2011, by Sec. 636 of Ch. 15, as amended by Stats. 2011, Ch. 39, Sec. 68.  Section operative January 1, 2012, pursuant to Stats. 2010, Ch. 711, Sec. 10.)

ADD114

**State of California**

**PENAL CODE**

**Section  25400**

---

25400.   (a)  A person is guilty of carrying a concealed firearm when the person does any of the following:

(1)  Carries concealed within any vehicle that is under the person's control or direction any pistol, revolver, or other firearm capable of being concealed upon the person.

(2)  Carries concealed upon the person any pistol, revolver, or other firearm capable of being concealed upon the person.

(3)  Causes to be carried concealed within any vehicle in which the person is an occupant any pistol, revolver, or other firearm capable of being concealed upon the person.

(b)  A firearm carried openly in a belt holster is not concealed within the meaning of this section.

(c)  Carrying a concealed firearm in violation of this section is punishable as follows:

(1)  If the person previously has been convicted of any felony, or of any crime made punishable by a provision listed in Section 16580, as a felony.

(2)  If the firearm is stolen and the person knew or had reasonable cause to believe that it was stolen, as a felony.

(3)  If the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act (Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1), as a felony.

(4)  If the person is not in lawful possession of the firearm or the person is within a class of persons prohibited from possessing or acquiring a firearm pursuant to Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, as a felony.

(5)  If the person has been convicted of a crime against a person or property, or of a narcotics or dangerous drug violation, by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(6)  If both of the following conditions are met, by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment:

(A)  The pistol, revolver, or other firearm capable of being concealed upon the person is loaded, or both it and the unexpended ammunition capable of being

ADD115

discharged from it are in the immediate possession of the person or readily accessible to that person.

(B) The person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106 as the registered owner of that pistol, revolver, or other firearm capable of being concealed upon the person.

(7) In all cases other than those specified in paragraphs (1) to (6), inclusive, by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(d) (1) Every person convicted under this section who previously has been convicted of a misdemeanor offense enumerated in Section 23515 shall be punished by imprisonment in a county jail for at least three months and not exceeding six months, or, if granted probation, or if the execution or imposition of sentence is suspended, it shall be a condition thereof that the person be imprisoned in a county jail for at least three months.

(2) Every person convicted under this section who has previously been convicted of any felony, or of any crime made punishable by a provision listed in Section 16580, if probation is granted, or if the execution or imposition of sentence is suspended, it shall be a condition thereof that the person be imprisoned in a county jail for not less than three months.

(e) The court shall apply the three-month minimum sentence as specified in subdivision (d), except in unusual cases where the interests of justice would best be served by granting probation or suspending the imposition or execution of sentence without the minimum imprisonment required in subdivision (d) or by granting probation or suspending the imposition or execution of sentence with conditions other than those set forth in subdivision (d), in which case, the court shall specify on the record and shall enter on the minutes the circumstances indicating that the interests of justice would best be served by that disposition.

(Amended by Stats. 2011, Ch. 15, Sec. 543. (AB 109) Effective April 4, 2011. Amending action operative October 1, 2011, by Sec. 636 of Ch. 15, as amended by Stats. 2011, Ch. 39, Sec. 68. Section operative January 1, 2012, pursuant to Stats. 2010, Ch. 711, Sec. 10.)

**State of California**

**PENAL CODE**

**Section 25605**

---

25605. (a) Section 25400 and Chapter 6 (commencing with Section 26350) of Division 5 shall not apply to or affect any citizen of the United States or legal resident over the age of 18 years who resides or is temporarily within this state, and who is not within the excepted classes prescribed by Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, who carries, either openly or concealed, anywhere within the citizen's or legal resident's place of residence, place of business, or on private property owned or lawfully possessed by the citizen or legal resident, any handgun.

(b) No permit or license to purchase, own, possess, keep, or carry, either openly or concealed, shall be required of any citizen of the United States or legal resident over the age of 18 years who resides or is temporarily within this state, and who is not within the excepted classes prescribed by Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, to purchase, own, possess, keep, or carry, either openly or concealed, a handgun within the citizen's or legal resident's place of residence, place of business, or on private property owned or lawfully possessed by the citizen or legal resident.

(c) Nothing in this section shall be construed as affecting the application of Sections 25850 to 26055, inclusive.

(Amended by Stats. 2011, Ch. 725, Sec. 13. (AB 144) Effective January 1, 2012.)

ADD117

**State of California**

**PENAL CODE**

**Section 25610**

---

25610.  (a)  Section 25400 shall not be construed to prohibit any citizen of the United States over the age of 18 years who resides or is temporarily within this state, and who is not prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm, from transporting or carrying any pistol, revolver, or other firearm capable of being concealed upon the person, provided that the following applies to the firearm:

   (1)  The firearm is within a motor vehicle and it is locked in the vehicle's trunk or in a locked container in the vehicle.

   (2)  The firearm is carried by the person directly to or from any motor vehicle for any lawful purpose and, while carrying the firearm, the firearm is contained within a locked container.

   (b)  The provisions of this section do not prohibit or limit the otherwise lawful carrying or transportation of any pistol, revolver, or other firearm capable of being concealed upon the person in accordance with the provisions listed in Section 16580.

   (Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

**State of California**

**PENAL CODE**

**Section  25640**

---

25640.  Section 25400 does not apply to, or affect, licensed hunters or fishermen carrying pistols, revolvers, or other firearms capable of being concealed upon the person while engaged in hunting or fishing, or transporting those firearms unloaded when going to or returning from the hunting or fishing expedition.

  (Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

**State of California**

**PENAL CODE**

**Section 25850**

---

25850.  (a)  A person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory.

(b)  In order to determine whether or not a firearm is loaded for the purpose of enforcing this section, peace officers are authorized to examine any firearm carried by anyone on the person or in a vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory. Refusal to allow a peace officer to inspect a firearm pursuant to this section constitutes probable cause for arrest for violation of this section.

(c)  Carrying a loaded firearm in violation of this section is punishable, as follows:

(1)  Where the person previously has been convicted of any felony, or of any crime made punishable by a provision listed in Section 16580, as a felony.

(2)  Where the firearm is stolen and the person knew or had reasonable cause to believe that it was stolen, as a felony.

(3)  Where the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act (Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1), as a felony.

(4)  Where the person is not in lawful possession of the firearm, or is within a class of persons prohibited from possessing or acquiring a firearm pursuant to Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, as a felony.

(5)  Where the person has been convicted of a crime against a person or property, or of a narcotics or dangerous drug violation, by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(6)  Where the person is not listed with the Department of Justice pursuant to Section 11106 as the registered owner of the handgun, by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, or by a fine not to exceed one thousand dollars ($1,000), or both that fine and imprisonment.

(7)  In all cases other than those specified in paragraphs (1) to (6), inclusive, as a misdemeanor, punishable by imprisonment in a county jail not to exceed one year,

ADD120

by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(d) (1) Every person convicted under this section who has previously been convicted of an offense enumerated in Section 23515, or of any crime made punishable under a provision listed in Section 16580, shall serve a term of at least three months in a county jail, or, if granted probation or if the execution or imposition of sentence is suspended, it shall be a condition thereof that the person be imprisoned for a period of at least three months.

(2) The court shall apply the three-month minimum sentence except in unusual cases where the interests of justice would best be served by granting probation or suspending the imposition or execution of sentence without the minimum imprisonment required in this section or by granting probation or suspending the imposition or execution of sentence with conditions other than those set forth in this section, in which case, the court shall specify on the record and shall enter on the minutes the circumstances indicating that the interests of justice would best be served by that disposition.

(e) A violation of this section that is punished by imprisonment in a county jail not exceeding one year shall not constitute a conviction of a crime punishable by imprisonment for a term exceeding one year for the purposes of determining federal firearms eligibility under Section 922(g)(1) of Title 18 of the United States Code.

(f) Nothing in this section, or in Article 3 (commencing with Section 25900) or Article 4 (commencing with Section 26000), shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a greater penalty than this section.

(g) Notwithstanding paragraphs (2) and (3) of subdivision (a) of Section 836, a peace officer may make an arrest without a warrant:

(1) When the person arrested has violated this section, although not in the officer's presence.

(2) Whenever the officer has reasonable cause to believe that the person to be arrested has violated this section, whether or not this section has, in fact, been violated.

(h) A peace officer may arrest a person for a violation of paragraph (6) of subdivision (c), if the peace officer has probable cause to believe that the person is carrying a handgun in violation of this section and that person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106 as the registered owner of that handgun.

(Amended by Stats. 2011, Ch. 15, Sec. 544. (AB 109) Effective April 4, 2011. Amending action operative October 1, 2011, by Sec. 636 of Ch. 15, as amended by Stats. 2011, Ch. 39, Sec. 68. Section operative January 1, 2012, pursuant to Stats. 2010, Ch. 711, Sec. 10.)

**State of California**

**PENAL CODE**

**Section  26040**

---

26040.  Nothing in Section 25850 shall prevent any person from carrying a loaded firearm in an area within an incorporated city while engaged in hunting, provided that the hunting at that place and time is not prohibited by the city council.

(Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD122

**State of California**

**PENAL CODE**

**Section  26060**

---

26060.  Nothing in Section 25850 shall prevent any person from storing aboard any vessel or aircraft any loaded or unloaded rocket, rocket propelled projectile launcher, or similar device designed primarily for emergency or distress signaling purposes, or from possessing that type of a device while in a permitted hunting area or traveling to or from a permitted hunting area and carrying a valid California permit or license to hunt.

  (Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD123

**State of California**

**PENAL CODE**

**Section 26150**

---

26150.  (a)  When a person applies for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the sheriff of a county may issue a license to that person upon proof of all of the following:

(1)  The applicant is of good moral character.

(2)  Good cause exists for issuance of the license.

(3)  The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business.

(4)  The applicant has completed a course of training as described in Section 26165.

(b)  The sheriff may issue a license under subdivision (a) in either of the following formats:

(1)  A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(2)  Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(c)  (1)  Nothing in this chapter shall preclude the sheriff of the county from entering into an agreement with the chief or other head of a municipal police department of a city to process all applications for licenses, renewals of licenses, or amendments to licenses pursuant to this chapter, in lieu of the sheriff.

(2)  This subdivision shall only apply to applicants who reside within the city in which the chief or other head of the municipal police department has agreed to process applications for licenses, renewals of licenses, and amendments to licenses, pursuant to this chapter.

(Amended by Stats. 2015, Ch. 785, Sec. 2.  (AB 1134)  Effective January 1, 2016.)

ADD124

**State of California**

**PENAL CODE**

**Section 26155**

---

26155.  (a)  When a person applies for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the chief or other head of a municipal police department of any city or city and county may issue a license to that person upon proof of all of the following:

(1)  The applicant is of good moral character.

(2)  Good cause exists for issuance of the license.

(3)  The applicant is a resident of that city.

(4)  The applicant has completed a course of training as described in Section 26165.

(b)  The chief or other head of a municipal police department may issue a license under subdivision (a) in either of the following formats:

(1)  A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(2)  Where the population of the county in which the city is located is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(c)  Nothing in this chapter shall preclude the chief or other head of a municipal police department of any city from entering an agreement with the sheriff of the county in which the city is located for the sheriff to process all applications for licenses, renewals of licenses, and amendments to licenses, pursuant to this chapter.

(Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

**State of California**

**PENAL CODE**

**Section  26160**

---

26160.  Each licensing authority shall publish and make available a written policy summarizing the provisions of Section 26150 and subdivisions (a) and (b) of Section 26155.

  (Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

**State of California**

**PENAL CODE**

**Section 26165**

---

26165.  (a)  For new license applicants, the course of training for issuance of a license under Section 26150 or 26155 may be any course acceptable to the licensing authority, shall not exceed 16 hours, and shall include instruction on at least firearm safety and the law regarding the permissible use of a firearm.

(b)  Notwithstanding subdivision (a), the licensing authority may require a community college course certified by the Commission on Peace Officer Standards and Training, up to a maximum of 24 hours, but only if required uniformly of all license applicants without exception.

(c)  For license renewal applicants, the course of training may be any course acceptable to the licensing authority, shall be no less than four hours, and shall include instruction on at least firearm safety and the law regarding the permissible use of a firearm. No course of training shall be required for any person certified by the licensing authority as a trainer for purposes of this section, in order for that person to renew a license issued pursuant to this article.

(d)  The applicant shall not be required to pay for any training courses prior to the determination of good cause being made pursuant to Section 26202.

(Amended by Stats. 2011, Ch. 741, Sec. 1.  (SB 610)  Effective January 1, 2012.)

**State of California**

**PENAL CODE**

**Section 26170**

---

26170.  (a)  Upon proof of all of the following, the sheriff of a county, or the chief or other head of a municipal police department of any city or city and county, may issue to an applicant a license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person:

(1)  The applicant is of good moral character.

(2)  Good cause exists for issuance of the license.

(3)  The applicant has been deputized or appointed as a peace officer pursuant to subdivision (a) or (b) of Section 830.6 by that sheriff or that chief of police or other head of a municipal police department.

(b)  Direct or indirect fees for the issuance of a license pursuant to this section may be waived.

(c)  The fact that an applicant for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person has been deputized or appointed as a peace officer pursuant to subdivision (a) or (b) of Section 830.6 shall be considered only for the purpose of issuing a license pursuant to this section, and shall not be considered for the purpose of issuing a license pursuant to Section 26150 or 26155.

(Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD128

**State of California**

**PENAL CODE**

**Section 26175**

---

26175. (a) (1) Applications for licenses, applications for amendments to licenses, amendments to licenses, and licenses under this article shall be uniform throughout the state, upon forms to be prescribed by the Attorney General.

(2) The Attorney General shall convene a committee composed of one representative of the California State Sheriffs' Association, one representative of the California Police Chiefs Association, and one representative of the Department of Justice to review, and as deemed appropriate, revise the standard application form for licenses. The committee shall meet for this purpose if two of the committee's members deem that necessary.

(b) The application shall include a section summarizing the statutory provisions of state law that result in the automatic denial of a license.

(c) The standard application form for licenses described in subdivision (a) shall require information from the applicant, including, but not limited to, the name, occupation, residence, and business address of the applicant, the applicant's age, height, weight, color of eyes and hair, and reason for desiring a license to carry the weapon.

(d) Applications for licenses shall be filed in writing and signed by the applicant.

(e) Applications for amendments to licenses shall be filed in writing and signed by the applicant, and shall state what type of amendment is sought pursuant to Section 26215 and the reason for desiring the amendment.

(f) The forms shall contain a provision whereby the applicant attests to the truth of statements contained in the application.

(g) An applicant shall not be required to complete any additional application or form for a license, or to provide any information other than that necessary to complete the standard application form described in subdivision (a), except to clarify or interpret information provided by the applicant on the standard application form.

(h) The standard application form described in subdivision (a) is deemed to be a local form expressly exempt from the requirements of the Administrative Procedure Act (Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code).

(i) Any license issued upon the application shall set forth the licensee's name, occupation, residence and business address, the licensee's age, height, weight, color of eyes and hair, and the reason for desiring a license to carry the weapon, and shall, in addition, contain a description of the weapon or weapons authorized to be carried,

ADD129

giving the name of the manufacturer, the serial number, and the caliber. The license issued to the licensee may be laminated.

(Amended by Stats. 2011, Ch. 296, Sec. 232.  (AB 1023)  Effective January 1, 2012.)

ADD130

**State of California**

**PENAL CODE**

**Section 26180**

---

26180.   (a)  Any person who files an application required by Section 26175 knowing that any statement contained therein is false is guilty of a misdemeanor.

(b)  Any person who knowingly makes a false statement on the application regarding any of the following is guilty of a felony:

(1)  The denial or revocation of a license, or the denial of an amendment to a license, issued pursuant to this article.

(2)  A criminal conviction.

(3)  A finding of not guilty by reason of insanity.

(4)  The use of a controlled substance.

(5)  A dishonorable discharge from military service.

(6)  A commitment to a mental institution.

(7)  A renunciation of United States citizenship.

(Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD131

**State of California**

**PENAL CODE**

**Section 26185**

---

26185.  (a) (1)  The fingerprints of each applicant shall be taken and two copies on forms prescribed by the Department of Justice shall be forwarded to the department.

(2)  Upon receipt of the fingerprints and the fee as prescribed in Section 26190, the department shall promptly furnish the forwarding licensing authority a report of all data and information pertaining to any applicant of which there is a record in its office, including information as to whether the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(3)  No license shall be issued by any licensing authority until after receipt of the report from the department.

(b)  Notwithstanding subdivision (a), if the license applicant has previously applied to the same licensing authority for a license to carry firearms pursuant to this article and the applicant's fingerprints and fee have been previously forwarded to the Department of Justice, as provided by this section, the licensing authority shall note the previous identification numbers and other data that would provide positive identification in the files of the Department of Justice on the copy of any subsequent license submitted to the department in conformance with Section 26225 and no additional application form or fingerprints shall be required.

(c)  If the license applicant has a license issued pursuant to this article and the applicant's fingerprints have been previously forwarded to the Department of Justice, as provided in this section, the licensing authority shall note the previous identification numbers and other data that would provide positive identification in the files of the Department of Justice on the copy of any subsequent license submitted to the department in conformance with Section 26225 and no additional fingerprints shall be required.

(Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD132

**State of California**

**PENAL CODE**

**Section 26190**

---

26190.  (a) (1)  Each applicant for a new license or for the renewal of a license shall pay at the time of filing the application a fee determined by the Department of Justice. The fee shall not exceed the application processing costs of the Department of Justice for the direct costs of furnishing the report required by Section 26185.

(2)  After the department establishes fees sufficient to reimburse the department for processing costs, fees charged shall increase at a rate not to exceed the legislatively approved annual cost-of-living adjustments for the department's budget.

(3)  The officer receiving the application and the fee shall transmit the fee, with the fingerprints if required, to the Department of Justice.

(b) (1)  The licensing authority of any city, city and county, or county may charge an additional fee in an amount equal to the actual costs for processing the application for a new license, including any required notices, excluding fingerprint and training costs, but in no case to exceed one hundred dollars ($100), and shall transmit the additional fee, if any, to the city, city and county, or county treasury.

(2)  The first 20 percent of this additional local fee may be collected upon filing of the initial application. The balance of the fee shall be collected only upon issuance of the license.

(c)  The licensing authority may charge an additional fee, not to exceed twenty-five dollars ($25), for processing the application for a license renewal, and shall transmit an additional fee, if any, to the city, city and county, or county treasury.

(d)  These local fees may be increased at a rate not to exceed any increase in the California Consumer Price Index as compiled and reported by the Department of Industrial Relations.

(e) (1)  In the case of an amended license pursuant to Section 26215, the licensing authority of any city, city and county, or county may charge a fee, not to exceed ten dollars ($10), for processing the amended license.

(2)  This fee may be increased at a rate not to exceed any increase in the California Consumer Price Index as compiled and reported by the Department of Industrial Relations.

(3)  The licensing authority shall transmit the fee to the city, city and county, or county treasury.

(f) (1)  If psychological testing on the initial application is required by the licensing authority, the license applicant shall be referred to a licensed psychologist used by the licensing authority for the psychological testing of its own employees. The applicant may be charged for the actual cost of the testing in an amount not to exceed one hundred fifty dollars ($150).

ADD133

(2)  Additional psychological testing of an applicant seeking license renewal shall be required only if there is compelling evidence to indicate that a test is necessary. The cost to the applicant for this additional testing shall not exceed one hundred fifty dollars ($150).

(g)  Except as authorized pursuant to this section, no requirement, charge, assessment, fee, or condition that requires the payment of any additional funds by the applicant, or requires the applicant to obtain liability insurance, may be imposed by any licensing authority as a condition of the application for a license.

(Amended by Stats. 2011, Ch. 741, Sec. 2.  (SB 610)  Effective January 1, 2012.)

ADD134

**State of California**

**PENAL CODE**

**Section 26195**

---

26195. (a) A license under this article shall not be issued if the Department of Justice determines that the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(b) (1) A license under this article shall be revoked by the local licensing authority if at any time either the local licensing authority is notified by the Department of Justice that a licensee is prohibited by state or federal law from owning or purchasing firearms, or the local licensing authority determines that the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(2) If at any time the Department of Justice determines that a licensee is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm, the department shall immediately notify the local licensing authority of the determination.

(3) If the local licensing authority revokes the license, the Department of Justice shall be notified of the revocation pursuant to Section 26225. The licensee shall also be immediately notified of the revocation in writing.

(Added by Stats. 2010, Ch. 711, Sec. 6. (SB 1080) Effective January 1, 2011. Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD135

**State of California**

**PENAL CODE**

**Section 26200**

---

26200. (a) A license issued pursuant to this article may include any reasonable restrictions or conditions that the issuing authority deems warranted, including restrictions as to the time, place, manner, and circumstances under which the licensee may carry a pistol, revolver, or other firearm capable of being concealed upon the person.

(b) Any restrictions imposed pursuant to subdivision (a) shall be indicated on any license issued.

(Added by Stats. 2010, Ch. 711, Sec. 6. (SB 1080) Effective January 1, 2011. Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD136

**State of California**

**PENAL CODE**

**Section 26202**

---

26202.   Upon making the determination of good cause pursuant to Section 26150 or 26155, the licensing authority shall give written notice to the applicant of the licensing authority's determination. If the licensing authority determines that good cause exists, the notice shall inform the applicants to proceed with the training requirements specified in Section 26165. If the licensing authority determines that good cause does not exist, the notice shall inform the applicant that the request for a license has been denied and shall state the reason from the department's published policy, described in Section 26160, as to why the determination was made.

(Added by Stats. 2011, Ch. 741, Sec. 3. (SB 610) Effective January 1, 2012.)

ADD137

**State of California**

**PENAL CODE**

**Section 26205**

---

26205. The licensing authority shall give written notice to the applicant indicating if the license under this article is approved or denied. The licensing authority shall give this notice within 90 days of the initial application for a new license or a license renewal, or 30 days after receipt of the applicant's criminal background check from the Department of Justice, whichever is later. If the license is denied, the notice shall state which requirement was not satisfied.

(Amended by Stats. 2011, Ch. 741, Sec. 4.  (SB 610)  Effective January 1, 2012.)

ADD138

**State of California**

**PENAL CODE**

**Section 26210**

---

26210.  (a)  When a licensee under this article has a change of address, the license shall be amended to reflect the new address and a new license shall be issued pursuant to subdivision (b) of Section 26215.

(b)  The licensee shall notify the licensing authority in writing within 10 days of any change in the licensee's place of residence.

(c)  If both of the following conditions are satisfied, a license to carry a concealed handgun may not be revoked solely because the licensee's place of residence has changed to another county:

(1)  The licensee has not breached any of the conditions or restrictions set forth in the license.

(2)  The licensee has not become prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(d)  Notwithstanding subdivision (c), if a licensee's place of residence was the basis for issuance of a license, any license issued pursuant to Section 26150 or 26155 shall expire 90 days after the licensee moves from the county of issuance.

(e)  If the license is one to carry loaded and exposed a pistol, revolver, or other firearm capable of being concealed upon the person, the license shall be revoked immediately upon a change of the licensee's place of residence to another county.

(Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD139

**State of California**

**PENAL CODE**

**Section 26215**

---

26215. (a) A person issued a license pursuant to this article may apply to the licensing authority for an amendment to the license to do one or more of the following:

(1) Add or delete authority to carry a particular pistol, revolver, or other firearm capable of being concealed upon the person.

(2) Authorize the licensee to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(3) If the population of the county is less than 200,000 persons according to the most recent federal decennial census, authorize the licensee to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(4) Change any restrictions or conditions on the license, including restrictions as to the time, place, manner, and circumstances under which the person may carry a pistol, revolver, or other firearm capable of being concealed upon the person.

(b) If the licensing authority amends the license, a new license shall be issued to the licensee reflecting the amendments.

(c) An amendment to the license does not extend the original expiration date of the license and the license shall be subject to renewal at the same time as if the license had not been amended.

(d) An application to amend a license does not constitute an application for renewal of the license.

(Added by Stats. 2010, Ch. 711, Sec. 6. (SB 1080) Effective January 1, 2011. Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD140

**State of California**

**PENAL CODE**

**Section 26220**

---

26220.  (a)  Except as otherwise provided in this section and in subdivision (c) of Section 26210, a license issued pursuant to Section 26150 or 26155 is valid for any period of time not to exceed two years from the date of the license.

(b)  If the licensee's place of employment or business was the basis for issuance of a license pursuant to Section 26150, the license is valid for any period of time not to exceed 90 days from the date of the license. The license shall be valid only in the county in which the license was originally issued. The licensee shall give a copy of this license to the licensing authority of the city, county, or city and county in which the licensee resides. The licensing authority that originally issued the license shall inform the licensee verbally and in writing in at least 16-point type of this obligation to give a copy of the license to the licensing authority of the city, county, or city and county of residence. Any application to renew or extend the validity of, or reissue, the license may be granted only upon the concurrence of the licensing authority that originally issued the license and the licensing authority of the city, county, or city and county in which the licensee resides.

(c)  A license issued pursuant to Section 26150 or 26155 is valid for any period of time not to exceed three years from the date of the license if the license is issued to any of the following individuals:

(1)  A judge of a California court of record.

(2)  A full-time court commissioner of a California court of record.

(3)  A judge of a federal court.

(4)  A magistrate of a federal court.

(d)  A license issued pursuant to Section 26150 or 26155 is valid for any period of time not to exceed four years from the date of the license if the license is issued to a custodial officer who is an employee of the sheriff as provided in Section 831.5, except that the license shall be invalid upon the conclusion of the person's employment pursuant to Section 831.5 if the four-year period has not otherwise expired or any other condition imposed pursuant to this article does not limit the validity of the license to a shorter time period.

(e)  A license issued pursuant to Section 26170 to a peace officer appointed pursuant to Section 830.6 is valid for any period of time not to exceed four years from the date of the license, except that the license shall be invalid upon the conclusion of the person's appointment pursuant to Section 830.6 if the four-year period has not

ADD141

otherwise expired or any other condition imposed pursuant to this article does not limit the validity of the license to a shorter time period.

(Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD142

**State of California**

**PENAL CODE**

**Section 26225**

---

26225.  (a)  A record of the following shall be maintained in the office of the licensing authority:

(1)  The denial of a license.

(2)  The denial of an amendment to a license.

(3)  The issuance of a license.

(4)  The amendment of a license.

(5)  The revocation of a license.

(b)  Copies of each of the following shall be filed immediately by the issuing officer or authority with the Department of Justice:

(1)  The denial of a license.

(2)  The denial of an amendment to a license.

(3)  The issuance of a license.

(4)  The amendment of a license.

(5)  The revocation of a license.

(c)  (1)  Commencing on or before January 1, 2000, and annually thereafter, each licensing authority shall submit to the Attorney General the total number of licenses issued to peace officers pursuant to Section 26170, and to judges pursuant to Section 26150 or 26155.

(2)  The Attorney General shall collect and record the information submitted pursuant to this subdivision by county and licensing authority.

(Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD143

**State of California**

**PENAL CODE**

**Section 26350**

---

26350.  (a) (1) A person is guilty of openly carrying an unloaded handgun when that person carries upon his or her person an exposed and unloaded handgun outside a vehicle while in or on any of the following:

(A)  A public place or public street in an incorporated city or city and county.

(B)  A public street in a prohibited area of an unincorporated area of a county or city and county.

(C)  A public place in a prohibited area of a county or city and county.

(2)  A person is guilty of openly carrying an unloaded handgun when that person carries an exposed and unloaded handgun inside or on a vehicle, whether or not on his or her person, while in or on any of the following:

(A)  A public place or public street in an incorporated city or city and county.

(B)  A public street in a prohibited area of an unincorporated area of a county or city and county.

(C)  A public place in a prohibited area of a county or city and county.

(b)  (1)  Except as specified in paragraph (2), a violation of this section is a misdemeanor.

(2)  A violation of subparagraph (A) of paragraph (1) of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if both of the following conditions exist:

(A)  The handgun and unexpended ammunition capable of being discharged from that handgun are in the immediate possession of that person.

(B)  The person is not in lawful possession of that handgun.

(c)  (1)  Nothing in this section shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section.

(2)  The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

(d)  Notwithstanding the fact that the term "an unloaded handgun" is used in this section, each handgun shall constitute a distinct and separate offense under this section.

(Added by Stats. 2011, Ch. 725, Sec. 14.  (AB 144)  Effective January 1, 2012.)

## ADD144

**State of California**

**PENAL CODE**

**Section  26366**

---

26366.  Section 26350 does not apply to, or affect, the open carrying of an unloaded handgun by a licensed hunter while engaged in hunting or while transporting that handgun when going to or returning from that hunting expedition.

(Added by Stats. 2011, Ch. 725, Sec. 14.  (AB 144)  Effective January 1, 2012.)

**State of California**

**PENAL CODE**

**Section 26400**

---

26400. (a) A person is guilty of carrying an unloaded firearm that is not a handgun in an incorporated city or city and county when that person carries upon his or her person an unloaded firearm that is not a handgun outside a vehicle while in the incorporated city or city and county.

(b) (1) Except as specified in paragraph (2), a violation of this section is a misdemeanor.

(2) A violation of subdivision (a) is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment, if the firearm and unexpended ammunition capable of being discharged from that firearm are in the immediate possession of the person and the person is not in lawful possession of that firearm.

(c) (1) Nothing in this section shall preclude prosecution under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9, Section 8100 or 8103 of the Welfare and Institutions Code, or any other law with a penalty greater than is set forth in this section.

(2) The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

(d) Notwithstanding the fact that the term "an unloaded firearm that is not a handgun" is used in this section, each individual firearm shall constitute a distinct and separate offense under this section.

(Added by Stats. 2012, Ch. 700, Sec. 12. (AB 1527) Effective January 1, 2013.)

**State of California**

**PENAL CODE**

**Section 26405**

---

26405. Section 26400 does not apply to, or affect, the carrying of an unloaded firearm that is not a handgun in any of the following circumstances:

(a) By a person when carried within a place of business, a place of residence, or on private real property, if that person, by virtue of subdivision (a) of Section 25605, may carry a firearm within that place of business, place of residence, or on that private real property owned or lawfully occupied by that person.

(b) By a person when carried within a place of business, a place of residence, or on private real property, if done with the permission of a person who, by virtue of subdivision (a) of Section 25605, may carry a firearm within that place of business, place of residence, or on that private real property owned or lawfully occupied by that person.

(c) When the firearm is either in a locked container or encased and it is being transported directly between places where a person is not prohibited from possessing that firearm and the course of travel shall include only those deviations between authorized locations as are reasonably necessary under the circumstances.

(d) If the person possessing the firearm reasonably believes that he or she is in grave danger because of circumstances forming the basis of a current restraining order issued by a court against another person or persons who has or have been found to pose a threat to his or her life or safety. This subdivision may not apply when the circumstances involve a mutual restraining order issued pursuant to Division 10 (commencing with Section 6200) of the Family Code absent a factual finding of a specific threat to the person's life or safety. Upon a trial for violating Section 26400, the trier of fact shall determine whether the defendant was acting out of a reasonable belief that he or she was in grave danger.

(e) By a peace officer or an honorably retired peace officer if that officer may carry a concealed firearm pursuant to Article 2 (commencing with Section 25450) of Chapter 2, or a loaded firearm pursuant to Article 3 (commencing with Section 25900) of Chapter 3.

(f) By a person to the extent that person may openly carry a loaded firearm that is not a handgun pursuant to Article 4 (commencing with Section 26000) of Chapter 3.

(g) As merchandise by a person who is engaged in the business of manufacturing, importing, wholesaling, repairing, or dealing in firearms and who is licensed to engage in that business, or the authorized representative or authorized agent of that person, while engaged in the lawful course of the business.

ADD147

(h)  By a duly authorized military or civil organization, or the members thereof, while parading or while rehearsing or practicing parading, when at the meeting place of the organization.

(i)  By a member of a club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while the members are using firearms that are not handguns upon the target ranges or incident to the use of a firearm that is not a handgun at that target range.

(j)  By a licensed hunter while engaged in hunting or while transporting that firearm when going to or returning from that hunting expedition.

(k)  Incident to transportation of a handgun by a person operating a licensed common carrier, or by an authorized agent or employee thereof, when transported in conformance with applicable federal law.

(*l*)  By a member of an organization chartered by the Congress of the United States or a nonprofit mutual or public benefit corporation organized and recognized as a nonprofit tax-exempt organization by the Internal Revenue Service while on official parade duty or ceremonial occasions of that organization or while rehearsing or practicing for official parade duty or ceremonial occasions.

(m)  Within a gun show conducted pursuant to Article 1 (commencing with Section 27200) and Article 2 (commencing with Section 27300) of Chapter 3 of Division 6.

(n)  Within a school zone, as defined in Section 626.9, with the written permission of the school district superintendent, the superintendent's designee, or equivalent school authority.

(o)  When in accordance with the provisions of Section 171b.

(p)  By a person while engaged in the act of making or attempting to make a lawful arrest.

(q)  By a person engaged in firearms-related activities, while on the premises of a fixed place of business that is licensed to conduct and conducts, as a regular course of its business, activities related to the sale, making, repair, transfer, pawn, or the use of firearms, or related to firearms training.

(r)  By an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television, or video production or entertainment event, when the participant lawfully uses that firearm as part of that production or event, as part of rehearsing or practicing for participation in that production or event, or while the participant or authorized employee or agent is at that production or event, or rehearsal or practice for that production or event.

(s)  Incident to obtaining an identification number or mark assigned for that firearm from the Department of Justice pursuant to Section 23910.

(t)  At an established public target range while the person is using that firearm upon that target range.

(u)  By a person when that person is summoned by a peace officer to assist in making arrests or preserving the peace, while the person is actually engaged in assisting that officer.

(v)  Incident to any of the following:

(1)  Complying with Section 27560 or 27565, as it pertains to that firearm.

(2)  Section 28000, as it pertains to that firearm.

(3)  Section 27850 or 31725, as it pertains to that firearm.

(4)  Complying with Section 27870 or 27875, as it pertains to that firearm.

(5)  Complying with Section 27915, 27920, or 27925, as it pertains to that firearm.

(w)  Incident to, and in the course and scope of, training of, or by an individual to become a sworn peace officer as part of a course of study approved by the Commission on Peace Officer Standards and Training.

(x)  Incident to, and in the course and scope of, training of, or by an individual to become licensed pursuant to Chapter 4 (commencing with Section 26150) as part of a course of study necessary or authorized by the person authorized to issue the license pursuant to that chapter.

(y)  Incident to and at the request of a sheriff, chief, or other head of a municipal police department.

(z)  If all of the following conditions are satisfied:

(1)  The open carrying occurs at an auction or similar event of a nonprofit public benefit or mutual benefit corporation at which firearms are auctioned or otherwise sold to fund the activities of that corporation or the local chapters of that corporation.

(2)  The unloaded firearm that is not a handgun is to be auctioned or otherwise sold for that nonprofit public benefit or mutual benefit corporation.

(3)  The unloaded firearm that is not a handgun is to be delivered by a person licensed pursuant to, and operating in accordance with, Sections 26700 to 26915, inclusive.

(aa)  Pursuant to paragraph (3) of subdivision (b) of Section 171c.

(ab)  Pursuant to Section 171d.

(ac)  Pursuant to subparagraph (F) of paragraph (1) of subdivision (c) of Section 171.7.

(ad)  On publicly owned land, if the possession and use of an unloaded firearm that is not a handgun is specifically permitted by the managing agency of the land and the person carrying that firearm is in lawful possession of that firearm.

(ae)  By any of the following:

(1)  The carrying of an unloaded firearm that is not a handgun that is regulated pursuant to Chapter 1 (commencing with Section 18710) of Division 5 of Title 2 by a person who holds a permit issued pursuant to Article 3 (commencing with Section 18900) of that chapter, if the carrying of that firearm is conducted in accordance with the terms and conditions of the permit.

(2)  The carrying of an unloaded firearm that is not a handgun that is regulated pursuant to Chapter 2 (commencing with Section 30500) of Division 10 by a person who holds a permit issued pursuant to Section 31005, if the carrying of that firearm is conducted in accordance with the terms and conditions of the permit.

(3)  The carrying of an unloaded firearm that is not a handgun that is regulated pursuant to Chapter 6 (commencing with Section 32610) of Division 10 by a person who holds a permit issued pursuant to Section 32650, if the carrying of that firearm is conducted in accordance with the terms and conditions of the permit.

ADD149

(4) The carrying of an unloaded firearm that is not a handgun that is regulated pursuant to Article 2 (commencing with Section 33300) of Chapter 8 of Division 10 by a person who holds a permit issued pursuant to Section 33300, if the carrying of that firearm is conducted in accordance with the terms and conditions of the permit.

(af) By a licensed hunter while actually engaged in training a dog for the purpose of using the dog in hunting that is not prohibited by law, or while transporting the firearm while going to or returning from that training.

(ag) Pursuant to the provisions of subdivision (d) of Section 171.5.

(ah) By a person who is engaged in the business of manufacturing ammunition and who is licensed to engage in that business, or the authorized representative or authorized agent of that person, while the firearm is being used in the lawful course and scope of the licensee's activities as a person licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and regulations issued pursuant thereto.

(ai) On the navigable waters of this state that are held in public trust, if the possession and use of an unloaded firearm that is not a handgun is not prohibited by the managing agency thereof and the person carrying the firearm is in lawful possession of the firearm.

(Amended by Stats. 2013, Ch. 738, Sec. 2. (AB 538) Effective January 1, 2014.)

ADD150

**State of California**

**PENAL CODE**

**Section  29610**

---

29610.   A minor shall not possess a pistol, revolver, or other firearm capable of being concealed upon the person.

  (Added by Stats. 2010, Ch. 711, Sec. 6.  (SB 1080)  Effective January 1, 2011.  Operative January 1, 2012, by Sec. 10 of Ch. 711.)

ADD151

**State of California**

**PENAL CODE**

**Section 30000**

---

30000.  (a)  The Attorney General shall establish and maintain an online database to be known as the Prohibited Armed Persons File. The purpose of the file is to cross-reference persons who have ownership or possession of a firearm on or after January 1, 1996, as indicated by a record in the Consolidated Firearms Information System, and who, subsequent to the date of that ownership or possession of a firearm, fall within a class of persons who are prohibited from owning or possessing a firearm.

(b)  The information contained in the Prohibited Armed Persons File shall only be available to those entities specified in, and pursuant to, subdivision (b) or (c) of Section 11105, through the California Law Enforcement Telecommunications System, for the purpose of determining if persons are armed and prohibited from possessing firearms.

(Amended by Stats. 2014, Ch. 182, Sec. 1.  (AB 2300)  Effective January 1, 2015.)

ADD152

**State of California**

**PENAL CODE**

**Section 30310**

---

30310. (a) Unless it is with the written permission of the school district superintendent, the superintendent's designee, or equivalent school authority, no person shall carry ammunition or reloaded ammunition onto school grounds, except sworn law enforcement officers acting within the scope of their duties.

(b) This section shall not apply to any of the following:

(1) A duly appointed peace officer as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2.

(2) A full-time paid peace officer of another state or the federal government who is carrying out official duties while in California.

(3) Any person summoned by any of these officers to assist in making an arrest or preserving the peace while that person is actually engaged in assisting the officer.

(4) A member of the military forces of this state or of the United States who is engaged in the performance of that person's duties.

(5) An armored vehicle guard, who is engaged in the performance of that person's duties, as defined in subdivision (d) of Section 7582.1 of the Business and Professions Code.

(6) Any peace officer, listed in Section 830.1 or 830.2, or subdivision (a) of Section 830.33, whether active or honorably retired.

(7) Any other duly appointed peace officer.

(8) Any honorably retired peace officer listed in subdivision (c) of Section 830.5.

(9) Any other honorably retired peace officer who during the course and scope of his or her appointment as a peace officer was authorized to, and did, carry a firearm.

(10) (A) A person carrying ammunition or reloaded ammunition onto school grounds that is in a motor vehicle at all times and is within a locked container or within the locked trunk of the vehicle.

(B) For purposes of this paragraph, the term "locked container" has the same meaning as set forth in Section 16850.

(c) A violation of this section is punishable by imprisonment in a county jail for a term not to exceed six months, a fine not to exceed one thousand dollars ($1,000), or both the imprisonment and fine.

(Amended by Stats. 2015, Ch. 766, Sec. 2. (SB 707) Effective January 1, 2016.)

ADD153

**State of California**

**PENAL CODE**

**Section 30605**

---

30605. (a) Any person who, within this state, possesses any assault weapon, except as provided in this chapter, shall be punished by imprisonment in a county jail for a period not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170.

(b) Notwithstanding subdivision (a), a first violation of these provisions is punishable by a fine not exceeding five hundred dollars ($500) if the person was found in possession of no more than two firearms in compliance with Section 30945 and the person meets all of the following conditions:

(1) The person proves that he or she lawfully possessed the assault weapon prior to the date it was defined as an assault weapon.

(2) The person has not previously been convicted of a violation of this article.

(3) The person was found to be in possession of the assault weapon within one year following the end of the one-year registration period established pursuant to Section 30900.

(4) The person relinquished the firearm pursuant to Section 31100, in which case the assault weapon shall be destroyed pursuant to Sections 18000 and 18005.

(Amended by Stats. 2011, Ch. 15, Sec. 550. (AB 109) Effective April 4, 2011. Amending action operative October 1, 2011, by Sec. 636 of Ch. 15, as amended by Stats. 2011, Ch. 39, Sec. 68. Section operative January 1, 2012, pursuant to Stats. 2010, Ch. 711, Sec. 10.)

ADD154

**State of California**

**PENAL CODE**

**Section  32625**

---

32625.   (a)  Any person, firm, or corporation, who within this state possesses or knowingly transports a machinegun, except as authorized by this chapter, is guilty of a public offense and upon conviction thereof shall be punished by imprisonment pursuant to subdivision (h) of Section 1170, or by a fine not to exceed ten thousand dollars ($10,000), or by both that fine and imprisonment.

  (b)  Any person, firm, or corporation who within this state intentionally converts a firearm into a machinegun, or who sells, or offers for sale, or knowingly manufactures a machinegun, except as authorized by this chapter, is punishable by imprisonment pursuant to subdivision (h) of Section 1170 for four, six, or eight years.

  (Amended by Stats. 2011, Ch. 15, Sec. 553.  (AB 109)  Effective April 4, 2011.  Amendment operative October 1, 2011, by Sec. 636 of Ch. 15, as amended by Stats. 2011, Ch. 39, Sec. 68.  Section operative January 1, 2012, pursuant to Stats. 2010, Ch. 711, Sec. 10.)

ADD155

**State of California**

**PENAL CODE**

**Section 33850**

---

33850. (a) Any person who claims title to any firearm that is in the custody or control of a court or law enforcement agency and who wishes to have the firearm returned shall make application for a determination by the Department of Justice as to whether the applicant is eligible to possess a firearm. The application shall include the following:

(1) The applicant's name, date and place of birth, gender, telephone number, and complete address.

(2) Whether the applicant is a United States citizen. If the applicant is not a United States citizen, the application shall also include the applicant's country of citizenship and the applicant's alien registration or I-94 number.

(3) If the firearm is a handgun, and commencing January 1, 2014, any firearm, the firearm's make, model, caliber, barrel length, handgun type, country of origin, and serial number, provided, however, that if the firearm is not a handgun and does not have a serial number, identification number, or identification mark assigned to it, there shall be a place on the application to note that fact.

(4) For residents of California, the applicant's valid California driver's license number or valid California identification card number issued by the Department of Motor Vehicles. For nonresidents of California, a copy of the applicant's military identification with orders indicating that the individual is stationed in California, or a copy of the applicant's valid driver's license from the applicant's state of residence, or a copy of the applicant's state identification card from the applicant's state of residence. Copies of the documents provided by non-California residents shall be notarized.

(5) The name of the court or law enforcement agency holding the firearm.

(6) The signature of the applicant and the date of signature.

(7) Any person furnishing a fictitious name or address or knowingly furnishing any incorrect information or knowingly omitting any information required to be provided for the application, including any notarized information pursuant to paragraph (4), shall be guilty of a misdemeanor.

(b) A person who owns a firearm that is in the custody of a court or law enforcement agency and who does not wish to obtain possession of the firearm, and the firearm is an otherwise legal firearm, and the person otherwise has right to title of the firearm, shall be entitled to sell or transfer title of the firearm to a licensed dealer.

(c) Any person furnishing a fictitious name or address, or knowingly furnishing any incorrect information or knowingly omitting any information required to be

ADD156

provided for the application, including any notarized information pursuant to paragraph (4) of subdivision (a), is punishable as a misdemeanor.

(Amended by Stats. 2011, Ch. 745, Sec. 72. (AB 809) Effective January 1, 2012.)

**State of California**

**PENAL CODE**

**Section 33865**

---

33865. (a) When the Department of Justice receives a completed application pursuant to Section 33850 accompanied by the fee required pursuant to Section 33860, it shall conduct an eligibility check of the applicant to determine whether the applicant is eligible to possess a firearm.

(b) The department shall have 30 days from the date of receipt to complete the background check, unless the background check is delayed by circumstances beyond the control of the department. The applicant may contact the department to inquire about the reason for a delay.

(c) If the department determines that the applicant is eligible to possess the firearm, the department shall provide the applicant with written notification that includes the following:

(1) The identity of the applicant.

(2) A statement that the applicant is eligible to possess a firearm.

(3) A description of the firearm by make, model, and serial number, provided, however, that if the firearm is not a handgun and does not have a serial number, identification number, or identification mark assigned to it, that fact shall be noted.

(d) If the firearm is a handgun, and commencing January 1, 2014, any firearm, the department shall enter a record of the firearm into the Automated Firearms System (AFS), provided, however, that if the firearm is not a handgun and does not have a serial number, identification number, or identification mark assigned to it, that fact shall be noted in AFS.

(e) If the department denies the application, and the firearm is an otherwise legal firearm, the department shall notify the applicant of the denial and provide a form for the applicant to use to sell or transfer the firearm to a licensed dealer. The applicant may contact the department to inquire about the reason for the denial.

(Amended by Stats. 2011, Ch. 745, Sec. 74. (AB 809) Effective January 1, 2012.)

ADD158