Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

March 17, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *Christopher Baker v. Louis Kealoha et al - 12-16258* (9th Cir. March 10, 2017) as supplemental authority (FRAP 28(j) and 32.1).

The Court vacated the denial of the preliminary injunction and "remanded to the District Court without prejudice to the District Court granting or denying a preliminary injunction or otherwise considering the case in light of *Peruta v. City of San Diego*, 824 F.3d 919, 924 (9th Cir. 2016) (en banc), and other intervening Ninth Circuit opinions."

The district court in *Baker* had "conclude[d] Plaintiff is unlikely to succeed in demonstrating that any of the Hawaii Revised Statutes at issue in this litigation implicate protected Second Amendment activity." *Baker* Dkt #51, pg 54. *Baker* had sought a preliminary injunction against various Hawaii statutes or, in the alternative, a license to "to bear a concealed or openly displayed firearm, including a pistol or handgun, in public for all "protected" purposes" outside of his home. Id at 41.

1

The *Baker* Court did so despite the myriad of standing issues in *Baker*, not the least of which is *Baker* had never applied for a license to *openly* carry a handgun in public. *Baker* applied for and was denied a license to carry a handgun *concealed* in conjunction with his job as a process server which he had voluntarily quit.

There are no standing issues in *Nichols'* appeal. The Appellees in *Nichols* do not challenge the finding of the district court that Nichols is in violation of the law should he merely step outside his home.

"Plaintiff need only walk outside his home carrying a loaded firearm to effectuate his plan." Appellant's Excerpts of Record Volume 1 at 56.

More accurately, *Nichols* is in violation of the law should he step outside the door to his home into the curtilage of his home while carrying a loaded firearm for the purpose of self-defense. Appellant's Opening Brief at 43, 72.

The *Baker* Court has concluded, as a matter of law, that the Second Amendment is not limited to the interior of one's home. So should this Court.

The body of this letter contains 345 words.


Sincerely,

s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)