Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

March 17, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103


RE:  *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873;
 Rule 28(j) letter

Dear Ms. Dwyer:

 Plaintiff-Appellant Nichols submits *DALE LEE NORMAN vs. STATE OF FLORIDA* - No. SC15-650 (Florida Supreme Court. March 2, 2017) as supplemental authority under FRAP Rule 28(j).

 The six justices who participated in the *Norman* decision were in agreement that the Second Amendment right defined in *Heller* extends beyond the curtilage of one's home:

> Because Florida's generally applicable ban on the open carrying of firearms is unjustified on any ground that can withstand even intermediate scrutiny, I dissent. I agree with the majority that "Florida's Open Carry Law is related to the core of the constitutional right to bear arms for self-defense…but I disagree with the majority's view that the statute " 'substantially relates' to the stated government purpose of public safety and reducing gun violence," …" Cannidy, J., dissenting at 48.

> "In this case, the first prong [of the two-step inquiry] is met. Florida's Open Carry Law, which regulates the manner of how arms are borne, imposes a

1

burden on conduct falling within the scope of the Second Amendment. The law prohibits, in most instances, one manner of carrying arms in public, thereby implicating the "central component" of the Second Amendment—the right of self-defense. Thus, we turn to step two." Majority at 33.

The majority then held that the state could create an "alternative outlet to exercise that right" Id at 37 which conflicts with: this Circuit's decision in *Peruta* (en banc), the US Supreme Court decisions in *Baldwin*, *Heller*, *McDonald* and *Caetano* as well as conflicting with every Federal court of appeals and every state court decision of last resort both pre and post-*Heller*.

The dissent was skeptical that Florida's Open Carry ban would pass even the rational-basis test. "The justification relied on by the majority is ostensibly related to public safety concerns. There are two elements to the justification. Both are feeble… These reasons may not be totally irrational, but they do not provide any substantial justification for the ban on open carrying." Id at 54.

It is undisputed in *Nichols* that concealed carry substantially burdens his ability to defend himself. *Nichols'* Opening Brief at 17.

The body of this letter contains 349 words.


Sincerely,

s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)