Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

March 17, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *Flanagan et al v Harris* (now *v. Becerra*) *et al* No.: LA CV16-06164 JAK (ASx) (CD Cal. Feb. 23, 2017) as supplemental authority under FRAP Rule 28(j).

In *Nichols*, Appellees Governor Brown and Attorney General Becerra suggest that there is some defect in *Nichols'* suit because he has not, does not, and will not challenge any California law restricting or prohibiting the carriage of a weapon concealed in public.

The Appellees' theory seems to be that in order to challenge California's Open Carry bans, *Nichols* must also seek to carry a concealed weapon and challenge those laws as well.

The Plaintiffs, which includes the California Rifle and Pistol Association (the official NRA state organization) in *Peruta* made that same argument in the above referenced case in which they sought concealed carry permits from the Los Angeles County Sheriff:

1

"Plaintiffs contend that their challenge here is not limited solely to Defendants' concealed carry or open carry limitations. Instead, they contend that they are challenging the combined effect of these restrictions…They also argue that if it is determined that they have some right to carry, the State must then determine whether to permit open or concealed carry. For these reasons, Plaintiffs argue that none of their claims is barred by *Peruta*." Id at 5.

District Court Judge John A. Kronstadt soundly rejected that argument "Plaintiffs' arguments as to the scope of *Peruta*, in the context of the present claims, are unpersuasive" citing *Peruta* en banc 941-942 that the Plaintiffs were engaging in a "logical fallacy." Id.

"Consequently, the LASD Motion is GRANTED, and the claim against LASD based on the Second Amendment, is DISMISSED [with prejudice]. The California Motion is GRANTED as to the challenge to the claims based on concealed carry [with prejudice], and DENIED as to the claims based on the open carry limitations." Id at 6.

The Appellees' contention in *Nichols* that his appeal is defective because his is a pure Open Carry case is based on the same logical fallacy this Court rejected in *Peruta* en banc and was rejected by this court below.

The body of this letter contains 349 words.


Sincerely,

s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)