Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

May 15, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE:  *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits the unanimous decision *Pinner v Indiana* (Indiana Supreme Court No 49S02-1611-CR-610 May 9, 2017) as supplemental authority under FRAP Rule 28(j).

"Recognizing the Second Amendment right to bear arms [fn 3] [in public]" under the Second Amendment (slip op. at 6), the Court's Fourth Amendment analysis turned on whether or not possession of a firearm is "*per se* illegal" [fn 4, e.g., Puerto Rico].

In Indiana, "possession of a weapon is not *per se* illegal," *Id*. In California, not only is possession of a firearm not *per se* illegal, "The act of firearm possession, by itself, is innocent." *People v. Jones*, 278 P. 3d 821 (Cal. Supreme Court 2012) (See Appellant's Opening Brief at 54.

The Court held that under the Fourth Amendment the mere sight of a firearm in public does not constitute "reasonable suspicion" and "[R]eject[ed] the State's contention that the threat posed by firearms warranted an exception to the reasonable suspicion requirement…" *Id* at 7.

1

2

The Court "[A]lso disagree[d] with the State that "the officers were permitted under the Fourth Amendment to briefly detain Defendant to ascertain the legality of the weapon and dispel any suspected criminal activity."" *Id* at 9 even though Indiana requires a license to carry a handgun in public [openly or concealed]. *Id*.

""Were the individual subject to unfettered governmental intrusion every time he [exercised his right to bear arms], the security guaranteed by the Fourth Amendment would be seriously circumscribed." *Prouse*, 440 U.S. at 662-63." ""This kind of standardless and unconstrained discretion is the evil the Court has discerned when in previous cases it has insisted that the discretion of the official in the field be circumscribed, at least to some extent. *Id* at 661" *Id* at 9. See SAC ¶58 ER243.

California Penal Code section 25850(b) gives police the unbridled discretion to seize and search a person and his property without reasonable suspicion. It should be permanently enjoined.

The body of this letter contains 340 words.


Sincerely,

s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)