Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

May 21, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits the unanimous decision *Keller v. Keller* 2017 ND 119 (North Dakota Supreme Court May 16, 2017) as supplemental authority under FRAP Rule 28(j).

The North Dakota Supreme Court held that carrying a firearm on one's private property is constitutionally protected under both the Second Amendment and the North Dakota Constitution. "[T]he handgun was behind Karen Keller's back or at her side during the interaction." *Id* at ¶14.

> "The Second Amendment guarantees an individual's right to keep and bear arms. U.S. Const. Amend. II; *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008); *McDonald v. City of Chicago, Ill*., 561 U.S. 742, 767780 (2010) (holding the Second Amendment right to keep and bear arms fully applies to the states). In *Heller*, the Supreme Court of the United States held the Second Amendment protects an individual's right to possess a firearm for self-defense purposes, stating the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of

confrontation." 554 U.S. 570, 592 (2008). Article I, Section 1 of the North Dakota Constitution provides an individual's right to keep and bear arms…" *Id* at ¶12

"Because Karen Keller's actions of carrying a handgun for self-defense while on her private property is constitutionally protected, evidence of the activity should have been excluded… The district court's sole basis for finding reasonable grounds supporting the disorderly conduct restraining order was the presence of the gun. Because possessing a firearm on private property is a constitutionally protected activity, reasonable grounds supporting the disorderly conduct restraining order did not exist. See *City of Bismarck v. Schoppert*, 469 N.W.2d 808, 812 (N.D. 1991) (holding conviction for disorderly conduct could not be supported without infringing upon Schoppert's First Amendment rights of free expression, stating "[w]e cannot sustain a conviction based upon an unconstitutional ground."). The district court erred as a matter of law by not excluding the constitutionally protected activity." *Id* at ¶16

California unconstitutionally prohibits Nichols from carrying a firearm on his property.

The body of this letter contains 350 words.


Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)