Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

May 23, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *VOISINE V. UNITED STATES U.S. Supreme Court 136 S.Ct. 2272, 2291 (2016) JUSTICE THOMAS dissenting* as supplemental authority under FRAP Rule 28(j).

Justice Thomas explained why prohibitions on concealed carry are constitutional, to which *Nichols* agrees (Appellant Opening Brief at 38).

> "The protections enumerated in the Second Amendment, no less than those enumerated in the First, are not absolute prohibitions against government regulation. *Heller*, 554 U.S., at 595, 626-627, 128 S.Ct. 2783. Traditionally, States have imposed narrow limitations on an individual's exercise of his right to keep and bear arms, such as prohibiting the carrying of weapons in a concealed manner or in sensitive locations, such as government buildings. *Id*., at 626-627, 128 S.Ct. 2783; see, e.g., *State v. Kerner*, 181 N.C. 574, 578-579, 107 S.E. 222, 225 (1921). But these narrow restrictions neither prohibit nor broadly frustrate any individual from generally exercising his right to bear arms.

For a law to be constitutional which broadly divests an individual of his Second Amendment rights, that law must target individuals who are beyond the scope of the Second Amendment protection.

"Some laws, however, broadly divest an individual of his Second Amendment rights. *Heller* approved, in dicta, laws that prohibit dangerous persons, including felons and the mentally ill, from having arms. 554 U.S., at 626, 128 S.Ct. 2783. These laws are not narrow restrictions on the right because they prohibit certain individuals from exercising their Second Amendment rights at all times and in all places. To be constitutional, therefore, a law that broadly frustrates an individual's right to keep and bear arms must target individuals who are beyond the scope of the "People" protected by the Second Amendment."

The laws at issue in this appeal are not applicable to persons who fall outside the scope of the Second Amendment (Opening Brief at 44, 54, 62, 65) because those persons (e.g., convicted felons, mentally ill persons) cannot be punished under California law for violating the laws at issue here.

The body of this letter contains 348 words.

Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)