Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

May 30, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *Duffie v. City of Lincoln,* 834 F. 3d 877 (8th Cir.2016) as supplemental authority under FRAP Rule 28(j).

The Appellees' Answering brief at pg 46 falsely cited *United States v. Banks*, 514 F.3d 769, 774-75 (8th Cir. 2008) in support of the position that "a person who is openly exposing a firearm in a public place has no reasonable expectation of privacy…" which is a position unsupported by the Court's holding in *Banks*. See Appellant's Reply Brief at pgs 28-29. A position explicitly rejected in *Duffie*.

In *Duffie*, the stop was based on a police report which stated "As the clerk was returning to the store, the young man "held up a hand gun and acted like he was blowing smoke from the barrel."" *Id* at 879.

"When evaluating the validity of a traffic stop, we consider "the totality of the circumstances — the whole picture." *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). "Based upon that whole picture the detaining officers must have a particularized and objective basis

1

for suspecting the particular person stopped of criminal activity." *Id*. at 417-18, 101 S.Ct. 690 (citations omitted)"

Officer Kaiser relied on an incident report that did not contain information sufficient to create reasonable suspicion that *Duffie* had already, was, or was about to commit a crime…(extending *Terry* to the investigation of completed crimes). Nebraska law permits individuals who are at least 18 years old to open carry handguns in public…The City of Lincoln does not restrict an individual's right to open carry except in certain locations...Moreover, the mere report of a person with a handgun is insufficient to create reasonable suspicion.[5] See *Florida v. J.L.*, 529 U.S. 266, 272…(2000) (concluding that "an automatic firearm exception to our established reliability analysis would rove too far")."" *Id* at 883.

California does not ban Open Carry by similarly situated persons to *Nichols,* or Unloaded Open Carry of antiques. The 8th circuit has unequivocally rejected Appellees' position.

The body of this letter contains 350 words.


Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)