Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

June 12, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103


RE:  *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *Fisher v. Kealoha,* No.: 14-16514 (9th Cir. May 5, 2017) as supplemental authority under FRAP Rule 28(j).

The Appellees in their answering brief concede that "the district court here relied on case law subsequently superseded to apply rational-basis review and to uphold California's open-carry laws" (pgs 38-39) and although they still maintain California's Open Carry bans are subject to the rational basis test they claim that the bans survive intermediate scrutiny under "*United States v. Chovan*, 735 F.3d 1127, 1138 (9th Cir. 2013)" at pgs 34-36.

*Nichols*, in his opening brief, argued that the district court "upheld the Open Carry bans under rational-basis review which is explicitly precluded by this Court in *US v. Chovan*, 735 F. 3d 1127, 1137 (9th Circuit 2013) and by the US Supreme Court in *Heller* and *McDonald*. ER30" and that California's Open Carry bans are not longstanding under *Chovan* at pgs 20 and 57.

> "To determine whether a law impermissibly infringes Second Amendment rights, we must ask whether the challenged law burdens conduct protected

1

by the Second Amendment, and if so, we apply a level of scrutiny that corresponds to the nature and degree of the burden. *United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013)." *Fisher* at Slip. Op. pg 8.

The facts in this case are undisputed as is the finding of the district court that all one needs to do to violate the Loaded Open Carry ban (PC25850) is to step outside his home. More precisely, Nichols need only enter into the curtilage of his home to be in violation of the law (opening brief pg 43). The same is true were he to openly carry an unloaded, modern firearm.

California's Open Carry bans fail the test articulated in *Chovan* just as the Illinois Open Carry bans failed in *Moore v. Madigan* (opening brief, pgs 25-26, 49-50, 55-56, 62).

The Illinois bans, unlike California's Open Carry bans, did not apply to private property or unincorporated county territory.

The body of this letter contains 350 words.

Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)