Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

June 17, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103


RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter

Dear Ms. Dwyer:

    Plaintiff-Appellant Nichols submits *US v. Gamboa-Cardenas,* 508 F. 3d 491 (9th Cir. 2007) as supplemental authority under FRAP Rule 28(j).

    By failing to address in their Answering Brief why the challenged laws are constitutional *as-applied* to *Nichols*, the Appellees have waived this argument. See *United States v. Gamboa-Cardenas*, 508 F.3d 491, 402 (9th Cir. 2007) (holding that an argument not addressed in an Answering Brief is waived).

    This Court has held in *Jackson v. San Francisco* (Appellant's Opening Brief at 20) that one can bring both facial and as-applied challenges under the Second Amendment. The Appellees never addressed this argument in their Answering Brief. Instead, they have rolled the dice in the hope that this court will disregard *Jackson* and hold that: 1) Nichols cannot challenge California's bans on openly carrying firearms both facially and as-applied in Federal court, 2) Nichols must wait until he has been charged and prosecuted in state criminal court to bring an as-applied challenge, 3) A law is only facially invalid if it is invalid in all applications. See Reply Brief at 6.

1

The only use of the term "as-applied" made by the Appellees in their Answering Brief occurs in fn 29: "California Penal Code section 25820(b)" (sic) [should have read PC25850(b)] where the Appellees explicitly chose not to address, claiming instead that an as-applied challenge should be by an "appropriate person" in some other lawsuit. Indeed, the footnote is in support of the state's facial argument.

Likewise, the Appellees have waived *every* argument not addressed in the Appellees Answering Brief including, but not limited to, those which *Nichols* referenced as conceded (or should be construed as conceded) in his Reply Brief.

The Appellees waiver to *Nichols* arguments does not mean that the challenged laws are not facially unconstitutional as well. *Nichols* challenged the laws at issue here both facially and as-applied both in the district court and again on appeal.

*Heller* and *McDonald* involved lone, natural born plaintiffs. Nevertheless, the laws were facially invalidated.

The body of this letter contains 349 words.

Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)