Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

June 20, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE:  *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *Beckles v. US 137 S. Ct. 886* - Supreme Court (2017) as supplemental authority under FRAP Rule 28(j).

"The Due Process Clause prohibits the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, supra, at ___-___, 135 S.Ct., at 2556. *Beckles* at 888.

The test of whether or not a criminal law is void for vagueness is whether or not it gives *ordinary people* fair notice of the conduct it punishes, or so *standardless* that it invites arbitrary enforcement.

Void for vagueness was extensively argued in the district court, in *Nichols'* Opening Brief at 83-91 and again in his Reply Brief at 15-22.

*Beckles* should be sufficient as it reaffirms *Nichols'* argument already briefed. More so because we are dealing with interpretations of the law which

1

even lawyers and judges cannot agree upon as was extensively cited in *Nichols'* briefs.

If lawyers and judges cannot agree upon the meaning of the law then what chance does an ordinary person have? He has no chance. He is left to the arbitrary enforcement of the law by police, prosecutors and judges. No *fair notice* is afforded to *ordinary people*.

> "Under the void-for-vagueness doctrine, laws that fix the permissible sentences for criminal offenses must specify the range of available sentences with "sufficient clarity." *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755. *Id*.

As to PC25850(b), the Appellees never answered the question raised as to whether or not this subsection merely authorizes a search and seizure or is also a separate crime for mere refusal. Opening Brief at 67. As the penal code is silent as to what punishment a violation entails, it (as a standalone crime) fails the vagueness test *and* the Appellees have waived any defense of the subsection as a standalone crime.

The body of this letter contains 348 words.


Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)