Charles Nichols<br>
PO Box 1302<br>
Redondo Beach, CA 90278<br>
Tel. No. (424) 634-7381<br>
e-mail: CharlesNichols@Pykrete.info<br>
In Pro Per

June 21, 2017<br>
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE:   *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873;
        Rule 28(j) letter

Dear Ms. Dwyer:

    Plaintiff-Appellant Nichols submits *McCALIP v. TED CONFERENCES, LLC, Court of Appeals,* No. 16-55510 (9th Cir. May 10, 2017) as supplemental authority (FRAP 28(j) and 32.1).

    Appellees Governor Brown and Attorney General Becerra seek to submit new evidence on appeal in their Answering Brief at 39-43 and in their Addendum in which nearly all of the 280 page Addendum constitutes new evidence (except for the California Code sections).

> "We do not consider evidence, allegations, or arguments raised for the first time on appeal. See *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Lowry v. Barnhart*, 329 F.3d 1019, 1025 (9th Cir. 2003) ("The appellate process is for addressing the legal issues a case presents, not for generating new evidence to parry an opponent's arguments."); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal."). Slip Op. at 2-3.

1

Even if this were a trial court and the "evidence" were admissible under the Federal Rules of Evidence (doubtful), it is inapposite.

For example, they claim in their Answering Brief at 39-40 that sufficient scholarship supports the legislative bans on Open Carry. Not forgetting the fact that the Constitution controls this case, their evidence fails.

"The evidence for laws restricting guns in public places and leniency in gun carrying was mixed." ADD267.

"3 studies...examined firearm laws regulating permits for open carry along with other firearm laws. None of these studies found an association between these laws and firearm homicide rates." ADD278.

The Appellees changed their argument on appeal. In the district court it was the Open Carry right defined in *Heller* does not apply to the states until the Supreme Court decides an Open Carry case. Now, on appeal, they argue there is no Second Amendment Open Carry right. They argue that *Heller*, *McDonald* and *Caetano* were wrongly decided. Reply Brief at 10.

The danger that concealed carry presents to the public is not in dispute. Opening Brief at 59 (*People v. Mitchell*).

Open Carry enhances public safety. *Mitchell* at 1371.

The body of this letter contains 349 words.


Sincerely,

s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)