Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

June 29, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103


RE:  *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *HUGHES V. KISELA* No. 14-15059 ORDER AND AMENDED OPINION (9th Cir. Amended June 27, 2017) en banc denied as supplemental authority under FRAP Rule 28(j).

"Our case law clearly establishes that the use of deadly force against a suspect simply because he is holding a gun – even when that suspect is in proximity to police officers or other individuals, and even when that suspect has "committed a violent crime in the immediate past"– is not ipso facto reasonable, particularly when that gun is not pointed at another individual or otherwise wielded in a threatening fashion. *Harris*, 126 F.3d at 1203–04; *Curnow*, 952 F.2d at 325." *Id* at 13

"We have held unconstitutional the use of deadly force where an individual "did not point [a] gun at the officers and apparently was not facing them when they shot him the first time." *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991). We have also held that deadly force is impermissible against an armed suspect "who makes no threatening movement" or "aggressive move of any kind," even where that suspect is

1

suspected of killing a federal agent. *Harris v. Roderick*, 126 F.3d 1189, 1203 (9th Cir. 1997). "Law enforcement officers may not shoot to kill unless, at a minimum, the suspect presents an immediate threat to the officer or others, or is fleeing and his escape will result in a serious threat of injury to persons." *Id*. at 1201 (emphasis added)." *Id* at 9

The Appellees do not defend the legislative intent in enacting the ban on Loaded Open Carry. Instead, they conflate the legislative finding in support of the Unloaded Open Carry bans.

*Nichols* submits "[T]hat police are prohibited from killing people merely because they are carrying a firearm, even if the firearm is carried unlawfully." Opening Brief at 54, which the citations above prove.

*Nichols* further submits that if this Court were to defer to the legislative finding, "[T]he better solution is for this Court to enjoin the laws which permit police officers and those assisting the police from carrying firearms." *Id* at 55.

The body of this letter contains 350 words.


Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)