Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

July 2, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *Bauer v. Becerra,* No.: 15-15428 (9th Cir. June 1, 2017) as supplemental authority under FRAP Rule 28(j).

"In accord with many of our sister circuits, "we have discerned from *Heller's* approach a two-step Second Amendment inquiry." *Jackson v. City & Cty. of S.F.*, 746 F.3d 953, 960 (9th Cir. 2014) (citing *United States v. Chovan*, 735 F.3d 1127, 1136-37 (9th Cir. 2013)); see also, e.g., *United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010); *United States v. Reese*, 627 F.3d 792, 800 (10th Cir. 2010); *United States v. Marzzarella,* 614 F.3d 85, 89 (3d Cir. 2010). This two-step inquiry "(1) asks whether the challenged law burdens conduct protected by the Second Amendment and (2) if so, directs courts to apply an appropriate level of scrutiny." *Jackson*, 746 F.3d at 960 (citing *Chovan*, 735 F.3d at 1136). In determining whether a given regulation falls within the scope of the Second Amendment under the first step of this inquiry, "we ask whether the regulation is one of the `presumptively lawful regulatory measures' identified in *Heller*, or whether the record includes persuasive historical evidence establishing that the regulation at issue imposes prohibitions that fall outside the historical scope of the Second

1

Amendment." Id. (first quoting *Heller*, 554 U.S. at 627 n.26; then citing *Chovan*, 735 F.3d at 1137)" *Bauer* Slip Op. pgs 8-9.

"*Heller* was an in-depth examination of the Second Amendment right which it said was perfectly captured by "[A] right to carry arms openly: "This is the right guaranteed by the Constitution of the United States..."" *Heller* at 2809." Opening brief pg 37.

"[*Nichols*] seeks to carry his firearms in a manner which is noble (openly) in defense of himself *Id* [Heller] at 2809, in case of confrontation *Id* at 2797" Opening brief pg 57.

There is no doubt that the challenged bans burden conduct protected by the Second Amendment and that they fail under step-two.

*Bauer's* citations prove that protected conduct bans fail under intermediate scrutiny.

The body of this letter contains 350 words.

Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)