No.: 14-55873 [DC 2:11-cv-09916-SJO-SS]

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

Charles Nichols,

*Plaintiff-Appellant,*

v.

EDMUND G. BROWN JR., in his official capacity as Governor of California

and

XAVIER BECERRA, in his official capacity as Attorney General of California,

*Defendants-Appellees.*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
[DC 2:11-cv-09916-SJO-SS]
_____

PLAINTIFF-APPELLANT NICHOLS' MOTION TO SCHEDULE ORAL ARGUMENT WITH RELATED CASE
_____

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

# STATEMENT OF FACTS

Pursuant to the Federal Rules of Appellate Procedure 28-2.6(c) Plaintiff-Appellant Nichols identified in his Statement of Related Cases on the last page of his initial brief (Appellant's Opening Brief) two cases, the first of which has been remanded back to the district court. The second and sole remaining related case, *George Young, Jr. v. State of Hawaii, et al* No.: 12-17808 is still pending.

On June 28, 2017, *Nichols* filed a separate Notice of Related Case regarding *Young*. See *Nichols* docket #77.

Both *Nichols* and *Young* are fully briefed.

On June 27, 2017, the Clerk of the Court issued an Order on Behalf of the Court lifting the stay in *Young*. The Order (*Young* docket #107) also stated "This appeal shall be placed on the next available calendar."

Both *Nichols* and *Young* "Raise the same or closely-related issues."

Both *Nichols* and *Young* claim that the Second Amendment to the Constitution of the United States extends beyond the walls of one's home. The Appellees, in both *Nichols* and *Young,* claim that there is no right to keep and bear arms outside the walls of one's home.

*Nichols*, unlike *Young*, has an in-home claim not present in *Young*. *Nichols* seeks to openly carry loaded firearms and unloaded modern firearms in the

1

curtilage of his home for the purpose of self-defense which California law prevents him from doing because Mr. Nichols lives in an incorporated city.

Mr. Nichols asked for both an application and license for a license to openly carry a loaded handgun in public but was denied both. He was denied not because he is lacking in good moral character or because he does not have "good cause" (Mr. Nichols has a well documented death threat against him). Mr. Nichols denial of a license was based solely on state law which prohibits the issuance of licenses to openly carry a handgun to persons in counties with a population of more than 199,999 people and Mr. Nichols lives in a county (Los Angeles County) which has significantly more than that. Licenses are restricted to the county of issuance.

The State of California has fully preempted local laws "regulating" the carrying of loaded and unloaded firearms in public. This is an undisputed finding of the district court.

Although the Appellees in *Young* have raised a number of standing issues in Mr. Young's appeal such as *Young* raises for the first time on appeal a challenge to Hawaii's ban on the carrying of long guns outside of the home, there are no standing issues in *Nichols*.

*Nichols*, in both the district court and again on appeal, claims that California's bans on openly carrying loaded and unloaded handguns and long guns violate the Second Amendment of the US Constitution.

2

Indeed, the California State Appellees (sued solely in their official capacity) now concede that there are no standing issues in *Nichols'* appeal:

"[T]he AGO concedes that Mr. Nichols has standing to pursue his lawsuit, including the appeal." See *Nichols* docket #64.

And:

"The AGO does not contend that Mr. Nichols's appeal is defective because it seeks a ruling on the question of whether people not barred by law from possessing firearms have the right, under the Second Amendment, to carry firearms openly in public. The AGO has emphasized the narrowness and specificity of the question presented, but has not contended that the way that Mr. Nichols has framed his case is improper." See *Nichols* docket #64.

## STATEMENT OF LAW

Pursuant to the Federal Rules of Appellate Procedure 28-2.6, cases are deemed related if they raise the same or closely-related issues.

Pursuant to Ninth Circuit Advisory Committee Notes to Circuit Rules 34-1 to 34-3 (1):

*__Appeals Raising the Same Issues__. When other pending cases raise the same legal issues, the Court may advance or defer the hearing of an appeal so that related issues can be heard at the same time. Cases involving the same legal issue are identified during the Court's inventory process. The first panel to whom the issue is submitted has priority. Normally, other panels will enter orders vacating submission and advise counsel of the other pending case when it appears that the first panel's decision is likely to be dispositive of the issue . Panels may also enter orders vacating submission when awaiting the decision of a related case before another court or administrative agency. (Rev. 12/1/09).*

3

## ARGUMENT/CONCLUSION

There are multiple procedural errors in *Young* which may very well prevent this court from reaching the Constitutional question on whether or not the Second Amendment extends beyond the walls of one's home. *Young's* Complaint, instead of seeking a license to openly carry a handgun in Hawaii, which Hawaii law provides for, in his Prayer for Relief asked for a permit to carry "Weapons" including weapons which are banned in Hawaii (such as switch-blade knives). *Young's* Prayer for Relief does not ask for "Such other and further relief as this court may deem appropriate." *Nichols* Prayer for Relief in his Complaint does.

On appeal, instead of asking for a license to openly carry a handgun, *Young* asks for an order compelling that the law be rewritten which Federal courts do not have the power to grant.

No such errors exist in *Nichols*. Mr. Nichols should not have to wait for *Young* to be disposed of before his appeal is heard.

Both Mr. Young and Mr. Nichols have sought to vindicate their Second Amendment rights for the better part of a decade. The district courts in both *Nichols* and *Young* denied their Second Amendment claims, with prejudice.

*Nichols* does not seek to consolidate his case with *Young*. *Nichols* does not seek divided argument. There is no briefing which would be delayed if this motion is granted. *Young* will not have to be rescheduled for oral arguments or a decision

although the Ninth Circuit Advisory Committee Notes to Circuit Rules 34-1 to 34-3 (1) certainly allow for it. No party is prejudiced by granting this motion.

Judicial efficiency strongly warrants that one panel fully and equally consider the various arguments raised by each appeal. Indeed, *Nichols* has a Petition for Initial Hearing en banc (*Nichols* docket #31) which has not formally been denied pursuant to General Order 5.2 as no Order denying the petition without prejudice has been entered and the parties have not been notified of the denial of the petition. See *Nichols* docket #62.

*Peruta v. County of San Diego*, 824 F. 3d 919, 924 (9th Cir 2016) en banc (cert denied June 26, 2017 sub nom *Peruta v. California* No. 16-894) held that:

> "[T]he Second Amendment does not preserve or protect a right of a member of the general public to carry concealed firearms in public." And "In light of our holding, we need not, and do not, answer the question of whether or to what degree the Second Amendment might or might not protect a right of a member of the general public to carry firearms openly in public." *Id* at 942.

The State of California, in its Brief In Opposition to *Peruta v. California* implied that the Supreme Court should wait for another case [fn 10] citing *Nichols*. *Nichols'* petition to be heard initially en banc should be granted. If not, he requests that his case be set for argument before the same panel on the same day as *Young*.

Date: July 4, 2017　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Charles Nichols
　　　　　　　　　　　　　　　　　　　　　　CHARLES NICHOLS
　　　　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant In Pro Per

5