Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

July 4, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE:  *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *Parker v. District of Columbia*, 478 F.3d 370 (2007), aff'd sub nom. *District of Columbia v. Heller*, 554 U.S. 570 (2008) as supplemental authority under FRAP Rule 28(j).

*Heller* at 2787 affirmed the judgment of the Circuit Court of Appeals.

*Parker* reversed the judgment of the district court and remanded. "[T]he district court is ordered to grant summary judgment to Heller consistent with the prayer for relief contained in appellants' complaint." at 401.

Heller's Complaint asked for a permanent injunction from enforcing D.C., code sections "[I]n such a manner as to bar the possession of functional firearms

1

within the home or ***on possessed land***; and permanently enjoining defendants from enforcing [code sections] in such a manner as to forbid the carrying of a firearm within one's home ***or possessed land*** without a license." (italics and emphasis added) and for "Declaratory relief consistent with the injunction;" Complaint at 9.

*Nichols* seeks "[P]rospective injunctive and declaratory relief against various State of California prohibitory Penal Code laws which prohibit him from openly *carrying* loaded and unloaded **in the curtilage of his home, on his private property**…" (emphasis added) Appellant Opening Brief at 1.

Even a myopic view of the scope of *Heller* extends beyond the walls of one's home to property accessible to the public. *Heller* facially invalidated laws which applied to licensing *and carrying* in home and *on property*. *McDonald v. City of Chicago, Ill.*, 130 S. Ct. 3020 (2010) facially invalidated *citywide* prohibitions which applied to one's home and his property and in public places (Opening Brief at 47). Stare decisis demands that the California Open Carry bans be facially invalidated.

Likewise, stare decisis demands that Mr. Nichols be issued an unrestricted license to openly carry a loaded handgun and be granted the relief he requested in the district court and on appeal.

"It is the height of irony...the defendant...may only carry a weapon while immured behind the doors of his home but cannot use it an inch past his threshold." *Overturf* dissent at 9. See Opening Brief at 43, 71.

The body of this letter contains 344 words.

Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)