Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

July 6, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *People v. McDonnell*, 32 Cal.App. 694, 704 (Cal. Ct. App. 1917) as supplemental authority under FRAP Rule 28(j).

It is an uncontroverted fact and well-settled California law that there is no "duty to retreat" and that one may even pursue his attacker until the danger has passed. Appellant's Opening Brief at 13, 52.

> "Manifestly, there is force in the contention that an instruction taken from the statute should not be condemned. Ordinarily that is true, and within certain limits the legislature may prescribe the conditions under which homicide may be excusable or justifiable. It cannot, however, deprive a person — at least a person who is not a wrongdoer — of the right of self-defense. The right to defend life is one of the inalienable rights guaranteed by the constitution of the state. (Art. I, sec. 1.) It is plain that if a person without fault is assailed by another and a mortal combat is precipitated, to require the former to attempt to withdraw before killing his adversary is to require the very thing that may prevent him from defending himself at all." *Id.*

1

To the extent that this Court might look to California law on the use of firearms for the lawful purpose of self-defense, this Court will find that the scope of that right is far greater than what *Nichols* seeks.

It is an uncontroverted fact that California's Open Carry bans do not contain a self-defense exception. ER164-SUF1-2.

It's clear from the plain text of the statutes at issue here, the statutes ban the mere *carrying* of firearms, loaded and unloaded, for the purpose of self-defense. In *all* circumstances where it is legal to *use* a firearm for the purpose of lawful self-defense under the California Constitution, the statutes at issue here prohibit them from being *carried* for that purpose.

Under the pretense of regulation, the California legislature has destroyed the right to keep and bear arms for the purpose of self-defense under both the Second Amendment (*Heller*, 2818) and the Second Amendment corollary under the California Bill of Rights (Art I. sec 1).

The body of this letter contains 347 words.

Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)