Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

July 7, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *People v. King*, 582 P. 2d 1000 (Cal. 1978) as supplemental authority under FRAP Rule 28(j).

Statutorily, under California Penal Code sections 197, 198, 692, 693, and 694, self-defense and defense of another are defenses to virtually any crime—even to possession of a firearm by a convicted felon. (See generally *People v. King* (1978) at 22-23).

Under *King*, prohibited persons do not have to wait until they are in "grave, immediate" danger. They may arm themselves with loaded firearms, including concealable firearms, if they have a *reasonable fear of great bodily harm* to themselves or others. *Id* at 24. Whereas Plaintiff-Appellant Nichols, who is someone who falls within the scope of the Second Amendment, must wait until he is in *grave, immediate danger* before arming himself with a loaded firearm at which point it would be too late. He would already be a victim. Opening Brief at 50-51.

1

It is undisputed that California law substantially burdens Nichols right to self-defense and that unloaded firearms cannot be instantaneously loaded. ER197-199:SUF105-114

Indeed, when *King* was decided, felons were not prohibited from possessing long guns in self-defense (loaded or unloaded). *Id* at 24 and California had repealed the prohibition on aliens from possessing *concealable* firearms. *Id* at 22.

Convicted felons and other persons prohibited by law from possessing firearms cannot be punished for violating California's Open Carry bans (Opening Brief at 79).

The Appellees seek to rewrite the Second Amendment and for this court to issue a decision in direct conflict with the Right defined in *Heller* and incorporated against the states in *McDonald,* which Caetano held states may not do. *Reply Brief* at 10.

Were this Court to adopt the "exigent circumstances" interpretation of the Second Amendment propounded by the Appellees, it would entail that persons who fall outside the scope of the Second Amendment (*Heller* at 2817) have a greater right to keep and bear arms for the purpose of self defense than do those who fall within the scope of the Right.

Appellees' interpretation of the Second Amendment is found only in a dystopian world.

The body of this letter contains 349 words.


Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)