Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

July 10, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE:  *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols responds to the July 7, 2017, letter [Dkt #88] that Appellees submitted in the above entitled case concerning a study they sought to introduce as new evidence for the first time on appeal (Answering Brief at 39-43).

"We do not consider evidence, allegations, or arguments raised for the first time on appeal. See *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Lowry v. Barnhart*, 329 F.3d 1019, 1025 (9th Cir. 2003) ("The appellate process is for addressing the legal issues a case presents, not for generating new evidence to parry an opponent's arguments."); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

*Nichols* renews his objections to the Appellees' attempts to turn this appeal into a trial court.  This is an appeal in which the facts are not in dispute and an appeal which involves pure questions of law to be reviewed *de novo*.

"Here, as in *Moore*, the defendants did not present any evidence to justify the bans under any level of heightened scrutiny, or even under rational-basis review.  Indeed, there is no evidence that the defendants in this case could

**1**

have provided as it was all tainted with racial animus. In any event, the defendants did not present any evidence, or any declaration (expert or otherwise), to justify the bans at issue here, though no evidence could support a ban on a fundamental, enumerated right." Opening Brief at 26.

Moreover, even if this were a trial court, and not forgetting this study is subject to "reasonable dispute," the Appellees failed to attach the study or even attach a certificate of service to their letter.

The Appellees did say the study "may be downloaded without cost by any user with an e-mail account ending in ".gov."" (which excludes *Nichols*) thereby inviting any number of obvious citations to Franz Kafka's novel "The Trial."

The California courts have always upheld prohibitions on concealed carry and required that arms be carried openly *in the interest of public safety*.

The body of this letter contains 350 words.

Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)