Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

July 19, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *various California Government Code sections of the California Emergency Services Act* as supplemental authority under FRAP Rule 28(j).

In his Opening Brief at 34-37 *Nichols* argues that "There is no Eleventh Amendment bar and there is no lack of Article III standing against the Governor (or against the Attorney General)." *Nichols* further argues that California Penal Code section PC25850(b) violates the Fourth Amendment at 68-80.

In *Nichols* brief in opposition to the motion to dismiss by Governor Brown (district court docket #36 at pg 19 lines 1-19) *Nichols* cited California Government Code section ("GOV") 8571.5 which states that the Governor "has greater restrictions on him during a war emergency or state of emergency than he has at other times."

Notably, although GOV8571.5 prohibits "the seizure or confiscation of any firearm or ammunition from any individual who is lawfully carrying or possessing the firearm or ammunition" the Governor is not prohibited from exercising his

1

police powers granted under GOV8620 and GOV8627 to enforce state law, including the Open Carry bans at issue here.

> § 8627. Complete authority of Governor; orders and regulations
> "During a state of emergency the Governor shall, to the extent he deems necessary, have complete authority over all agencies of the state government and the right to exercise within the area designated all police power vested in the state by the Constitution and laws of the State of California in order to effectuate the purposes of this chapter…" See also GOV8620.

In *Bateman v. Perdue*, 881 F. Supp. 2d 709 (E.D.NC 2012) the only enforcement nexus was the authority of the governor to declare a state of emergency which GOV8625 grants to Appellee Brown, and more. California has chosen to invest the governor with full police powers under conditions outlined in GOV8558.

Had *Nichols* been given the opportunity, there are many Declarations of Emergency by California Governors, past and present, *Nichols* could have submitted.

The California Emergency Services Act (Gov. Code, § 8550 et seq.) confers upon the Governor broad powers. *Macias v. State of California*, 897 P. 2d 530 (Cal. 1995) at 854.

The body of this letter contains 349 words.


Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)