Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

July 21, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; AB1591 – The Mulford Act of 1967 – 50th Anniversary of its becoming law.

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *Romer v. Evans,* 517 US 620 (1996) and *Pacific Shores Properties v. City of Newport Beach,* 730 F. 3d 1142 (9th Cir. 2013) as supplemental authority under FRAP Rule 28(j).

*Nichols* has forfeited his race based claims so that this court must decide the Second Amendment questions. Opening Brief at 9-10. *Nichols* has not abandoned his claim that the challenged laws fail any level of judicial scrutiny including rational basis review. *Id* at 26, 39-40, 83. *Nichols* Operative Complaint explicitly claims that "ALL of laws at issue in this case fail to survive even rational review." ER246 ¶69.

Typically, a law will be upheld if it neither burdens a fundamental right nor targets a suspect class. *Romer* at 632.

An exception to this general rule is animus. *Id*.

The Appellees in their Answering Brief made no attempt to justify the legislative motivation in enacting California's Open Carry bans which was animus

1

(Opening Brief at 26) against a group of Black men and women with unpopular views. *Id* at 62.

The district court recognized that *Nichols* had submitted evidence proving the improper motivation behind the Mulford Act of 1967 of which California Penal Code section 25850 is a part. See Attachments 3-71. But failing to show that the law was disproportionately enforced and because the language is race neutral, the court declined to apply strict scrutiny. Attachments 1 ¶1 and 2 [fn] 11.

The district court would dismiss *Nichols* race based equal protection claim with prejudice because the court concluded that he had not plead that the criminal laws were enforced against him *because of his race*.

Neither that nor disproportionate enforcement is required under *Romer* or *Pacific Shores Properties*. "[W]here, as here, the defendant is willing to harm certain similarly-situated individuals who are not members of the disfavored group in order to accomplish a discriminatory objective, while preserving the appearance of neutrality." *Id* at 1148.

If this court were to, incredibly, find that the laws at issue here do not infringe on fundamental rights then it must determine if the laws survive rational basis review.

They don't.

The body of this letter contains 350 words.

Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)