Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

October 21, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873.

Dear Ms. Dwyer:

Plaintiff-Appellant *Nichols* submits *Packingham v. North Carolina,* 137 S. Ct. 1730 (2017) as supplemental authority under FRAP Rule 28(j).

The Appellees concede in their answering brief at 38-39 that "Although the district court here relied on case law subsequently superseded to apply rational-basis review…to uphold California's open-carry laws..." they nevertheless maintain that the same "analysis" "still fulfills intermediate scrutiny..."

*Nichols* argued in his opening brief at 26 that California's Open Carry bans fail any standard of review, including rational basis: "there is no evidence that the defendants in this case could have provided as it was all tainted with racial animus. …the defendants did not present any evidence, or any declaration (expert or otherwise), to justify the bans at issue here, though no evidence could support a ban on a fundamental, enumerated right."

"But even if the Second Amendment were subject to these standards of review, the bans at issue here fail every level of scrutiny." *Id* at 39. See also *Id* at 40, 62.and 83.

1

Assuming, for the sake of argument, that intermediate scrutiny applies to the Open Carry bans at issue, the bans are not "[N]arrowly tailored to serve a significant governmental interest." *Packingham* at 1732 and "[T]he assertion of a valid governmental interest "cannot, in every context, be insulated from all constitutional protections."" *Id*

Indeed, the Appellees do not identify any legitimate interest. Instead, they conflate the undisputed danger in concealed carry with Open Carry, the latter long being required because it enhances public safety. See *Peruta v. County of San Diego*, 824 F. 3d 919 (9th cir. 2016) beginning at 931, citing prohibitions on concealed carry, but not Open Carry, dating from 1541 and *People v. Mitchell*, 209 Cal. App. 4th 1364 (2012) at 1371 (opening brief at 59).

Significantly, *Peruta* at 928-929 recognized "[I]t is clear that the Framers and ratifiers of the Fourteenth Amendment counted the right to keep and bear arms among those fundamental rights necessary to our system of ordered liberty."

California has banned *Nichols* from exercising his right to keep and bear arms even in the curtilage of his home.

The body of this letter contains 349 words.


Sincerely,

/s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)

2