Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

November 17, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE:   *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873;
      Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *IN RE JAIME P 40 Cal.4th 128* (Cal. 2006) as supplemental authority under FRAP Rule 28(j).

The California Supreme Court held in *Jaime* that the reasonableness of a search must be determined based on the circumstances *known to the officer* when the search is conducted. Here, the arresting officer had neither reasonable suspicion of any criminal activity nor advance knowledge of a search condition that might have justified the search.

The court reversed the denial of a motion to suppress evidence in which the lower court sustained the allegation that *Jaime* had carried a loaded firearm in violation of former California Penal Code section 12031(a)(1) which is now renumbered as PC25850(a).

This was a case in which the person who was arrested was a probationer who had a "reduced expectation of privacy" and who was subject to a search condition to which the officer was unaware. Id at 433-434.

**1**

In *Jaime*, the Attorney General (unlike in *Nichols*) conceded that even a minor with a search condition attached to his probation has a reasonable expectation of privacy and that police will not undertake random searches which are supported neither by evidence of criminal activity nor advance knowledge of the search condition. *Id* at 436.

The Appellees cite a lone California appellate decision, a drug case from 1970 where PC25850(b) did not even apply, in support of their position that there is absolutely no expectation of privacy in the lawful possession of firearms (*DeLong*, Answering Brief at 45). A position which is irreconcilable with the California Supreme Court's holding in *Jaime*.

*Nichols* is not a minor. *Nichols* is not on probation. *Nichols* has not waived his Fourth Amendment right. Indeed, *Nichols* has clearly stated a Fourth Amendment challenge and has extensively argued in support of his claim in his Opening Brief at pages 65-80.and again in his Reply Brief at pages 22 -30.

*Nichols* should not be forced to vindicate his Fourth Amendment right through suppression motions and criminal appeals.

"The totality of these circumstances amounts to very little and does not justify the officer's search." *Id* at 438.

The body of this letter contains 350 words.

Sincerely,

s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)

2