Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

November 17, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE:   *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant *Nichols* submits *People v. Casares, 364 P.3d 1093* (Cal. 2016) as supplemental authority under FRAP Rule 28(j).

The California Supreme Court held in *Casares* that the district court erred in not suppressing the discovery of a weapon [handgun] in "plain sight" in a motor vehicle *Id* at 837 because a detention and search is unreasonable under the Fourth Amendment unless the officer can point to specific articulable facts that, in light of *the totality of the circumstances*, provide some objective manifestation that the person detained may be involved in criminal activity. *Id* at 837-838.

It is an undisputed fact that it is legal for *Nichols* to openly carry unloaded antique firearms in the places where similarly situated persons may openly carry loaded firearms and modern, unloaded firearms. Opening Brief at 21, 50-52, 76-77, 81.

The Appellees do not argue that a firearm, openly carried, in these places, constitutes either reasonable suspicion or probable cause that a firearm is loaded in violation of the laws at issue here or that any person is otherwise engaged in

1

criminal activity. Their position is that persons who openly carry firearms in places where it is legal to openly carry firearms fall completely outside the protections of the Fourth Amendment.

A hunch that a person is engaged in criminal activity does not constitute reasonable suspicion and reasonable suspicion cannot be based solely on factors unrelated to the defendant, such as criminal activity in the area. *Id*.

Moreover, the court held that the unlawful detention negated the consent for the search in holding that "The detention being unlawful, the subsequent searches of defendant's person and the car he had been sitting in were also unlawful." *Id*.

"The only way to determine that a firearm is loaded is to examine the firing chamber of the firearm." Opening Brief at 73.

"At all times, PLAINTIFF will refuse to consent to the inspection of his firearm to see if it is loaded in violation of California Penal Code Section 25850." SAC at ¶49. ER239 lines 11-13.

As such, the only PC25850(b) detentions of *Nichols* will be unlawful detentions.

The body of this letter contains 350 words.


Sincerely,

s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)