Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

November 18, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103


RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant Nichols submits *People v. Schmitz*, 288 P.3d 1259 (Cal. 2012) as supplemental authority under FRAP Rule 28(j).

In their Answering Brief at 56-57 the Appellees argued that:

"[T]he California Constitution protection against unreasonable searches and seizures (Cal. Const. art. I, § 13) is essentially co-extensive with the analogous protection provided by the Fourth Amendment...("The right to be free from unreasonable searches under art. I § 13 of the California Constitution parallels the Fourth Amendment inquiry into the reasonableness of a search"). Therefore, Nichols's state-law search-and-seizure challenge shares the same fate as the Fourth Amendment claim, as discussed previously."

By the same token, the Appellees' defense of PC25850(b) fails given that the California Supreme Court held in *Schmitz* that challenges to the admissibility of evidence obtained by a police search and seizure are reviewed *under federal*

1

*constitutional standards*. Citing Cal. Const., art. I, § 24 and other sources. *Id* at 916.

*Nichols*, in his Opening Brief at pages 68-80 and in his Reply Brief at pages 22-30 cited numerous Federal decisions which leave no doubt that PC25850(b) violates the Fourth Amendment not only as-applied to Nichols but facially as well.

In *Schmitz*, the California Supreme Court held that a warrantless search is unreasonable under the Fourth Amendment unless it is conducted pursuant to one of the few narrowly drawn exceptions to the constitutional requirement of a warrant citing *Arizona v. Gant* (2009) 556 U.S. 332, 338. *Id.*

Nowhere in their Answering Brief do the Appellees cite any Federal case which held, or supports, an argument that refusal to consent to a suspicionless search and seizure is probable cause for an arrest or that PC25850(b) falls within any of the *few narrowly drawn exceptions to the constitutional requirement of a warrant*. *Schmitz* at 916.

*US v. Vongxay* cited in *Nichols'* Opening Brief at 68-69 enumerated five factors to be considered in determining whether consent is voluntarily given (*Vongxay* at 1120). Not only is refusal to consent not found among these exceptions, this circuit has held that consent must be voluntarily given, as has the California Supreme Court.

The body of this letter contains 346 words.


Sincerely,

s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)