Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

December 31, 2017
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873; Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant *Nichols* submits *Wrenn v. District of Columbia,* 864 F.3d 650 (2017) en banc denied without dissent, cert not filed, as supplemental authority under FRAP Rule 28(j).

*Wrenn* held that the "core" Second Amendment right extends beyond the home and *categorically* struck down an "ensemble of Code provisions and police regulations" it referred to as "the good reason law" which prohibited most people from carrying a handgun in public, concealed.

The plaintiffs did not challenge the separate handgun Open Carry ban enacted after the prior ban on carrying handguns openly or concealed was struck down in *Palmer v. District of Columbia*, 59 F.Supp.3d 173 (D.D.C. 2014).

*Wrenn* did not hold that *Heller* allowed for a ban on Open Carry. Indeed, it recognized that *Heller's* citation to *Chandler* "shields a right to open carry."

Relying on a prior circuit precedent, *Wrenn* held that the District must leave an "alternative channel" to exercise the Second Amendment right, "Longstanding

1

regulations aside…" (i.e., prohibitions on concealed carry) which is, of course, precluded in this circuit by *Peruta*, 824 F.3d 919 (2016) (en banc).

*Wrenn*, like *Heller*, rejected applying "tiers of scrutiny because no such analysis could ever sanction obliterations of an enumerated constitutional right."

Significantly, *Wrenn* rejected the "Northampton laws and surety laws," the law review article by Patrick J. Charles, and said that "[T]he few nineteenth-century cases that upheld onerous limits on carrying against challenges under the Second Amendment or close analogues are sapped of authority by *Heller*…"

In short, *Wrenn* rejected the entirety of Appellees Brown-Becerra's Second Amendment argument in its reply brief at pp 10-43 in a challenge to a far less restrictive "good reason" licensing law than the laws at issue in *Nichols*. Under the District law, *Nichols* would have qualified for a handgun carry license because he has a "Special need for self-protection distinguishable from the general community as supported by evidence of specific threats…"

*Nichols'* opening brief argued for a categorical rejection of the laws at issue here at 38-40 and "no evidence could support a ban on a fundamental, enumerated right." *Id* at 26.

Which *Wrenn* held.

The body of this letter contains 350 words.

Sincerely,

s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)