Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

January 8, 2018
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103


RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter

Dear Ms. Dwyer:

Plaintiff-Appellant *Nichols* submits *People v. Zuckerman*, 56 Cal. App. 2d 366, 132 P.2d 545 (1942) and *People v. Gonzales*, 71 Cal. 569, 12 P. 783 (1887) as supplemental authority under FRAP Rule 28(j).

The Appellees argue, in footnote 19 on page 25, that the Statute of Northampton is *presumably* binding on California and is *definitively* binding on this court (citing it 19 times in their answering brief).

Never mind that they cite no California or Federal court decision in support of their argument, or even a California court which has ever cited the Statute of Northampton in any context. Like *Wrenn v. District of Columbia*, 864 F.3d 650 (2017) which rejected any applicability of Northampton to the Second Amendment, the California courts "have definitely rejected the antiquated doctrine" *People v. Zuckerman*, 56 Cal. App. 2d 366, 132 P.2d 545 (1942) at 373.

*Gonzales*, cited by *Zuckerman*, was an 1887 California Supreme Court decision which overturned a murder conviction because:

1

"A man who expects to be attacked is *not* always compelled to employ all the means in his power to avert the necessity of self-defense before he can exercise the right of self-defense. For one may know that if he travels along a certain highway he will be attacked by another with a deadly weapon, and be compelled in self-defense to kill his assailant, and yet he has the right to travel that highway, and is not compelled to turn out of his way to avoid the expected unlawful attack." *Gonzales* at 787.

The specific statute referenced in their footnote is available on-line at the California State Assembly website http://clerk.assembly.ca.gov/sites/clerk.assembly.ca.gov/files/archive/Statutes/1850/1850.pdf (last visited January 8, 2018) and is attached.

The statute clearly states that if the Common Law of England is "repugnant" or "inconsistent" with the "Constitution of the United States, or the Constitution or laws of the State of California" then it does not apply.

The 1872 law prohibiting brandishing remains on the books and is an example of a "narrowly tailored" measure under intermediate scrutiny had *Heller* at 2821 and *McDonald* at 3047 not taken that off the table.

The body of this letter contains 349 words.


Sincerely,

s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)