Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

March 9, 2018
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Edmund Brown, Jr., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter
Argued before Berzon and Bybee Circuit Judges, and Gleason District Judge on February 15, 2018. Submission vacated on February 27, 2018.

Dear Ms. Dwyer:

Plaintiff-Appellant *Nichols* submits *PEOPLE v. GONZALEZ* 51 Cal.3d 1179 (1990) as supplemental authority under FRAP Rule 28(j).

It has been nearly 36 years since a California appellate court has cited *Delong* with approval and *DeLong* is the only California case the Appellees cite. At the time, there was a clear split between *Delong* and *People v. Muniz* (1970) 4 Cal.App.3d 562, 567 [84 Cal.Rptr. 501] and a partial split with P*eople v. Kern* 93 Cal.App.3d 779 (1979), the latter holding that a request must first be made to inspect the firearm pursuant to the plain English text of the statute because "Where there is no request there can be no refusal." *Id* at 782.

*Muniz* (opening brief at 73) was cited by the California Supreme Court, twice (at 1217 and fn[15]) as an example of an unlawful arrest in *PEOPLE v. GONZALEZ* 51 Cal.3d 1179 (1990).

1

*In Re H.H.*, (opening brief at 67) cites three US Supreme Court opinions, two EN BANC California Supreme Court decisions, six Federal Appellate decisions, including *United States v. Prescott* (opening brief at 68) from the 9th circuit and three California Court of Appeals decisions all in support of its holding that asserting one's Fourth Amendment right by withholding consent is not a crime, is not evidence of a crime, is not suspicious activity and does not furnish the minimal level of objective justification needed for a detention (which is a seizure), search or arrest.

Judge Berzon stated in oral argument that my objection was to the opening up of my firearm. That is only part of my objection. My objection is to being unlawfully detained in the first place and to being subject to arrest, prosecution fine and imprisonment for asserting my Fourth Amendment right as argued in my opening brief and stated in my operative complaint.

My right to refuse consent is well established under both California State and Federal law. Likewise, it is well-established law that if the initial detention is unlawful then the evidence of the crime is fruit of the poisonous tree. See *US v. Smith*, 633 F. 3d 889, 891-892 (9th Circ. 2011), reply brief at 28 in response to answering brief at 45.

The body of this letter contains 349 words.


Sincerely,

s/ Charles Nichols

Charles Nichols
Plaintiff-Appellant in Pro Per

cc: counsel of record (by cm/ecf)