Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

May 4, 2018
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: Charles Nichols v. Edmund Brown, Jr., et al 9th Cir. No.: 14-55873; Rule 28(j) letter. Argued before Berzon and Bybee Circuit Judges, and Gleason District Judge on February 15, 2018. Submission vacated on February 27, 2018.

Dear Ms. Dwyer:

Plaintiff-Appellant Charles Nichols submits *SESSIONS V. DIMAYA* No. 15-1498 (April 17, 584 U. S. ____ (2018) as supplemental authority under F.R.A.P. Rule 28(j).

From page 83 though 91 of the Opening Brief, *Nichols* argued that California Penal Code section 25850 which criminalizes carrying a loaded firearm in "Prohibited Areas" is "Void for Vagueness and Violates Due Process" citing *Johnson* and this circuit's decision in *Dimaya v. Lynch* which was affirmed sub nom *Sessions v. Dimaya*.*

The Appellees in their Reply Brief at 52 argued that "Nichols could succeed on his challenge to California's open-carry laws as void-for-vagueness only as the laws have been applied to him, unless the laws are unduly vague in all applications."

The Appellees then contrived a single application – "a local government likely clearly marked the area by signs." Id at 54. "*Likely*" as there is no evidence in the record that such signs even exist or where their placement would constitute fair notice. For example, 18 U.S.C. § 930(h) requiring that signs shall be posted

1

conspicuously "at each public entrance" to Federal Facilities and prohibiting a conviction absence such notice.

"But one simple application does not a clear statute make. As we put the point in *Johnson*: Our decisions "squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Dimaya*, Slip Op. at 22 [fn]7.

The fact remains that even one "well versed" in the intricacies of California's firearms laws cannot know where the carrying of a loaded or unloaded firearm is prohibited based on a plain English reading of the statutes…even if one "spen[t] days searching through the California statues and case law." Operative Complaint ¶61 ERVol2 at 243-244.

No narrowing construction is possible, or was argued.

* The Appellees conceded during oral argument, and implicitly in their Reply Brief at 53-54, that *only* if there is an unexpended round in the *firing chamber* is a firearm loaded. Accepting their concession does not resolve the ambiguity in *where* the carrying of a firearm is prohibited pursuant to the challenged statutes.


Sincerely,


s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)


The body of this letter contains 348 words.