Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

May 5, 2018
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: Charles Nichols v. Edmund Brown, Jr., et al 9th Cir. No.: 14-55873; Rule 28(j) letter. Argued before Berzon and Bybee Circuit Judges, and Gleason District Judge on February 15, 2018. Submission vacated on February 27, 2018.

Dear Ms. Dwyer:

    Plaintiff-Appellant Charles Nichols submits *ILLINOIS v. JULIO CHAIREZ* No. 121417 (February 1, 2018, ILL.) as supplemental authority under F.R.A.P. Rule 28(j).

    I began my rebuttal during oral argument by answering a question by Judge Bybee regarding the level of scrutiny in *Moore* saying that the *Moore* court did not explicitly apply a level of scrutiny. I said that *Moore* criticized the level of scrutiny applied in other circuits and held that the State of Illinois would have to provide something more than Intermediate to justify the bans.

    *Chairez* facially invalidated an Illinois law prohibiting the possession of firearms within 1,000 feet of a public park. Slip Op. p.1 ¶1 p.22 ¶56 And said "[T]hat the Seventh Circuit, which this court has followed when analyzing second amendment challenges… teaches us that the argument is not strict versus intermediate scrutiny but rather how rigorously to apply intermediate scrutiny to second amendment cases." *Id* at p.13 ¶35.

    Notwithstanding that both *Heller* and *McDonald* took judicial interest balancing off the table, the *Chairez* court concluded that:

"The closer in proximity the restricted activity is to the core of the second amendment right and the more people affected by the restriction, the more rigorous the means-end review. If the State cannot proffer evidence establishing both the law's strong public-interest justification and its close fit to this end, the law must be held unconstitutional."

The California Loaded and Unloaded Open Carry bans as well as the prohibitions on the issuance of state licenses to openly carry handguns are statewide laws. The California Appellees have not, and cannot, proffer evidence establishing *both* the law's strong public-interest justification and its *close fit* to this end. The Appellees merely speculate that "Given that a firearm could be used to kill a person, there are obvious public-safety reasons…" Reply Brief at 44.

In defending its ban, the State of Illinois dragged out that old chestnut "The Statute of Northampton" *Chairez* at ¶¶27-28 albeit in a much more limited scope than the Appellees argued in *Nichols*. And to no avail.

The laws challenged in *Nichols* must be held unconstitutional.

Sincerely,

s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 348 words.