Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

May 31, 2018
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: Charles Nichols v. Edmund Brown, Jr., et al 9th Cir. No.: 14-55873; Rule 28(j) letter. Argued before Berzon and Bybee Circuit Judges, and Gleason District Judge on February 15, 2018. Submission vacated on February 27, 2018.

Dear Ms. Dwyer:

Pursuant to F.R.A.P 28(j), Plaintiff-Appellant Charles Nichols files this response to Appellees F.R.A.P 28(j) letter dated May 25, 2018.

The state's attorney representing the Appellees in *Nichols* also represents California Attorney General Becerra in *Flanagan*. As such, he very well knows that the Plaintiffs in *Flanagan* did not seek to *openly carry* any firearm, anywhere, let alone in violation of California's Open Carry bans. Nor did they seek a license to *openly carry* a handgun. Nowhere in the *Flanagan* operative complaint, or in any declaration filed by any of the *Flanagan* plaintiffs, is there any plan, let alone a concrete plan to violate California's Open Carry bans. Indeed, several of the *Flanagan* plaintiffs (including the lead plaintiff) disavowed any desire to *openly carry* a firearm, *everywhere*.

In short, the *Flanagan* plaintiffs do not have standing to challenge California's Open Carry bans.

Perhaps this is why Judge Kronstadt said in ¶2 of B.1 on page 7 of his Summary Judgment Order that "[T]his question [Open Carry] need not be addressed…" as his doing so would have resulted in an advisory opinion.

1

Nonetheless, had Judge Kronstadt ruled on the merits, and if the *Flanagan* plaintiffs had standing, Judge Kronstadt's decision conflicts with every Federal Circuit Court of Appeals.

A case in point is Judge Kronstadt's citation to the 2nd Circuit's decision in *Kachalsky* in the first sentence of the last paragraph on page 11 of his Order.

Contrary to what Judge Kronstadt claimed, no party in *Kachalsky* "challenged the laws restricting open carry."

The very first sentence of the *Kachalsky* 701 F.3d 81 (2012) decision limited the scope of that decision to the "proper cause" requirement to obtain a license to carry a *concealed handgun* in public. Furthermore, the *Kalchasky* Court admonished the plaintiffs in footnote 13 for arguing that states may ban Open Carry in favor of concealed carry, an argument the Court noted conflicted with *Heller's* citations to *Chandler* and *Reid*.

Nothing prevented the Appellees in *Nichols* from bringing on their own expert witnesses or submitting evidence. They chose not to. They cannot complain now of an error they invited.

Sincerely,

s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 350 words.