Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

June 1, 2018
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: Charles Nichols v. Edmund Brown, Jr., et al 9th Cir. No.: 14-55873; Rule 28(j) letter. Argued before Berzon and Bybee Circuit Judges, and Gleason District Judge on February 15, 2018. Submission vacated on February 27, 2018.

Dear Ms. Dwyer:

Plaintiff-Appellant Charles Nichols submits as supplemental authority under F.R.A.P. Rule 28(j) the recent, unanimous, United States Supreme Court decision in *Byrd v. United States*, 584 U. S. \_\_\_\_ (2018).

This decision reaffirms the "legitimate expectation of privacy" from "*Katz v. United States*, 389 U. S. 347 (1967), supplements, rather than displaces, "the traditional property-based understanding of the Fourth Amendment." *Florida v. Jardines*, 569 U. S. 1, 11 (2013)." Slip Op., at 7.

> "One of the main rights attaching to property is the right to exclude others," and, in the main, "one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of the right to exclude." *Ibid*. (citing 2 W. Blackstone, Commentaries on the Laws of England, ch. 1). This general property-based concept guides resolution of this case." *Id* at 7-8.

*Nichols* has the right to exclude carjackers from his lawfully owned motor vehicle. *Id* at 11. *Nichols* has the right to exclude burglars, trespassers, persons who would do him harm, and other uninvited persons from his private residential property.

Conversely, these same people have no "legitimate expectation of privacy" or right to exclude *Nichols* from his property. *Id* at 12.

Likewise, any person foolish enough who attempted to rob *Nichols* of his lawfully owned firearms, which are his property, in any public or private place (including motor-vehicle) would be committing a crime.

The district court judge held that *Nichols* has no possessory right to firearms. *Nichols* challenged that holding on appeal (Opening Brief at 66). A holding which the Appellees chose not to defend.

In Oral Argument, the Appellees conceded that *Nichols* has a right to openly carry firearms in places where it is legal for him to openly carry firearms but that his "expectation of privacy" is *minimal* and therefore no probable cause (or reasonable suspicion) is required by police.

*Byrd* reaffirms that Nichols has a right to object to a search which PC25850(b) says is probable cause for an arrest. And that right extends to the curtilage of his home, his motor-vehicle and in non-sensitive public places.

Sincerely,

s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 350 words.