Charles Nichols<br>
PO Box 1302<br>
Redondo Beach, CA 90278<br>
Tel. No. (424) 634-7381<br>
e-mail: CharlesNichols@Pykrete.info<br>
In Pro Per

June 1, 2018
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: Charles Nichols v. Edmund Brown, Jr., et al 9th Cir. No.: 14-55873; Rule 28(j) letter. Argued before Berzon and Bybee Circuit Judges, and Gleason District Judge on February 15, 2018. Submission vacated on February 27, 2018.

Dear Ms. Dwyer:

Plaintiff-Appellant Charles Nichols submits as supplemental authority *Collins v. Virginia*, 584 U. S. \_\_\_\_ (2018) under F.R.A.P. Rule 28(j).

In an 8-1 decision the Court reaffirmed that absent the exigent circumstances exception to the warrant requirement, a police officer *requires a warrant based on probable cause* to enter the curtilage of one's home. Slip Op., at 14.

The lone case the Appellees argued in support of their defense to PC25850(b) was *People v. DeLong*, 90 Cal. Rptr. 193 (1970) which involved firearms in the trunk of a motor vehicle. The *DeLong* court held at 790-791 that the police **did not have probable cause** to believe that the firearms they saw were in violation of any law.

*Collins* at Slip Op., 5, cited *Jardines* "the Fourth Amendment's protection of curtilage has long been black letter law. "[W]hen it comes to the Fourth Amendment, the home is first among equals."" And "When a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of the Fourth Amendment has occurred."

"Such conduct thus is presumptively unreasonable absent a warrant." *Id* at 5-6.

"In physically intruding on the curtilage of [Nichols] home to search [his firearm]. The [police] not only [invade Nichols'] Fourth Amendment interest in the item searched, i.e., [his firearm], but also [invade Nichols'] Fourth Amendment interest in the curtilage of his home." *Id* at 6-7.

Police do not have a right to search and seize Nichols' person and property in order to open his firearm to see if it is loaded just as the police did not have the right to lift the motorcycle tarp to confirm that the defendant committed a crime. *Id* at 10 [fn 3].

Nichols Opening Brief at 65-80 and Reply Brief at 22-30 extensively argued his Fourth Amendment claim including as-applied to the curtilage of his home, citing several cases cited in *Collins*.

The Appellees never denied that *DeLong* conflicts with well-established, binding precedents or argued that it is valid in the curtilage of one's home. Instead, they asked this court to adopt that decision in conflict with binding precedents.

Sincerely,

s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 350 words.