Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

June 14, 2018
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: Charles Nichols v. Edmund Brown, Jr., et al 9th Cir. No.: 14-55873; Rule 28(j) letter. Argued before Berzon and Bybee Circuit Judges, and Gleason District Judge on February 15, 2018. Submission vacated on February 27, 2018.

Dear Ms. Dwyer:

Plaintiff-Appellant Charles Nichols submits *TEIXEIRA V. COUNTY OF ALAMEDA* No. 13-17132 (9th Cir. 2017) (en banc) as supplemental authority under F.R.A.P. Rule 28(j). ("p." = Slip Op.)

p. 27 – "We begin with text of the Second Amendment."
To bear is to carry but Nichols is prohibited from keeping and bearing arms "for the purpose...of being armed and ready for offensive or defensive action in case of conflict with another person" pursuant to the laws at issue here, including the licensing laws, for the core lawful right of self-defense, including those (e.g., Nichols) with a "heightened need." Nichols' Second Amendment claim is entirely within the text of the Second Amendment.

p. 28 – "Second Amendment analogues in state constitutions adopted during the founding period likewise expressly refer to the right of the people to bear arms..." None of these Second Amendment analogues cited by *Teixeira* confined the Second Amendment right to the home. To do so, even in a purely militia context, would be nonsensical. The Militia Acts of 1792 required the bearing of firearms in public.

p. 29 – "We begin with a provision of the 1689 English Bill of Rights…" Only Protestants were allowed to bear arms but even then, the types of arms one could bear were conditioned upon one's social status. Religious and class based prohibitions are anathema to our Constitution.

p. 30 - "By the time of the founding, the right to have arms had become fundamental for English subjects." The Appellees claimed in oral argument (at 21:29) that people did not bear arms in public for any reason because to do so was "naturally threatening." Teixeira's historical analysis disproves their foundationless claim at 32, citing a Virginia law which prohibited the bearing of arms "within an Indian town or more than three miles from an English Plantation with arms or ammunition above and beyond what he would need for personal use."

The numerous citations in *Heller* and *McDonald* to the bearing of arms take place outside of one's home.

*Heller's* citations to *Nunn* and *Chandler* shield the right to Open Carry everywhere Nichols seeks to Open Carry.


Sincerely,


s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 350 words.