No. 14-55873 [DC 2:11-cv-09916-SJO-SS]
_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

Charles Nichols,

*Plaintiff-Appellant*

v.

Edmund Brown, Jr., in his official capacity as the Governor of California
and
Xavier Becerra in his official capacity as the Attorney General of California

*Defendants-Appellees.*
_____

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
_____

PLAINTIFF-APPELLANT'S UNOPPOSED MOTION TO CLARIFY
SUBMISSION STATUS OF THIS APPEAL
_____

Charles Nichols
PO Box 1302
Redondo Beach, CA  90278
Tel. No. (424) 634-7381
e-mail: **CharlesNichols@Pykrete.info**
In Pro Per

Plaintiff-Appellant Charles Nichols makes this unopposed, non-dispositive motion to clarify that his appeal is once again submitted for a decision consistent with the Order issued in this appeal on February 27, 2018 (docket # 109).

The Order stated "Submission of this case is vacated pending issuance of a decision in Young v. State of Hawai'i, No. 12-17808."

A published decision in *Young v. State of Hawaii* was issued on July 24, 2018.

The Plaintiffs-Appellants in the related case of *Michelle Flanagan, et al. vs. California Attorney General Xavier Becerra, et al.*, No.: 18-55717, suggested in its opening brief (statement of related cases) that a separate Order of this Court is required for the Nichols appeal to be under submission for a decision in saying, "As of the time of filing this brief, the panel has yet to order this appeal [Nichols] submitted."

With certain exceptions, prior panel decisions are binding on subsequent three-judge panel decisions. I informed this Court at the beginning of my oral argument that *Young* had already been argued and submitted for a decision, and a published decision in that case would likely be dispositive of my Second Amendment and licensing claim. Hence the subsequent Order vacating submission pending a decision in *Young* was issued by this panel.

Absent an Order by this panel clarifying that this appeal is once again under submission for a decision, it would severely prejudice the appeal in *Nichols* as well as cast doubt on a decision in *Flanagan* should a decision in that appeal be issued before the decision in *Nichols*. *Flanagan* argues that California can ban Open Carry without violating the Second Amendment by issuing permits to carry loaded handguns concealed to the general public, which is in opposition to *Nichols*.

*Nichols* filed his notice of appeal on May 27, 2014, which was before *Flanagan* filed its case in the district court and over four years prior to *Flanagan* filing its initial notice of appeal. Indeed, *Nichols* was filed in the district court on November 30, 2011, which was before Mr. Young filed his case on June 12, 2012.

*Nichols* has been fully briefed and argued. As of this writing, the *Flanagan* appeal is still being briefed.

Mr. Nichols asks that this Court grant his unopposed motion to issue an Order clarifying that his appeal is once again under submission for a decision, preferably an Order stating that his appeal was taken under submission for a decision when the Young decision was published on July 24, 2018, which is entirely consistent with its Order of February 27, 2018 (docket # 109).

Dated: December 5, 2018                                  Respectfully submitted,

                                                         s/ Charles Nichols
                                                         Charles Nichols
                                                         Plaintiff-Appellant
                                                         In Pro Per