No. 14-55873 [DC 2:11-cv-09916-SJO-SS]

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

――――――――――――

**Charles Nichols**
     **Plaintiff-Appellant**

V.

**GAVIN NEWSOM, in his official capacity
as Governor of California; Rob Bonta, Attorney General in his official
capacity as Attorney General of California,**
     **Defendants-Appellees.**

――――――――――――

On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS

――――――――――――

**UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE
SUPPLEMENTAL BRIEF**

――――――――――――

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

**July 15, 2022**

Under Circuit Rule 31-2.2(b), Plaintiff-Appellant Charles Nichols, In Pro Per, submits the following motion to extend by 11 days the deadline for Plaintiff-Appellant Nichols to file the Court ordered supplemental brief in this appeal.

Appellant emailed the attorneys for Defendant-Appellees California Governor Gavin Newsom and California Attorney General Rob Bonta (both are sued solely in their official capacity as governor and attorney general, respectively) for an extension of time of 14 days.

Appellees counsel replied that an eleven day extension to August 5th is unopposed but not beyond because of the unavailability of counsel on and after August 22nd. Appellant replied that the 11 day extension of time is acceptable to him.

Appellant is hopeful that he will be able to file his Supplemental Brief by the original due date of July 25th. However, Circuit Rule 31-2.2(b) requires that a motion for an extension of time be filed at least 7 days before the expiration of the time prescribed for filing the brief,. Hence, this motion.

**SHOWING OF DILIGENCE**

Plaintiff-Appellant Nichols's pro se lawsuit was filed in the district court on November 30th, 2011. Plaintiff-Appellant Nichols's pro se notice of appeal was filed on May 27, 2014. Including the timely filed notice of appeal, there were 167 docket entries in the district court. This motion for an extension of time is the

1

129th docket entry in this appeal. This lawsuit is well into its eleventh-year of litigation. One need simply look at the dockets in this lawsuit, both in the district court and on appeal, to see that Plaintiff-Appellant Nichols has never missed a deadline. Plaintiff has always worked diligently to meet the deadlines imposed on him and continues to do so now. When Plaintiff-Appellant Nichols checked his email the afternoon of July 11th and learned of the Order for supplemental briefing, it came as a surprise. A request for supplemental briefing at a later date was expected but not so soon after the opinion was published in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, No. 20-843 (June 23, 2022) ("*Bruen*") . It is Appellant's understanding that the mandate in *Bruen* does not issue until the current due date of his supplemental brief, and that assumes that the respondents in that case do not file a petition for reconsideration.

Nevertheless, Appellant has been going through the majority opinion in *Bruen* with a fine-tooth comb since the afternoon it was released. Upon reading the Order to file a supplemental brief, Appellant immediately began working on his brief. Today, Friday the 15th, Appellant is on the fifth draft of his supplemental brief in four days.

Plaintiff-Appellant Nichols has made a showing of diligence now, and in every one of his filings for going on eleven years.

## SUBSTANTIAL NEED

Defendant-Appellee Bonta has sponsored SB-918. The bill is supported by Defendant-Appellee Newsom. The author of the bill, Senator Portantino, testified before the Assembly Public Safety Committee on June 28 that both Appellees and their attorneys are working closely with him on the bill. Mr. Portantino authored the bills that banned the Open Carry of all modern, unloaded firearms (rifles, shotguns, and handguns) for the purpose of self-defense outside of one's home.

SB-918 adds additional layers of bans on top of the bans already at issue in this lawsuit. The Appellees bill will increase the penalty for violating the laws at issue in this lawsuit to a 10-year loss of Plaintiff's Second and Fourteenth Amendment Rights to Keep and Bear Arms for self-defense and other lawful purposes.

For example, California Penal Code Section 626.9 ("PC 626.9) does not apply to long guns under current law. When the bill passes, long guns will no longer be exempt from PC 626.9. Under current law, absent a license, the only handguns Plaintiff can possess off of his property within 1,000 feet of a K-12 public or private schools are unloaded handguns, in a fully enclosed locked container, and unloaded antique long guns.

When SB-918 becomes law, it will be a crime for Plaintiff to merely transport any firearm, be it handguns or long guns, modern or antique, loaded or

3

unloaded, through California Gun-Free School Zones which extend 1,000 feet from every K-12 school. And that prohibition extends to interstate travel which violates 18 U.S. Code § 926A - Interstate transportation of firearms.

Like most people in California, Plaintiff-Appellant Nichols resides within 1,000 feet of a K-12 public or private school. A conviction for the *new* "crime" of transporting an unloaded firearm in a fully enclosed, locked container within 1,000 feet of a K-12 public or private schools would result in Plaintiff being prohibited from possessing all firearms for 10 years. PC 626.9, like the loaded and unloaded Open Carry bans, does not have either an exception for self-defense or a severability clause. Even if they did, they still fail the *Bruen* One-Step Test.

Attorney General Bonta and Governor Newsom' bill (SB-918) adds to the list of "crimes" listed in PC 29805 (prohibited persons) that will result in an individual being denied his right to keep and bear arms for ten years.

Added to PC 29805 are statutes Plaintiff seeks prospective injunctive and declaratory relief from. PC25850 (carrying a loaded firearm), PC26350 (carrying an unloaded handgun), and PC26400 (carrying an unloaded long gun).

SB-918 has passed the California Senate and is now in the Assembly. On June 27, 2022, the bill passed the Assembly Public Safety Committee on a party-line vote. One of the five Democrats who voted for the bill was

4

Assemblywoman Mia Bonta, the wife of the bill's sponsor, Defendant-Appellee Attorney General Bonta.

During the Committee hearing on SB-918, Assemblymember Quirk said that the justices of the United States Supreme Court are a bunch of political hacks, and he praised President Jackson for refusing to follow Supreme Court orders.

President Jackson signed the Indian Removal Act, which forcibly removed most members of the major tribes of the Southeast to Indian Territory; these removals were subsequently known as the Trail of Tears.

At the end of his diatribe, Assemblymember Quirk said that it is time for Congress and the Executive Branch to eliminate the Supreme Court.

Assemblymember Bryan then arrogantly challenged the bills opponents to "Take it to court." Apparently, he is oblivious to the fact that much of SB-918 is already "in court" and has been in court for going on 11 years now in this case *Charles Nichols v. Gavin Newsom et al*.

The video of the Public Safety Committee hearing on SB-918 is online at the California Legislature website. The hearing begins at 1 hour and 13 minutes. Assemblymember Quirk's diatribe begins at 1:43 immediate followed by Assemblymember Bryan throwing down the gauntlet while hiding behind his wall of absolute legislative immunity. https://www.assembly.ca.gov/media/assembly-public-safety-committee-20220628/video

5

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, No. 20-843 (June 23, 2022) is a sea change in Second Amendment jurisprudence. It is a sea change in Fourteenth Amendment jurisprudence in the Second Amendment context.

It is unclear to Plaintiff-Appellant Nichols whether or not states can still prohibit concealed carry where Open Carry is allowed. However, it is impossible to read the *Bruen* opinion to say that Open Carry can be banned anywhere, let alone in the non-sensitive public places this lawsuit is limited to and certainly not on Plaintiff-Appellant Nichols' private residential property, including the curtilage of his home.

The California legislature, in collusion with the Appellees, is openly defying the clear command of the United States Supreme Court. The Appellees success in this case is predicated upon this Court joining Assemblymember Quirk's rebellion against the United States Supreme Court.

Plaintiff-Appellant Nichols has shown a substantial need for himself, the People of California, and for the rule of law. If he has not satisfied Circuit Rule 31-2.2(b) then nobody can.

Dated: July 15, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　s/ Charles Nichols

　　　　　　　　　　　　　　　　　　　　CHARLES NICHOLS
　　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant In Pro Per

**DECLARATION OF CHARLES NICHOLS IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE SUPPLEMENTL BRIEF**

I, Charles Nichols, declare as follows: I have personal knowledge of the following facts, and if called as a witness in a relevant proceeding, could and would testify competently to the following facts.

(1) Plaintiff-Appellant Nichols' supplemental brief is due on August 5, 2022.

(2) The brief was first due on July 25, 2022.

(3) The length of the requested extension is 11 days.

(4) The extension is necessary for the reasons stated in this motion (above). This appeal raises fundamental issues of constitutionally protected individual rights and the Appellees willful disregard for the rule of law.

(5) Appellant has exercised diligence and that the brief will be filed within the time requested;

(6) There are no parties separately represented. The Appellees do not oppose this motion for an extension of time.

(7) The court reporter is not in default.

`I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I signed this declaration on July 15, 2022, in Los Angeles County, California.

*Charles Nichols*

_____
Charles Nichols