Charles Nichols v. Gavin Newsom., et al 9th Cir. No.: 14-55873
On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

August 8, 2022
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Gavin Newsom., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter regarding The People of the State of California v. Tony Diaz, Superior Court of California, County of Sacramento, Case No. 21FE019850 (July 27, 2022).

Dear Ms. Dwyer:

 *NYSRPA v. Bruen,* 597 U. S. \_\_\_\_ (2022) "*Bruen*" was applied in this case. The Court held that carrying a loaded firearm in public (PC 25850) is unconstitutional as are California's licensing laws. The Court held that "None of the People's arguments find traction." *Id* at 8.

 "Clearly, Bruen is as applicable to laws related to concealed carry as it is laws concerning open carry." *Id* at 6.

 "Section 25850 subjects anyone in a public place "carrying a loaded firearm" on the person or in a vehicle to criminal prosecution. This amounts to a total ban on public carry." *Id* at 6.

1

"A critical question in deciding whether to overrule or sustain the demurrer is whether defendant needed to attempt to comply with section 26150 before possessing the firearm in public...[T]he answer is no." *Id* at 8.

Plaintiff-Appellant Nichols cannot comply with California's licensing law because the licensing statutes prohibit him from obtaining a license to openly carry *any* loaded firearm. for the purpose of self-defense. "[O]pen carry is completely banned in California." *Id* at 3, footnote 2.

*Bruen* imported the prior restraint doctrine in footnote 9 of the majority opinion. Slip Op at 30. Which *Diaz* analyzed on page 9 and concluded at 10 "*Aaron* and *Shuttlesworth* provide a powerful argument for sustaining the demurrer." "Read together, the cases hold that an individual cannot be prosecuted for exercising a constitutionally protected right. There is no reason to believe these holdings do not apply when the Second Amendment is at issue." *Id* at 10.

"At the time of defendant's arrest California provided one legal means by which an individual could exercise their right to public carry - to get a license under section 26150. That path was unconstitutional. According to *Shuttlesworth*, faced with an unconstitutional restriction on his constitutional right, defendant was free to engage "with impunity in the exercise of the right..." "The Court does not relish the conclusion reached here and understands its ramifications. But this result cannot be avoided in light of *Bruen* and *Shuttlesworth* and the arguments presented by the parties." *Id* at 10.

Sincerely,

s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 348 words.