Charles Nichols v. Gavin Newsom., et al 9th Cir. No.: 14-55873
On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

August 14, 2022
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Gavin Newsom., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter regarding Peruta v. San Diego, 824 F.3d 919 (9th Cir. 2016) (en banc) "*Peruta*" and Young v. Hawaii, 992 F. 3d 765 (9th Cir. 2021) (en banc). No.: 12-17808. "*Young*".

Dear Ms. Dwyer:

*NYSRPA v. Bruen,* 597 U. S. \_\_\_\_ (2022) "*Bruen*" reaffirmed the holding in *Peruta* that concealed carry is not a right *Id* at 942.

*Bruen* said, "The Georgia Supreme Court's decision in *Nunn v. State*, 1 Ga. 243 (1846), is particularly instructive. Georgia's 1837 statute broadly prohibited "wearing" or "carrying" pistols "as arms of offence or defence," without distinguishing between concealed and open carry. 1837 Ga. Acts 90, §1. To the extent the 1837 Act prohibited "carrying certain weapons secretly," the court explained, it was "valid." Slip Op at 45. Accord, *Peruta* at 934-935.

*Bruen* applied the One-Step Test to the carrying of firearms of all sizes and reaffirmed *Heller's* holding that concealed carry is not a right, "As we recognized in *Heller*, "the majority of the 19th-century courts to consider the question held

that [these] prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." 554 U. S., at 626 *Bruen* at 44. "States could lawfully eliminate one kind of public carry—concealed carry…" *Id* at 51.

### *Peruta remains binding circuit precedent.*

*Bruen* did not cast doubt on *Peruta's* concealed carry holding or "If there is such a right, it is only a right to carry a firearm openly. But Plaintiffs do not challenge California's restrictions on open carry; they challenge only restrictions on concealed carry.

If there is a Second Amendment right of a member of the general public to carry a firearm openly in public, and if that right is violated, the cure is to apply the Second Amendment to protect that right. The cure is not to apply the Second Amendment to protect a right that does not exist under the Amendment." *Id* at 942.

The threshold question in *Young* was whether or not the Second Amendment protected a right to Open Carry outside the doors to one's home. *Bruen* affirmatively answered that question. It does.

Mr. Young *explicitly disavowed* any challenge to *Peruta* during the en banc oral argument in response to a direct question.

Mr. Young's cert petition was granted, the en banc opinion vacated and remanded on 6/30/2022.

Sincerely,


s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 350 words.