Charles Nichols v. Gavin Newsom., et al 9th Cir. No.: 14-55873
On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

August 15, 2022
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Gavin Newsom., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter regarding US v. Davis, 825 F. 3d 1014 (9th Cir. 2016) (en banc) "*Davis*"

Dear Ms. Dwyer:

  The Appellees cite Justice Kavanaugh's concurrence in *NYSRPA v. Bruen,* 597 U. S. ____ (2022) "*Bruen*" on page 10 of their supplemental brief. The Appellees do not explain why this Court should treat the 6-3 majority opinion as a "fractured opinion" that would allow it to consider concurrences. *Davis* at 1016.

  Plaintiff-Appellant Nichols submits that Justice Thomas' six justice majority opinion is the *controlling rule of law*.

  Should this Court conclude that *Bruen* is a fractured opinion then it is bound by the en banc holding in *Davis* that this Court "Appl[y] the plurality approach…" *Davis* at 1017.

  "If we put together the dissent in this case and JUSTICE BREYER's *Heller* dissent, States and local governments would essentially be free to ban the

possession of all handguns, and it is unclear whether its approach would impose any significant restrictions on laws regulating long guns." JUSTICE ALITO concurrence [fn 3].

JUSTICE BREYER's dissent in *Bruen* argued the New York handgun licensing law should be upheld because "This licensing requirement applies only to handguns (i.e., "pistols and revolvers") and short-barreled rifles and shotguns, not to all types of firearms. *"*For instance, the State does not require a license to carry a long gun (i.e., a rifle or a shotgun over a certain length) in public." *Id* at 12.

It is undisputed that here in California there are no licenses to openly carry long guns for the purpose of lawful self-defense. Unlike New York, California has banned the Open Carry of loaded and unloaded long guns (and handguns) for the purpose of lawful self-defense.

These four justices would constitute a plurality the *Bruen* opinion did not hold that it was constitutional to ban the open carry of rifles, and shotguns even if this panel were to entertain the Appellees bizarre assertion that *Bruen* held that California can ban the Open Carry of rifles, shotguns, *and* handguns.

In *Bruen*, the three justices in the dissent "[A]accept[ed] its [*Heller's*] holding as a matter of stare decisis. *Id* dissent at 27.

*Heller* held that Open Carry is the right guaranteed by the Constitution. *Id* at 2809.

Sincerely,


s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 350 words.