Charles Nichols v. Gavin Newsom., et al 9th Cir. No.: 14-55873
On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

September 2, 2022
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Gavin Newsom., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter regarding *MENDOZA-GARCIA v. Garland*, 36 F. 4th 989 (9th Cir. June 10, 2022)

Dear Ms. Dwyer:

In their supplemental brief on page 9 The Appellees cited *Peruta v. Cty. of San Diego*, 919, (9th Cir. 2016) (en banc) "*Peruta*" in support of affirming the judgment of the district court in this appeal.

The Appellees did not argue that *Peruta* is "clearly irreconcilable" with *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. ___ (2022) "*Bruen..*" Indeed, neither the majority opinion in *Bruen* nor any of the concurrences so much as mentioned *Peruta*.

***If*** the Appellees had argued that *Peruta* was *clearly irreconcilable* with *Bruen* (they did not) then "as a threshold question" this panel would have to resolve whether *Peruta* is irreconcilable with *Bruen. MENDOZA-GARCIA v. Garland*, 36 F. 4th 989 (9th Cir. June 10, 2022) at 994-995 citing *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc) which in turn held that three-

1

judge panels and district court judges are bound by prior panel opinions unless "an intervening United States Supreme Court decision, or an intervening decision on controlling state law by a state court of last resort" is clearly irreconcilable. *Id* at 892-893.

The Appellees argued in their supplemental brief that California's statewide bans on openly carry loaded and unloaded rifles, shotguns, and handguns and prohibitions on issuing licenses to openly carry handguns pursuant to California Penal Code sections 26150 and 26155 are constitutional because *Bruen* reaffirmed that prohibitions on *concealed carry* are constitutional.

On page 13, the Appellees then contradicted their argument by saying, "Bruen does not expressly pass upon state prohibitions on open carry…"

The Appellees then asked this court, beginning on page 16, to remand without deciding. On the same page, the Appellees concede that Plaintiff-Appellant Nichols has a right to bear firearms in public, "Plaintiff…may carry firearms in most public places…" but then argues,, contrary to *Peruta* and *Bruen*, that he must carry them concealed which excludes all rifles, shotguns, and handguns that are too large to carry concealed in a pocket or coat.

All three-judge panels, including this panel, and all district court judges in this circuit are bound by the en banc holding in *Peruta*.

Sincerely,

s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 350 words.