Charles Nichols v. Gavin Newsom., et al 9th Cir. No.: 14-55873
On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

September 4, 2022
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Gavin Newsom., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter regarding OPINION & ORDER re: 31 MOTION to Dismiss . filed by Kevin P. Bruen. *Frey v. Bruen* (7:21-cv-05334) District Court, S.D. New York (September 1, 2022)

Dear Ms. Dwyer:

     In oral argument, the Appellees argued there is no right to openly carry any firearm outside the doors to one's home for any reason, including self-defense. That entails that there is no right to possess any long gun or handgun that is not concealable.

     In their supplemental brief on pages 6 to 15 the Appellees argue that California's statewide bans on openly carrying (and possessing) loaded and unloaded rifles, shotguns, and handguns are consistent with *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, No. 20-843 (June 23, 2022) "*Bruen*".

     Unlike California, New York State did not prohibit the Open Carry of loaded and unloaded rifles and shotguns in public. As New York State did not have a law making it a crime to openly carry handguns, provided that one has a license to

carry a handgun concealed, the New York handgun Open Carry ban is a de facto ban because the government threatened to revoke the petitioners licenses to possess handguns for Open Carry except when hunting, target shooting or times and places allowed by the restrictions placed on the individual's license.

The Court in *Frey v. Bruen* (7:21-cv-05334) (attached) denied New York's motion to dismiss with prejudice: Count 1: Criminalization of Mere Possession of Handguns, Count 3: Geographical Ban, and Count 4: Open Carry Ban Challenge (pages 5, 7, and 9) in the attached OPINION & ORDER re: 31 MOTION to Dismiss . filed by Kevin P. Bruen. *Frey v. Bruen* (7:21-cv-05334) District Court, S.D. New York (September 1, 2022).

Plaintiff-Appellant Nichols again submits that there are only pure questions of law in his appeal. One uncontested fact in particular is SUF132 from Appellant's Opening Brief that even if Plaintiff-Appellant Nichols had a license to carry a loaded, concealed handgun it would still substantially burden his ability to defend himself. Id at 17. Likewise, the very limited effective range of a handgun compared to long guns used in self-defense. Id at 61.

"As we stated in *Heller* and repeated in *McDonald*, "individual self-defense is 'the central component' of the Second Amendment right."" *Bruen*, slip Op at 20.

Sincerely,

s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 350 words.