Charles Nichols v. Gavin Newsom., et al 9th Cir. No.: 14-55873
On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

September 10, 2022
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Gavin Newsom., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter regarding *FIREARMS POLICY COALITION, INC. ET AL., v. STEVEN C. MCCRAW et al*., OPINION & ORDER No. 4:21-cv-1245-P (District Court, N.D. Texas, (August 25, 2022)

Dear Ms. Dwyer:

     In their supplemental brief on page 11, part 2, the Appellees argue that "what is most relevant to this appeal" is "*Bruen*, 142 S. Ct. at 2150" but they do not explain why its citation "[F]oreclose[s] Plaintiff's Second Amendment claim. At page 13, they make the contradictory argument that "*Bruen* does not expressly pass upon state prohibitions on open carry…"

     The district court on page 14 of the attached *FIREARMS POLICY COALITION, INC. ET AL., v. STEVEN C. MCCRAW et al*., OPINION & ORDER No. 4:21-cv-1245-P (District Court, N.D. Texas, August 25, 2022) read the citation to *Bruen* to mean what it said as to "[I]mplementing a "reasonable regulation" specific to the "manner of public carry…"

1

As to Open Carry, states can prohibit "carry[ing] deadly weapons in a manner likely to terrorize others…"

As to concealed carry, states can "lawfully eliminate one kind of public carry—concealed carry…"

As to the licensing law at issue, Texas does not require a license to carry a handgun (openly or concealed) outside the home. However, 18-to-20-year-olds Texans are [mostly] prohibited from carrying a handgun for self-defense outside the home." *Id* at 2.

.Accordingly, the Court held that to the extent that Texas' statutory scheme prohibits 18-20 year olds from obtaining licenses to carry handguns (openly and concealed) outside of their home based solely on their age, "[T]his statutory scheme violates the Second Amendment, as incorporated against the States via the Fourteenth Amendment." *Id* at 22.

No state, not even Texas which had unconstitutional postbellum restrictions on the carrying of handguns in public, prohibited the Open Carry of long guns. State bans on long guns did not appear until the 20th-century. The majority opinion in *Bruen* would not even consider laws enacted in the 20th-century. *Id* at footnote 28.

At 20:08 into the oral argument, the Appellees argued that "The State accepts the framing of this case (Charles Nichols v. Gavin Newsom, et al) and believes that it can be decided…"   To that, Plaintiff-Appellant Nichols agrees.

The only things left for this Court to decide are pure questions of law.


Sincerely,


s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 346 words.