No. 14-55873 [DC 2:11-cv-09916-SJO-SS]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

―――――――――――

Charles Nichols

        Plaintiff-Appellant

V.

GAVIN NEWSOM, in his official capacity
as Governor of California; Rob Bonta, Attorney General in his official
capacity as Attorney General of California,

        Defendants-Appellees.

―――――――――――

On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS

―――――――――――

**MOTION FOR AN EXTENSION OF TIME TO FILE A PETITION FOR PANEL REHEARING OR REHEARING EN BANC AND TO RECALL THE MANDATE**

―――――――――――

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

September 14, 2022

Pursuant to Ninth Circuit Rule 31-2.2, Plaintiff-Appellant Charles Nichols (In Pro Per) Nichols Decl. ¶.1, submits this motion for an extension of time of 63 days in which to file a petition for panel rehearing or rehearing en banc in this appeal, up to and including Monday, November 14, 2022, and to recall the Mandate pending the disposition of this motion.

Unless time is extended, any petition for rehearing would be due on or before September 26, 2022. Fed. R. App. P. 35(c) & 40(a)(1). This Court may extend that due date for good cause, including a showing of diligence and substantial need. See 9th Cir. R. 31-2.2(b); see also Fed. R. App. P. 26(b), 40(a)(1).

As set forth below and in the accompanying Declaration of Charles Nichols (Nichols Decl.), there is substantial need for the 63-day extension requested, and good cause exists to grant the request. See 9th Cir. R. 31-2.2(b); Nichols Decl. ¶¶ 4-6. Several considerations support the Plaintiff-Appellant's request.

The requested extension of time will permit Plaintiff-Appellant Charles Nichols time to consider whether to file petitions for panel rehearing or rehearing en banc in this significant case which presents multiple questions of exceptional importance, and to consider what options he may have should his petition be denied, and to seek assistance of counsel.

The three-judge panel issued a dispositive order and mandate on Monday, September 12, 2022, without affording Plaintiff-Appellant Charles Nichols the

1

opportunity to file a motion for Clarification, Reconsideration or Modification of the order vacating the judgment of the district court. The order did not reverse the dismissal with prejudice, at the initial pleading stage, of Plaintiff-Appellant Charles Nichols' claims under the California Constitution which the Appellees conceded in oral argument should not have been dismissed with prejudice. Neither did the panel's dispositive order reverse the dismissal with prejudice, at the initial pleading stage, of the Governor of California in his official capacity pursuant to the 11th Amendment even though the governor has the full police powers of the state to enforce the challenged state laws.

  Plaintiff-Appellant Charles Nichols has multiple claims against the state officials in their official capacity in his operative complaint (Second Amended Complaint) that were raised and argued again on appeal which are independent of his Second Amendment claims (some of which the Appellees waived and/or conceded in oral argument). But the only instruction the dispositive order gave was, "The district court's judgment is VACATED, and this case is REMANDED to the district court for further proceedings consistent with the United States Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. \_\_\_\_ (2022)."

The extent of the 14th-Amendment holding in *Bruen* was that a violation of the Second Amendment is a violation of the Fourteenth Amendment. Full Stop. Other than that, *Bruen* was strictly a Second Amendment case.

Plaintiff-Appellant Charles Nichols will soon begin his 12th year of litigation. His lawsuit was filed in the district court on November 30, 2011. He filed his timely notice of appeal on May 27, 2014. Nichols Decl. ¶.6.

This case involves significant constitutional questions of exceptional importance, including questions of first impression: Improper Dismissal of the State Law Claims with Prejudice, Improper Dismissal of Governor Brown with Prejudice, ***The Second Amendment Right Extends Beyond the Interior of One's Home***, The Prohibitions and Restrictions on Licenses to Openly Carry a Firearm Violate The Federal Constitution, PC25850(b) Violates the Fourth Amendment, Laws Challenged in This Appeal Violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment, "Prohibited Areas" is Void for Vagueness and Violates Due Process.

For example, it is black letter law in this circuit (*US v. Vongxay*, 594 F. 3d 1111 (9th Cir. 2010) that one must assert his Fourth Amendment right or one has consented to the search and seizure of his person and property and yet PC25850(b) states that refusal to consent constitutes probable cause for an arrest (and may be a substantive crime punishable by a year in jail and a $1,000 fine) if one does not

3

consent. The Appellees argued that no reasonable suspicion or probable cause is needed to enforce that statute. The district court held in its final judgment that firearms are no different from crystal meth and people who carry firearms are no different from dealers in crystal meth.

It is undisputed that if Plaintiff-Appellant Nichols were to step one inch outside the doors to his home carrying any loaded firearm (rifle, shotgun, or handgun) or an unloaded firearm that is not an antique for the purpose of lawful self-defense then he is in violation of California law.

Plaintiff-Appellant Charles Nichols has worked diligently on this case, and intends to continue to do so. He has never missed a deadline. He believes that petitions for panel rehearing or rehearing en banc, if any, will be filed within the time requested. Nichols Decl. ¶7; see also 9th Cir. R. 31-2.2(b)(5). None of the parties has requested any previous extensions of time to petition for rehearing. Nichols Decl. ¶.8  In compliance with Circuit Rule 31-2.2(b), this motion is filed at least 7 days before expiration of the time prescribed for filing a petition for panel rehearing or rehearing en banc.

**Defendants-Appellees Position on this Motion for an Extension of Time**

On September 12, 2022, Plaintiff-Appellant Charles Nichols emailed both attorneys representing the Defendants-Appellees (Robert Meyerhoff and Patty Li)

4

inquiring as to whether or not they oppose this motion for an extension of time. This was the response received from counsel for Defendants-Appellees Robert Meyerhoff on September 13, 2022:

*"Defendants take no position on your requested extension of time to file a petition for rehearing and/or rehearing en banc. Defendants do not consent to the request, nor do Defendants anticipate filing an opposition to the request."* Nichols Decl. ¶.3

There are no designated transcripts from the district court in this appeal, and thus no court reporter is in default. 9th Cir. R. 31-2.2(b)(7). Nichols Decl. ¶.9

## CONCLUSION

For the reasons stated above and set forth in the Declaration of Charles Nichols filed herewith, Plaintiff-Appellant Charles Nichols respectfully requests that the Court grant his request for a 63-day extension of time and set the due date for filing any petition for panel rehearing and/or rehearing en banc as no later than Monday, November 14, 2022.

Dated: September 14, 2022                    Respectfully submitted,

                                             ___s/ Charles Nichols___

                                             CHARLES NICHOLS
                                             Plaintiff-Appellant In Pro Per

5