**No. 14-55873 [DC 2:11-cv-09916-SJO-SS]**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

**Charles Nichols**
                        **Plaintiff-Appellant**

**V.**

**Gavin Newsom, in his official capacity
as Governor of California; Rob Bonta, Attorney General in his official
capacity as Attorney General of California,**
                        **Defendants-Appellees.**

_____

**On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS**

_____

**PETITION FOR PANEL REHEARING AND REHEARING EN BANC**
_____

**Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per**

**August 18, 2023**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ iii

FRAP 35(b) STATEMENT .............................................................................. 1

BACKGROUND .............................................................................................. 3

REASONS FOR GRANTING REHEARING AND REHEARING EN BANC ...... 4

Defendant-Appellees Concessions In Oral Argument And Waiver ..................... 5

1. The Governor Has The Full Police Powers Of The State And Therefore Does Not Have 11th Amendment Immunity .......................................................... 5

2. Neither The District Court Judge Nor The Court Of Appeals Has Jurisdiction To Dismiss Petitioner's State Law Claims With Prejudice. ................................. 7

3. The Second Amendment Extends Past The Doors Of One's Home. .............. 7

4. The Prohibitions And Restrictions On Licenses To Openly Carry A Firearm Violate The Federal Constitution. ...................................................................... 14

5. PC25850(b) Violates The Fourth Amendment. ........................................... 15

6. The Laws Challenged In This Appeal Violate The Due Process And Equal Protection Clauses Of The Fourteenth Amendment. ........................................... 16

7. Parts of the laws at issue are void for vagueness. ....................................... 17

CONCLUSION ................................................................................................ 19

i

CERTIFICATE OF COMPLIANCE (Form 11)

ADDENDUM

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bauer v. Becerra,*

   858 F. 3d 1216 (9th Cir. 2017) ............................................................14

*Beckles v. United States,*

   137 S. Ct. 886 (2017) .........................................................................18

*Carnegie-Mellon Univ. V. Cohill,*

   484 U.S. 343 (1988) .............................................................................7

*District of Columbia v. Heller,*

   554 U.S. 570, 128 S.Ct. 2783 (2008) ......................................... *passim*

*Ex parte Young,*

   209 U.S. 123 (1908) ......................................................................... 6-7

*Farmers Ins. Exchange V. State Of California,*

   175 Cal.App.3d 494 (1985) ...................................................................5

*Johnson v. United States,*

   135 S.Ct. 2551 (2015) ........................................................................17

*Kitchen v. Herbert,*

   755 F.3d 1193 (10th Cir. 2014) ............................................................6

*Martin v. Mun. Court,*

    148 Cal. App. 3d 693 (1983) ...................................................................6

*McDonald v. City of Chicago,*

    561 U.S. 742, 130 S.Ct. 3020 (2010)...................................................11

*Miller v. Gammie,*

    335 F.3d 889, 899 (9th Cir. 2003) .........................................................9

*Moore v. Madigan,*

    702 F.3d 933, 937 (7th Cir. 2012) ............................................... 12-13

*Newsom V. Superior Court,*

    63 Cal.App.5th 1099 (2021) ...................................................................6

*New York State Rifle and Pistol Association, Inc. v. Bruen,*

    142 S.Ct. 2111 (2022)................................................................... *passim*

*People v. Jones,*

    278 P. 3d 821 (Cal. 2012) ....................................................................17

*Peruta v. County of San Diego,*

    824 F. 3d 919 (9th Cir. 2016) .......................................................passim

*Shuttlesworth v. Birmingham,*

    394 U.S. 147 (1969).............................................................................14

*State v. Chandler,*

    5 La.Ann. 489 (1850).........................................................................13

*United States v. Cote,*

    51 F.3d 178 (9th Cir.1995) ...............................................................4

*United States v. Singh,*

    979 F. 3d 697 (9th Cir. 2020) ...........................................................18

*Watison v. Carter,*

    668 F.3d 1108 (9th Cir. 2012) ............................................................7

*Wrenn v. District of Columbia,*

    864 F.3d 650 (CADC 2017)..............................................................13

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. II .................................................................. *passim*

U.S. Const. amend. IV ..............................................................2, 5, 15

U.S. Const. amend. XIV .......................................................1, 2, 12, 16

Cal. Const., art. 5, § 1.......................................................................6

Cal. Const., art. 5, § 5.......................................................................6

Cal. Const., art. 5, § 13 .....................................................................6

## STATUTES

Cal. Government Code § 8550.......................................................... 5-6

Cal. Government Code § 8571.5..........................................................6

Cal. Government Code § 8627.............................................................5

Cal. Government Code § 12010............................................................6

Cal. Government Code § 12011 .................................................................6

Cal. Penal Code § 626.9 .............................................................8, 14, 19

Cal. Penal Code § 25850 ..........................................................2, 8, 15, 19

Cal. Penal Code § 26150 ............................................................8, 10, 19

Cal. Penal Code § 26155 ............................................................8, 10, 19

Cal. Penal Code § 26350 ............................................................8, 15, 19

Cal. Penal Code § 26400 ............................................................8, 15, 19

**OTHER AUTHORITIES**

Robert Leider, Assistant Professor of Law at Antonin Scalia Law School, George Mason University. "The Right to Bear Arms (Openly?) in the Supreme Court:  Did the Bruen Petitioners Err by Seeking Only a New York "Concealed-Carry" License?" Available at https://standinghisground.com/2022/03/23/the-right-to-bear-arms-openly-in-the-supreme-court-did-the-bruen-petitioners-err-by-seeking-only-a-new-york-concealed-carry-license .................................................................... 10-11

## FRAP 35(b) STATEMENT

The panel decision conflicts with decisions of the United States Supreme Court and the 9th Circuit Court of Appeals. Consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions and this proceeding involves questions of exceptional importance.

The panel decision also directly conflicts with existing opinions by other courts of appeals and substantially affects rules of national application in which there is an overriding need for national uniformity. The existence of such conflict is an appropriate ground for petitioning for rehearing en banc. FRAP 35-1

Given that this circuit granted en banc petitions in two cases that directly raised Second Amendment challenges (via the 14th Amendment) to State laws that prevented the Plaintiffs-Appellants from bearing firearms in public for the purpose of self-defense, and given that this case, Charles Nichols v. Gavin Newsom et al, challenges the constitutionality of state laws that prohibit his bearing arms in the curtilage of his *home*, on his private residential property as well as prohibit his public carriage of firearms for the purpose of self-defense and other lawful purposes in violation of the Second Amendment (via the 14th Amendment), there is no reason not to grant this petition. Those two cases are *Peruta v. County of San Diego*, 824 F. 3d 919 (9th Cir. 2016) (cert petition denied) and *Young v. State*, 992 F. 3d 765 (9th Cir, 2021) (cert petition granted, opinion vacated and remanded).

Petitioner raised and argued on appeal seven enumerated as well as related questions from his operative complaint:

1. Did the district court err in dismissing Governor Brown with prejudice?

2. Did the district court err in dismissing *with prejudice* the state law claims?

3. Does the Second Amendment extend past the doors of one's home?

4. Do the prohibitions and restrictions on licenses to openly carry a firearm violate the Federal Constitution?

5. Does PC25850(b) violate the Fourth Amendment?

6. Do laws challenged in this appeal violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment?

7. Are parts of the laws at issue void for vagueness?

Each of these questions is of exceptional importance. The three-judge panel decision conflicts on every point with both the United States Supreme Court and with the decisions of this circuit. The panel decision also conflicts with other Federal courts of appeal and rules of national application in each of the enumerated questions in which there is an overriding need for national uniformity. The existence of such conflicts is an appropriate ground for petitioning for rehearing en banc. FRAP Circuit Rule 35.1.

# BACKGROUND

Three and a half months from the date of this filing, Petitioner's 13th year of litigation will begin.

Petitioner's appeal was stayed pending the resolution of *Peruta*.

Given that the related case of Young v. Hawaii No.: 12-17808 ("*Young*"), was argued and submitted on February 12, 2018, three days before Petitioner's appeal was argued and submitted. Circuit precedent required Petitioner's panel to wait until the disposition of *Young*.

Mr. Young had forfeited his concealed carry claim.

On June 30, 2022, the Supreme Court vacated the en banc panel opinion in *Young* and remanded the case back to the 9th circuit court of appeals. The en banc panel remanded the case back to the district court on August 19, 2022. On remand, Mr. Young accepted an undisclosed monetary settlement from the County and voluntarily dismissed his lawsuit *with prejudice* on December 15, 2022.

The three-judge panel in Petitioner's appeal ordered supplemental briefing (limited solely to *Bruen*). On September 12, 2022, the three-judge panel issued a dispositive order and mandate. Petitioner's motion to recall the mandate and for an extension of time was granted on July 20, 2023.

**REASONS FOR GRANTING REHEARING AND REHEARING EN BANC**

When this case was remanded back to the district court, it was assigned to a judge in another county over 70 miles away from where Petitioner resides. The magistrate judge adopted the position of the Governor and Attorney General that the district court *is not* bound by The Mandate Rule, or any other binding procedural law or rule, or bound by the en banc panel opinion in *Peruta*, or even by *Bruen* itself. District Court ECF #189.

Not only did the magistrate judge adopt the State's frivolous position, she *sua sponte* dismissed the governor as a defendant and issued a scheduling order sua sponte reopening discovery, including a second deposition without showing good cause. ECF #190

Petitioner filed an objection to the orders of the magistrate judge. ECF #192 which the district court judge overruled. ECF #193.

A judge who refuses to comply with the mandate of the court of appeals is a judge who is acting without jurisdiction. "The jurisdiction of the district court is constrained by The Mandate Rule. The district court "cannot vary it [the mandate] or examine it for any other purpose than execution." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1995)." ECF #189, page 7, lines 4-6.

**Defendant-Appellees Concessions In Oral Argument And Waiver**

The State did not reassert its racial animus defense made in the district court on appeal and therefore has waived racial animus as a defense.

The State conceded in its answering brief and again in oral argument that a firearm is not loaded unless there is an unexpended cartridge in the firing chamber.

The State conceded in oral argument that should Petitioner prevail in his Second Amendment claims then he prevails in his Fourth Amendment claim.

The State conceded in oral argument that neither the district court nor the court of appeals had jurisdiction to dismiss Petitioner's state law claims *with prejudice*.

The State waived a great deal more but the word limit to this Petition is insufficient to go any further.

1.     **The Governor Has The Full Police Powers Of The State And Therefore Does Not Have 11th Amendment Immunity.**

Every time the Governor declares an emergency pursuant to the California Emergency Services Act Gov. Code, §8550 et seq., ("ESA") he has "all police power vested in the state by the Constitution and laws of the State of California" pursuant to Government Code §8627. *Farmers Ins. Exchange V. State Of California*, 175 Cal.App.3d 494, 500 (1985).

The Governor's declaratory and enforcement power is vast. His power to invoke the act by declaring a state of emergency is seemingly unlimited and includes California's ubiquitous droughts (§8550), "wild fires and floods" and "pandemics" *Newsom V. Superior Court*, 63 Cal.App.5th 1099, 1116 (2021), and insect eradication. *Martin v. Mun. Court*, 148 Cal. App. 3d 693 (1983).

As to firearms, the only thing the ESA prohibits the governor from doing, and this prohibition applies only during a state of emergency declared by the governor, is seizing or confiscating firearms that are *lawfully* carried or possessed. California Government Code §8571.5.

Given that only unloaded antique long guns can generally be openly carried throughout the state, that "prohibition" on the governor is a shadow of what it was when it was enacted.

Independent of the ESA, the governor has the enforcement power required by *Ex parte Young*, 209 U.S. 123 (1908) pursuant to the California Constitution Article 5, Sections 1, 5, 13,.and Government Code §12010 and §12011.

*Kitchen v. Herbert*, 755 F.3d 1193, 1202-1204 (10th Cir. 2014) held that the Utah governor does not have 11th Amendment immunity pursuant to the same powers and duties under its Constitution and statutes that exist in the California Constitution and statutes independent of the ESA.

The party asserting Eleventh Amendment immunity bears the burden of proof. The governor offered no proof either at the initial pleading stage or on appeal. The governor merely said he is immune and that was that.

The panel decision conflicts with this circuit and creates a circuit split with every other Federal circuit, especially the 10th, that recognizes *Ex Parte Young*, 209 U.S. 123 (1908) as binding precedent.

## 2. Neither The District Court Judge Nor The Court Of Appeals Has Jurisdiction To Dismiss Petitioner's State Law Claims With Prejudice.

The State conceded this in oral argument. Petitioner's state law claims were dismissed at the initial pleading stage with the district court judge's order dismissing the governor pursuant to the 11th Amendment. Nevertheless, the panel decision did not accept the state's concession and therefore conflicts with *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) and every other circuit that requires the dismissal of state law claims *without prejudice* pursuant to *Carnegie-Mellon Univ. V. Cohill*, 484 U.S. 343 (1988).

## 3. The Second Amendment Extends Past The Doors Of One's Home.

*New York State Rifle and Pistol Association, Inc. v. Bruen,* 142 S.Ct. 2111, 2134 (2022) ("*Bruen*") held that "Nothing in the Second Amendment's text draws a home/public distinction with respect to the right to keep and bear arms." and

*District of Columbia v. Heller,* 554 U.S. 570 (2008 ) facially invalidated District of Columbia laws that prohibited the carrying of loaded rifles, shotguns, and handguns (non-functional antique handguns were exempt) in the home, the curtilage of one's home, and on private property. Only the carrying of long guns in public for sporting purposes was allowed.

It is undisputed that should Petitioner step even one inch outside the doors to his home into the curtilage of his home while carrying a loaded firearm (antique or modern) or an unloaded firearm that is not an antique as defined by Federal law then he is in violation of three California laws to which he seeks purely prospective declaratory and injunctive relief against the two state officials who are empowered to enforce the laws. The three laws are California Penal Code sections 25850, 26350, and 26400. A violation of PC25850 is potentially a felony.

Should Petitioner step so much as one inch off his private residential property while carrying a handgun, openly or concealed, antique or modern, loaded or unloaded, then he is in violation of California Penal Code section 626.9, unless he has a state license issued pursuant to PC26150 & PC26155.

A misdemeanor violation of PC626.9, which criminalizes the carrying of handguns within 1,000 feet from every K-12 public and private school in the state, results in a ten-year prohibition on the right to keep and bear firearms.

Three-judge panels are bound by the en banc panel opinion in *Peruta* unless *Peruta* is "clearly irreconcilable" with *Bruen*. *Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).

Other than the State lying in its answering brief that the en banc panel opinion in *Peruta* held that there is no right to openly carry a firearm outside the doors to one's home, the State does not challenge the en banc panel opinion in *Peruta* in either it's answering brief or its supplemental post-*Bruen* brief.

> "The Second Amendment may or may not protect to some degree a right of a member of the general public to carry a firearm in public. If there is such a right, ***it is only a right to carry a firearm openly***. But Plaintiffs do not challenge California's restrictions on open carry; they challenge only restrictions on concealed carry.
>
> If there is a Second Amendment right of a member of the general public to carry a firearm openly in public, and if that right is violated, the cure is to apply the Second Amendment to protect that right. The cure is not to apply the Second Amendment to protect a right that does not exist under the Amendment." *Peruta* at 942.(emphasis and italics added)

Petitioner does not challenge the en banc panel opinion in *Peruta* as it applies to concealed carry. The State does not challenge *Peruta* at all. Not in this case and not in the related case of Mark Baird, et al v. Rob Bonta No.: 23-15016.

There are no licenses available for anyone to openly carry long guns for the purpose of self-defense, security guards notwithstanding. Likewise, there are no licenses to openly carry a handgun for Petitioner or anyone who resides in a county

9

with 200,000 or more people. PC26150 & PC26155. The Attorney General refuses to provide Open Carry applications.

Neither the majority opinion nor the concurrences in *Bruen* so much as mentioned *Peruta*, arguably because *Bruen* did not hold that state's can't regulate or prohibit concealed carry. *Bruen* held that states cannot allow concealed carry with a license to carry a handgun (openly and concealed) and then deny statewide, unrestricted licenses.

Both of the petitioners in *Bruen* had restricted licenses to carry a handgun (openly and concealed) and neither was prohibited by New York State law from openly carrying loaded and unloaded long guns in public, in case of confrontation, for the purpose of self-defense.

If one openly carried a handgun in public without a license, loaded or unloaded, he was not violating an Open Carry ban because New York did not ban the Open Carry of handguns. New York criminalized the possession of a handgun without a license regardless of whether or not the handgun was carried openly or concealed.

See "The Right to Bear Arms (Openly?) in the Supreme Court: Did the Bruen Petitioners Err by Seeking Only a New York "Concealed-Carry" License?" by Professor Robert Leider (who was cited three times in Bruen) at:

10

https://standinghisground.com/2022/03/23/the-right-to-bear-arms-openly-in-the-supreme-court-did-the-bruen-petitioners-err-by-seeking-only-a-new-york-concealed-carry-license (last visited July 26, 2023).

The State of California argued in *Peruta* that the right to openly carry loaded firearms from *Heller* extends beyond the curtilage of one's home.  As the prevailing party in *Peruta*, the State cannot argue, as it did and does, that there is no right to openly carry loaded and unloaded firearms in the curtilage of one's home, on his private residential property, in and on his motor vehicles (including an attached camper or trailer), and in any, let alone *all,* non-sensitive public-places.

Indeed, for the State to prevail, this circuit would have to conclude that *Bruen* overruled *McDonald v. City of Chicago*, 561 U.S. 742 (2010) and *District of Columbia v. Heller*, 554 U. S. 570 (2008).

*McDonald* applied the right to keep and bear arms defined in *Heller* and the Second Amendment in full against all state and local governments. *Heller* said that the following perfectly captured the meaning of the individual right to keep and bear arms that *shall not be infringed*:

> "Likewise, in *State v. Chandler*, 5 La. Ann. 489, 490 (1850), the Louisiana Supreme Court held that citizens had a right to carry arms openly: "This is the right guaranteed by the Constitution of the United States, and which is calculated to incite men to a manly and noble defence of themselves, if necessary, and of their country, without any tendency to secret advantages and unmanly assassinations."" *Heller* at 613.

The State did not, and cannot, cite any part of *Bruen* which would allow any court to honestly conclude that *Bruen* held that it is constitutional to ban the Open Carry of all long guns and handguns everywhere, including the curtilage of one's home.

Justice Alito's concurrence in *Bruen* questioned the Dissent's claim that it now viewed the right to openly carry firearms as Stare Decisis.

> If we put together the dissent in this case and JUSTICE BREYER's *Heller* dissent, States and local governments would essentially be free to ban the possession of all handguns, and it is unclear whether its approach would impose any significant restrictions on laws regulating ***long guns***. The dissent would extend a very large measure of deference to legislation implicating Second Amendment rights, but it does not claim that such deference is appropriate when any other constitutional right is at issue. *Id* at fn 3. (emphasis and italics added)

*Bruen* left no doubt that the Second Amendment (via the 14th Amendment) protects the carrying of protected arms in public, regardless of their overall length, including firearms, and including handguns regardless of whether those handguns are "pocket pistols" that fit entirely within the palm of one's hands or medieval handguns over three feet in length. 142 S.Ct. at 2143 & fn 10.

*Bruen* cited with approval *Moore v. Madigan*, 702 F.3d 933, 937 (7th Cir. 2012). *Moore* invalidated Illinois laws that prohibited the carrying of long guns and concealable firearms (i.e. handguns openly and concealed) in incorporated cities, towns, and villages.

*Moore* held that Illinois can prohibit concealed carry as per *Heller*. "And a state may be able to require "open carry" — that is, require persons who carry a gun in public to carry it in plain view rather than concealed. See *District of Columbia v. Heller*, supra, 554 U.S. at 626, 128 S.Ct. 2783." *Id* at 938.

Likewise, *Bruen* cited *Wrenn v. District of Columbia*, 864 F.3d 650, 668 (CADC 2017) with approval. *Wrenn* cited *Heller's* citation to *State v. Chandler*, 5 La.Ann. 489 (1850) (observing that the Amendment shields a right to open carry)., and *Nunn* that concealed carry can be prohibited. *Id* at 658. *Bruen* agrees with *Wrenn*, as *Bruen* explained:

> "The Georgia Supreme Court's decision in *Nunn v. State*, 1 Ga. 243 (1846), is particularly instructive. Georgia's 1837 statute broadly prohibited "wearing" or "carrying" pistols "as arms of offence or defence," without distinguishing between concealed and open carry. 1837 Ga. Acts 90, § 1. To the extent the 1837 Act prohibited "carrying certain weapons secretly," the court explained, it was "valid." *Nunn*, 1 Ga. at 251. But to the extent the Act also prohibited "bearing arms openly," the court went on, it was "in conflict with the Constitutio[n] and void." *Ibid*.; see also *Heller*, 554 U.S. at 612, 128 S.Ct. 2783." *Bruen* at 2147.

If *Bruen* had overruled the right to openly carry firearms from *Heller* then it would not have cited *Heller's* holding that *Open Carry is the right* and concealed carry can be *prohibited*.

> "The historical evidence from antebellum America does demonstrate that the manner of public carry was subject to reasonable regulation...States could lawfully eliminate one kind of public carry—concealed carry..." *Bruen* at 2150.

**4.      The Prohibitions And Restrictions On Licenses To Openly Carry A Firearm Violate The Federal Constitution.**

There is no application to openly carry a handgun or long gun. State law prohibits Petitioner and every other similarly situated resident of a county with a population of 200,000 or more people from obtaining an Open Carry license.

Assuming, en arguendo, that a state could license Open Carry (it can license concealed carry), *Bruen* imported the prior restraint doctrine in footnote 9 citing *Shuttlesworth v. Birmingham*, 394 U.S. 147, 151 (1969).

Federal courts are not allowed to rewrite state law. There is no severability clause in the licensing laws, and none of the laws at issue in this case are capable of a narrowing construction.

The State cannot require a non-existent license to openly carry long guns and handguns, and then criminalize their Open Carry for not having a license it cannot and will not grant.

Possibly, this circuit could salvage PC626.9 by granting declaratory relief that Petitioner and similarly situated persons, who have firearms registered with the State and thus are continuously undergoing a background check via the State's APPS program, are licensed to openly carry firearms. *Bauer v. Becerra*, 858 F. 3d 1216, 1219 (9th Cir. 2017). See *Bruen* at 2162 as to licenses for *concealed* carry. Or this circuit can grant the declaratory relief sought in

14

Petitioner's operative complaint, that no license is required to openly carry firearms. PC25850, PC26350, and PC26400, are not salvageable.

**5.      PC25850(b) Violates The Fourth Amendment.**

The State conceded in oral argument that should petitioner prevail in his Second Amendment claim then he prevails in his Fourth Amendment claim.

The district court held that firearms are no different than crystal meth and persons who carry firearms are no different from dealers in crystal meth, and therefore the American people do not have the right to possess firearms, and refusing to consent to the search and seizure of a person and his property does not require either reasonable suspicion or probable cause, and is probable cause for a warrantless arrest, even in the curtilage of one's home.

The Mandate Rule limits the jurisdiction of the district court on remand to the terms of the Mandate.  Even if Petitioner had been assigned to a district court friendly to the Fourth Amendment, the judge would not have jurisdiction to decide Petitioner's Fourth Amendment claim.

Notwithstanding certain persons who do not have Fourth Amendment rights, in every circuit, including this one, asserting one's Fourth Amendment rights does not in and of itself constitute probable cause for arrest.

**6.     The Laws Challenged In This Appeal Violate The Due Process And Equal Protection Clauses Of The Fourteenth Amendment.**

*Bruen* has unequivocally held that a violation of the Second Amendment is a violation of the Fourteenth Amendment.

The State's argument is without merit and foreclosed by *Bruen* that the State can deny Petitioner's Second Amendment rights because he resides in An incorporated city in Los Angeles County, a county with 10 million people, while allowing residents of counties with a population of fewer than 200,000 people to Open Carry in their county of residence, and allow those who reside in unincorporated county territory to openly carry loaded and unloaded rifles, shotguns, and handguns "while within 150 yards of an occupied dwelling house, residence, or other building, or within 150 yards of a barn or other outbuilding used in connection with an occupied dwelling house, residence, or other building..." but prohibit petitioner from doing the same thing because he resides in an incorporated city.

The State of New York had argued that it could decide where, when, and how Americans could keep and bear arms within its borders, in addition to arguing that the right only exists in remote parts of the state where one is unlikely to encounter another human being.  California law prohibits Petitioner

from openly carrying loaded and unloaded long guns and handguns in these remote, uninhabited places.

**7.      Parts of the laws at issue are void for vagueness.**

The district court incorrectly held that vagueness claims are not cognizable outside of the First Amendment.

In his opening brief, Petitioner argued that this Circuit has struck down laws for being unconstitutionally vague outside of a First Amendment context including *Johnson v. United States*, 135 S.Ct. 2551 (2015).

*Johnson* was not a First Amendment case. It was a successful challenge to a criminal law involving a felon in possession of a firearm. *Id* at 2555. Specifically, "a short-barreled shotgun." *Id* at 2556. Crucial to the analysis as well "[O]ur holdings squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Id* at 2561.

Under the California Supreme Court's interpretation of its state's statutes, *People v. Jones*, 278 P. 3d 821 (Cal. 2012), no person who is prohibited from possessing a firearm or who commits a crime punishable by more than one year in jail can be punished for violating California's Open Carry bans.

The State has never identified a single application of California's Open Carry bans that is constitutional.  The only people who can be punished for

17

violating the bans are those people who fall within the scope of the Second Amendment right while bearing firearms protected by the Second Amendment in places protected by the Second Amendment.  Convicted murderers, kidnappers, rapists, armed robbers, and the like, cannot be punished for violating California's Open Carry bans.

Multiple circuits have considered vagueness challenges outside of the First Amendment as cognizable outside of the First Amendment.

On remand from the U.S. Supreme Court, this circuit considered a vagueness challenge in a Second Amendment case, *United States v. Singh*, 979 F. 3d 697 (9th Cir. 2020).  Notwithstanding that the conviction was affirmed under the now prohibited "Intermediate Scrutiny."

Contrary to the holding of the district court and the State's arguments, vagueness challenges are cognizable outside of the First Amendment unless the U.S. Supreme Court says they are not (e.g., *Beckles v. United States*, 137 S. Ct. 886 (2017)).

By allowing the district court judgment to stand that vagueness challenges are not cognizable outside of the Second Amendment, the panel decision conflicts with this circuit, the U.S. Supreme Court, and other Federal courts of appeal.

18

## CONCLUSION

It has been 15 years since *Heller* held that Open Carry is the right guaranteed by the Constitution.  All that Petitioner ever needed to prevail against PC25850 is for this Circuit to hold that he has a right to sit on his back porch with a loaded flintlock firearm (rifle, shotgun, or handgun). And to prevail against PC 26350/PC 26400, the right to sit on his back porch with an unloaded firearm that is not an antique.  And to prevail against PC626.9/PC26150/PC26155 that he has a right to step one foot off his private residential property while openly carrying a loaded or unloaded handgun.

Nothing in this petition should be construed as forfeiting any relief.

For the foregoing reasons, panel rehearing or rehearing en banc is appropriate. The panel decision should be vacated, a panel of this court of appeals should grant Petitioner's prospective injunctive and declaratory relief in full against the Governor, Attorney General, their employees, agents, and assigns.

A remand back to the district court is inappropriate.


Dated: August 18, 2023        Respectfully submitted,

           s/ Charles Nichols____

           CHARLES NICHOLS
           Plaintiff-Appellant In Pro Per