Charles Nichols v. Gavin Newsom., et al 9th Cir. No.: 14-55873
On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

August 31, 2023
**by cm/ecf**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Charles Nichols v. Gavin Newsom., et al* 9th Cir. No.: 14-55873;
Rule 28(j) letter regarding *The People of the State of California v. Stephanie Miller*, California Court of Appeals, 3rd Appellate District Case No. C097229 (August 24, 2023). https://www.courts.ca.gov/opinions/documents/C097229.PDF

Dear Ms. Dwyer:

    Please quickly distribute this letter. A petition for rehearing and rehearing en banc was filed on August 18th. The 21 day terminus rapidly approaches.

    In *People v. Miller*, the California Court of Appeals, in a published opinion, "{A]gree[d] with the Attorney General that the post-*Heller* opinions upholding the constitutionality of section 25400 were not abrogated by *Bruen*. California Penal Code section 25400 is a statewide law prohibiting the carrying of concealed handguns (loaded and unloaded). Slip Op., at 11.

    "…*Bruen* did not suggest that where a state bans both concealed and open carry (or all carry), the concealed carry provisions are unconstitutional. Rather, *Bruen* quoted a Georgia case explaining that to the extent a statute that prohibited concealed carry also prohibited open carry, it was the *open carry* provision that

1

conflicted with the Constitution and was void. (*Id*. at p. 2147, quoting *Nunn v. State* (1846) 1 Ga. 243, 251.) This conclusion controls the outcome of this case." *Id*.

That conclusion should also control the outcome of this case, Charles Nichols v. Gavin Newsom et al.

The Court in *Miller* closed with a citation to the en banc holding in *Peruta v. County of San Diego*, 824 F.3d 919, 942, "If there is a Second Amendment right of a member of the general public to carry a firearm openly in public, and if that right is violated, the cure is to apply the Second Amendment to protect that right. The cure is not to apply the Second Amendment to protect a right that does not exist under the Amendment."].)"

Neither the Plaintiff-Appellant in this case (Nichols v. Newsom) nor the Plaintiffs in the related case on appeal, Mark Baird et al., v. Rob Bonta No.: 23-15016 challenge the en banc holding in *Peruta* that concealed carry is not a right. The State of California has explicitly disavowed a challenge to *Peruta* in Baird v. Bonta and has never explicitly sought to overrule *Peruta* in Nichols v. Newsom.

Since 2008, two governors and three attorney generals have played fast and loose with the courts, both state and Federal.

Sincerely,

s/ Charles Nichols
Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record (by cm/ecf)

The body of this letter contains 350 words.