No. 14-55873 [DC 2:11-cv-09916-SJO-SS]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

Charles Nichols
    Plaintiff-Appellant

V.

Gavin Newsom, in his official capacity
as Governor of California; Rob Bonta, Attorney General in his official
capacity as Attorney General of California,
    Defendants-Appellees.

_____

On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS

_____

**CHARLES NICHOLS' MOTION TO STAY MANDATE PENDING
PETITION FOR A WRIT OF CERTIORARI**

_____

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

September 21, 2023

## ARGUMENT

Under Federal Rule of Appellate Procedure 41(d)(1), petitioner Charles Nichols respectfully requests that this Court stay the issuance of its mandate pending final disposition of his forthcoming petition for a writ of certiorari with the United States Supreme Court. See Fed. R. App. P. 41(d)(2)(ii). Tomorrow, or soon after, petitioner will be filing an application for a 60-day extension of time within which to file his petition for a writ of certiorari. The mandate is presently set to issue on September 25, 2023. Petitioner further requests that, if the motion is denied, the Court stay issuance of the mandate for a reasonable period to permit petitioner to seek a stay from the United States Supreme Court. I emailed the state's attorney and her supervisor asking if they oppose this motion. Neither of them responded.

Petitioner's cert petition will present substantial questions to the United States Supreme Court. Petitioner's *draft* petition for a writ of certiorari currently presents the following two questions:

1. Should purely prospective and declaratory relief be granted against the California's governor and attorney general enjoining them from enforcing California's racially motivated prohibitions on the possession and carrying of loaded and unloaded rifles, shotguns, and handguns in the curtilage of Petitioner's home, on his private residential property, in and on his motor vehicles, an attached

1

camper or trailer, and in non-sensitive public places for the purpose of self-defense and for other lawful purposes pursuant to the Second, Fourth and Fourteenth Amendments to the United States Constitution.

2.  Does a Federal court have the jurisdiction to dismiss, at the initial pleading stage, state law claims under the State Constitution *with prejudice* for lack of jurisdiction, and likewise dismiss a state official (the governor, who has the full police power of the state) as being immune under the Eleventh Amendment solely because the governor said, without proof, he is immune from suit.

There are judges and elected officials, such as Governor Newsom and Attorney General Bonta, who refuse to recognize a right to keep and bear arms outside of the home, or even inside of the home.

One of those judges was the late Justice Ginsburg, but even she in the oral argument to *New York State Rifle & Pistol Association, Inc. v. City of New York, New York*, 590 U.S. ___ (2020) questioned the *reasonableness* of a New York City law that prohibited its residents from transporting an unloaded handgun, in a fully enclosed locked container, out of the City of New York.

California Senate Bill No.: 2, sponsored and written by Governor Newsom and Attorney General Bonta, the defendants in this case, Charles Nichols v. Gavin Newsom et al., prohibits petitioner and likely millions of other residents of California, from transporting his unloaded handguns (including unloaded antique

2

handguns), in a fully enclosed locked container, *outside of his home* and off of his private residential property because he lives within 1,000 feet of a K-12 public school. PC 626.9, part of the California Gun-Free School Zone Act of 1995, which is at issue in this case and will continue to be at issue before the Supreme Court, was amended in S.B. No.: 2. S.B. No.: 2, among other things, also increased the penalty for a misdemeanor violation of California's loaded and unloaded Open Carry bans to a ten-year loss of one's right to possess any firearm.

The final disposition by this circuit also created multiple circuit splits, including Second Amendment splits. A split among the Federal circuits or state court of last resort is the primary grounds for granting a petition for a writ of certiorari under Supreme Court Rule 10. Supreme Court Rule 11 does not require circuit splits. Rule 11 simply requires a showing of imperative public importance and has been granted for simple, important things, such as whether or not a governor can be dismissed from a suit, and a district court allowing a deposition.

The above by itself constitutes "good cause" for the requested stay in addition to presenting substantial questions Fed. R. App. P. 41(d)(1).

But, there's more. When Petitioner files his petition for a writ of certiorari with the United States Supreme Court, he will be in his 13th year of litigation seeking to enjoin the enforcement by two state officials with the power to enforce the laws, not to mention a history of enforcement, laws that criminalize the

3

exercise of one's Second and Fourth Amendment rights applied against the states via the 14th Amendment to keep and bear arms in the curtilage of petitioner's home, on petitioner's private residential property, and in all nonsensitive public places. The State of California had long since waived any sensitive places defense, and expressly stated in its answering brief on appeal that all of these places where petitioner seeks to exercise his rights are not sensitive places.

The State conceded that neither reasonable suspicion nor probable cause exists for a dentition or an arrest were one to openly carry a firearm in a place where it is generally prohibited from possessing a loaded firearm. But they insist that they have a right to arrest everyone, including petitioner, for refusing to consent to a search and seizure of his person and property.

On September 12, 2022, the three-judge panel assigned to this appeal issued a simultaneous order and mandate that vacated the May 1, 2014, final judgment of the district court "for further proceedings consistent with the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. \_\_\_\_ (2022)." The panel gave no other instructions.

It is black letter law in this circuit that on remand, The Mandate Rule prohibits the district court from deviating in the slightest from the mandate. The district court judge had no jurisdiction to reverse the dismissal *with prejudice* of

petitioner's claims under the California Constitution or petitioner's Fourth Amendment claim, or anything else that did not fall within the mandate.

Not forgetting that Governor Newsom and Attorney General Bonta told the magistrate court judge on remand that she did not have to abide by the Mandate Rule, or any binding precedent of this circuit or the United States Supreme Court and she agreed. The district court sua sponte dismissed Governor Newsom with prejudice, and issued orders neither she nor the district court judge had jurisdiction to issue. I filed a timely objection to the orders of the magistrate judge, the district court judge overruled my objections.

On September 14, 2022, I filed a timely motion to recall the mandate, for an extension of time to file a petition for rehearing/rehearing en banc, and for time to seek Supreme Court review.

On July 20, 2023, more than ten months after the motion was filed, it was granted. The petition for rehearing and rehearing en banc was filed on time, August 18, 2023.

On September 19, 2023, the petition was denied. The denial of the petition started a 90 day clock on the time limit by which a petition for a writ of certiorari must be filed, and the 7 day clock for filing the mandate.

Tomorrow, or soon after, petitioner will be filing an application with United States Supreme Court Associate Justice Elena Kagan.

5

To obtain a stay of the mandate "pending the filing of a petition for a writ of certiorari in the Supreme Court," a movant "must show that the [certiorari] petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). This requires a party to demonstrate a reasonable probability of succeeding on the merits and injury absent a stay. See, e.g., *United States v. Warner*, 507 F.3d 508, 510-11 (7th Cir. 2007) (Wood, J., in chambers); *Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007); *California v. American Stores Co.*, 492 U.S. 1301, 1307 (1989) (O'Connor, J., in chambers). This standard is easily met here. This case raises substantial legal issues of the type appropriate for Supreme Court review. Indeed, the Supreme Court has already reviewed the issues and published opinions dispositive in petitioner's favor. For that matter, this circuit has likewise published binding opinions dispositive of all of petitioner claims except for his claim that he has a right to openly carry loaded and unloaded firearms outside of the doors to his home. Unsurprisingly, this circuit chose not to apply binding Supreme Court precedents or its own circuit precedents to this case. Fortunately, we will all soon discover whether or not there are four justices willing to defend their own binding precedents.

Dated: September 21, 2023          Respectfully submitted,

                                             s/ Charles Nichols

                                       CHARLES NICHOLS
                                       Plaintiff-Appellant In Pro Per

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion satisfies the type-volume limitation in Rule 27(d)(2)(A) because it contains 1,428 words. This motion complies with the typeface and type-style requirements of Rule 32(a)(5) and Rule 32(a)(6) because it was prepared using Microsoft Word 2003 in Times New Roman, 14-point font, a proportionally-spaced typeface.

    s/ Charles Nichols

CHARLES NICHOLS  
Plaintiff-Appellant-Petitioner  
In Pro Per

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

    s/ Charles Nichols\_\_\_

CHARLES NICHOLS
Plaintiff-Appellant-Petitioner
In Pro Per